IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LAKENYA MCGHEE-TWILLEY, Individually and as Next of Kin to the Deceased, MARKTAVIOUS TWILLEY, <br><br> Plaintiff, <br><br> v. <br><br> CORECIVIC OF TENNESSEE, LLC, MARTIN FRINK, DENNIS KAISER, and LARODERICK MCDAVID, <br><br> Defendants. | Civil Action Number 3:23-CV-77 <br> District Judge William L. Campbell, Jr. <br> Magistrate Judge Barbara D. Holmes <br> Jury Demand |

## ANSWER

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants CoreCivic of Tennessee, LLC ("CoreCivic"), Martin Frink ("Frink"), Dennis Kaiser ("Kaiser"), and Laroderick McDavid ("McDavid") answer the allegations in the Complaint that was filed by Plaintiff LaKenya McGhee-Twilley, Individually and as Next of Kin to the Deceased, Marktavious Twilley ("Twilley").

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
(Answer to Complaint, Docket Entry 1)

As to each allegation in the Complaint, Defendants respond as follows:

1. Defendants admit that Twilley was a prisoner of the State of Tennessee, that Twilley previously was incarcerated at the Trousdale Turner Correctional Center ("Trousdale"), that CoreCivic, Inc. operates Trousdale, that an inmate or inmates stabbed Twilley on March 28, 2022, and that Twilley died on March 28, 2022. Defendants deny the remaining allegations in paragraph 1 of the Complaint and all allegations of wrongdoing.

315140908.1

Case 3:23-cv-00077   Document 12   Filed 04/14/23   Page 1 of 12 PageID #: 141

2. Defendants deny the allegations in paragraph 2 of the Complaint and all allegations of wrongdoing.

3. Defendants deny the allegations in paragraph 3 of the Complaint and all allegations of wrongdoing.

4. Defendants admit that an inmate or inmates stabbed Twilley on March 28, 2022, that Twilley bled from the stab wounds, and that Twilley died on March 28, 2022. Defendants deny the remaining allegations in paragraph 4 of the Complaint and all allegations of wrongdoing.

5. Defendants deny the allegations in paragraph 5 of the Complaint and all allegations of wrongdoing.

6. Defendants admit that inmates first were incarcerated at Trousdale in 2016. Defendants deny the remaining allegations in paragraph 6 of the Complaint and all allegations of wrongdoing.

7. Defendants deny the allegations in paragraph 7 of the Complaint and all allegations of wrongdoing.

8. Defendants deny the allegations in paragraph 8 of the Complaint and all allegations of wrongdoing.

9. Defendants admit that Twilley was a prisoner of the State of Tennessee and that Twilley previously was incarcerated at Trousdale. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 9 of the Complaint. Defendants deny all allegations of wrongdoing.

10. Defendants admit that CoreCivic is a Tennessee limited liability company, that CoreCivic maintains its corporate headquarters and principal place of business at 5501 Virginia Way, Suite 110, Brentwood, Tennessee 37027, that CoreCivic may be served through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919, and that

CoreCivic, Inc. operates Trousdale. Defendants deny the remaining allegations in paragraph 10 of the Complaint and all allegations of wrongdoing.

11. Defendants admit that Frink is a citizen of the State of Tennessee and that Frink served as the Warden at Trousdale during the timeframe that is relevant to this lawsuit.

12. Defendants admit that McDavid is a citizen of the State of Tennessee and that McDavid served as an Assistant Shift Supervisor at Trousdale during the timeframe that is relevant to this lawsuit.

13. Defendants admit that Kaiser is a citizen of the State of Tennessee and that Kaiser served as a Shift Supervisor at Trousdale during the timeframe that is relevant to this lawsuit.

14. Defendants admit that the Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331.

15. Defendants admit that the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

16. Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

17. Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). Defendants deny the remaining allegations in paragraph 17 of the Complaint and all allegations of wrongdoing.

18. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 18 of the Complaint regarding the relationship between Plaintiff and Twilley. The remaining allegations in paragraph 18 of the Complaint contain legal conclusions to which no response is required.

19. Defendants admit that Twilley was a prisoner of the State of Tennessee, that Twilley previously was incarcerated at Trousdale, and that CoreCivic, Inc. operates Trousdale.

Defendants deny the remaining allegations in paragraph 19 of the Complaint and all allegations of wrongdoing.

20. Paragraph 20 of the Complaint references the Incidents Section of the Tennessee Offender Management Information System ("TOMIS"), which speaks for itself. Defendants deny all allegations in paragraph 20 of the Complaint that are inconsistent with the Incidents Section of TOMIS and all allegations of wrongdoing. Defendants currently lack knowledge or information regarding what caused the inmate-on-inmate fight.

21. Defendants deny the allegations in paragraph 21 of the Complaint and all allegations of wrongdoing.

22. Defendants deny the allegations in paragraph 22 of the Complaint and all allegations of wrongdoing.

23. Paragraph 23 of the Complaint references the Incidents Section of TOMIS and McDavid's Incident Statement, which speak for themselves. Defendants deny all allegations in paragraph 23 of the Complaint that are inconsistent with the Incidents Section of TOMIS and McDavid's Incident Statement and all allegations of wrongdoing.

24. Paragraph 24 of the Complaint references Delores Stokes' Incident Statement, which speaks for itself. Defendants deny all allegations in paragraph 24 of the Complaint that are inconsistent with this Incident Statement and all allegations of wrongdoing.

25. Paragraph 25 of the Complaint references Chelsey Carter, L.P.N.'s ("Nurse Carter") Incident Statement, which speaks for itself. Defendants deny all allegations in paragraph 25 of the Complaint that are inconsistent with this Incident Statement and all allegations of wrongdoing.

26. Paragraph 26 of the Complaint references Julieta Alvarado, L.P.N.'s ("Nurse Alvarado") Incident Statement, which speaks for itself. Defendants deny all allegations in

4

paragraph 26 of the Complaint that are inconsistent with this Incident Statement and all allegations of wrongdoing.

27. Paragraph 27 of the Complaint references Nurse Carter's Incident Statement, which speaks for itself. Defendants deny all allegations in paragraph 27 of the Complaint that are inconsistent with this Incident Statement and all allegations of wrongdoing.

28. Paragraph 28 of the Complaint references Nurse Alvarado's Incident Statement, Nurse Carter's Incident Statement, and Tina Williams, L.P.N.'s Incident Statement, which speak for themselves. Defendants deny all allegations in paragraph 28 of the Complaint that are inconsistent with these Incident Statements and all allegations of wrongdoing.

29. Paragraph 29 of the Complaint references Nurse Alvarado's Incident Statement, which speaks for itself. Defendants deny all allegations in paragraph 29 of the Complaint that are inconsistent with this Incident Statement and all allegations of wrongdoing.

30. Paragraph 30 of the Complaint references Nurse Alvarado's Incident Statement and Nurse Carter's Incident Statement, which speak for themselves. Defendants deny all allegations in paragraph 30 of the Complaint that are inconsistent with these Incident Statements and all allegations of wrongdoing.

31. Paragraph 31 of the Complaint references Nurse Alvarado's Incident Statement and Nurse Carter's Incident Statement, which speak for themselves. Defendants deny all allegations in paragraph 31 of the Complaint that are inconsistent with these Incident Statements and all allegations of wrongdoing.

32. Paragraph 32 of the Complaint references an Incident Report, which speaks for itself. Defendants deny all allegations in paragraph 32 of the Complaint that are inconsistent with the Incident Report and all allegations of wrongdoing.

33. Paragraph 33 of the Complaint references an Incident Report, which speaks for itself. Defendants deny all allegations in paragraph 33 of the Complaint that are inconsistent with the Incident Report and all allegations of wrongdoing.

34. Paragraph 34 of the Complaint references an Incident Report, which speaks for itself. Defendants deny all allegations in paragraph 34 of the Complaint that are inconsistent with the Incident Report and all allegations of wrongdoing.

35. Defendants deny the allegations in paragraph 35 of the Complaint and all allegations of wrongdoing.

36. Defendants deny the allegations in paragraph 36 of the Complaint and all allegations of wrongdoing.

37. Paragraph 37 of the Complaint references an Incident Report, which speaks for itself. Defendants deny all allegations in paragraph 37 of the Complaint that are inconsistent with the Incident Report and all allegations of wrongdoing.

38. Defendants deny the allegations in paragraph 38 of the Complaint and all allegations of wrongdoing.

39. Defendants deny the allegations in paragraph 39 of the Complaint and all allegations of wrongdoing.

40. Paragraph 40 of the Complaint addresses staffing obligations that Plaintiff contends are contained in a contract. To the extent that Plaintiff is referencing the language in a contract, any such contract speaks for itself, and Defendants deny all allegations in paragraph 40 of the Complaint that are inconsistent with any such contract and deny all allegations of wrongdoing.

41. Defendants deny the allegations in paragraph 41 of the Complaint and all allegations of wrongdoing.

42. Defendants deny the allegations in paragraph 42 of the Complaint and all allegations of wrongdoing.

43. Defendants deny the allegations in paragraph 43 of the Complaint and all allegations of wrongdoing.

44. Defendants deny the allegations in paragraph 44 of the Complaint and all allegations of wrongdoing.

45. Defendants deny the allegations in paragraph 45 of the Complaint and all allegations of wrongdoing.

46. Defendants deny the allegations in paragraph 46 of the Complaint and all allegations of wrongdoing.

47. Defendants deny the allegations in paragraph 47 of the Complaint and all allegations of wrongdoing.

48. No response is required to the allegations in paragraph 48 of the Complaint.

49. The allegations in paragraph 49 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

50. The allegations in paragraph 50 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

51. The allegations in paragraph 51 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

52. The allegations in paragraph 52 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

53. Defendants deny the allegations in paragraph 53 of the Complaint and all allegations of wrongdoing.

54. Defendants deny the allegations in paragraph 54 of the Complaint and all allegations of wrongdoing.

55. Defendants deny the allegations in paragraph 55 of the Complaint and all allegations of wrongdoing.

56. Defendants deny the allegations in paragraph 56 of the Complaint and all allegations of wrongdoing.

57. Defendants deny the allegations in paragraph 57 of the Complaint and all allegations of wrongdoing.

58. Defendants deny the allegations in paragraph 58 of the Complaint and all allegations of wrongdoing.

59. Defendants deny the allegations in paragraph 59 of the Complaint and all allegations of wrongdoing.

60. Defendants deny the allegations in paragraph 60 of the Complaint and all allegations of wrongdoing.

61. Defendants deny the allegations in paragraph 61 of the Complaint and all allegations of wrongdoing.

62. Defendants deny the allegations in paragraph 62 of the Complaint and all allegations of wrongdoing.

63. Defendants deny the allegations in paragraph 63 of the Complaint and all allegations of wrongdoing.

64. Defendants deny the allegations in paragraph 64 of the Complaint and all allegations of wrongdoing.

65. No response is required to the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint and all allegations of wrongdoing.

67. Defendants deny the allegations in paragraph 67 of the Complaint and all allegations of wrongdoing.

68. Defendants deny the allegations in paragraph 68 of the Complaint and all allegations of wrongdoing.

69. Defendants deny the allegations in paragraph 69 of the Complaint and all allegations of wrongdoing.

70. Defendants deny the allegations in paragraph 70 of the Complaint and all allegations of wrongdoing.

71. Defendants deny the allegations in paragraph 71 of the Complaint and all allegations of wrongdoing.

72. Defendants deny the allegations in paragraph 72 of the Complaint and all allegations of wrongdoing.

73. Defendants deny the allegations in paragraph 73 of the Complaint and all allegations of wrongdoing.

74. Defendants deny the allegations in paragraph 74 of the Complaint and all allegations of wrongdoing.

75. Defendants deny the allegations in paragraph 75 of the Complaint and all allegations of wrongdoing.

76. Defendants deny the allegations in paragraph 76 of the Complaint and all allegations of wrongdoing.

77. Defendants deny the allegations in paragraph 77 of the Complaint and all allegations of wrongdoing.

78. Defendants deny the allegations in paragraph 78 of the Complaint and all allegations of wrongdoing.

79. Defendants deny the allegations in paragraph 79 of the Complaint and all allegations of wrongdoing.

80. Defendants deny the allegations in paragraph 80 of the Complaint and all allegations of wrongdoing.

81. No response is required to the allegations in paragraph 81 of the Complaint.

82. The allegations in paragraph 82 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

83. Defendants deny the allegations in paragraph 83 of the Complaint and all allegations of wrongdoing.

84. Defendants deny the allegations in paragraph 84 of the Complaint and all allegations of wrongdoing.

85. Defendants deny the allegations in paragraph 85 of the Complaint and all allegations of wrongdoing.

86. Defendants deny the allegations in paragraph 86 of the Complaint and all allegations of wrongdoing.

87. Defendants deny the allegations in paragraph 87 of the Complaint and all allegations of wrongdoing.

88. No response is required to the allegations in paragraph 88 of the Complaint.

89. The allegations in paragraph 89 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

90. Defendants deny the allegations in paragraph 90 of the Complaint and all allegations of wrongdoing.

91. Defendants deny the allegations in paragraph 91 of the Complaint and all allegations of wrongdoing.

Defendants deny that Plaintiff is entitled to the relief that she seeks in the Complaint.

All allegations not previously admitted hereby are denied.

### THIRD DEFENSE

Plaintiff's claims against Defendants fail to state a claim upon which relief can be granted because Plaintiff cannot hold Defendants liable for the alleged violations of others on a *respondeat-superior* theory of liability.

### FOURTH DEFENSE

To the extent that Plaintiff complains regarding the actions, conduct, or response of medical personnel, those claims fall under the Tennessee Healthcare Liability Act, and Plaintiff did not properly comply with the requirements of T.C.A. § 29-26-121 and/or T.C.A. § 29-26-122.

### FIFTH DEFENSE

Plaintiff's negligence claim is barred in whole or in part by the doctrine of comparative fault, including the fault of the inmates who assaulted Twilley.

### SIXTH DEFENSE

The actions of the inmates who assaulted Twilley constitute the intervening and superseding cause of any and all injuries to Twilley.

### SEVENTH DEFENSE

Defendants' liability for punitive damages, if any, is limited by the Due Process Clause of the United States Constitution.

Defendants request that the Court dismiss the Complaint with prejudice and tax costs to Plaintiff.

Defendants demand a jury to try this cause.

Respectfully submitted,

/s/ Erin Palmer Polly
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Defendants CoreCivic of Tennessee, LLC, Martin Frink, Dennis Kaiser, and Laroderick McDavid*

## **CERTIFICATE OF SERVICE**

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this April 14, 2023, on the following:

Daniel A. Horwitz
Lindsay Smith
Melissa K. Dix
Horwitz Law, PLLC
4016 Westlawn Drive
Nashville, Tennessee 37209

/s/ Erin Palmer Polly