## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| LAKENYA MCGHEE-TWILLEY, individually, and as next-of-kin to the deceased, MARKTAVIOUS TWILLEY, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case 3:23-cv-00077 |
| CORECIVIC OF TENNESSEE, LLC, as owner and operator of TROUSDALE TURNER CORRECTIONAL CENTER, and MARTIN FRINK, LARODERICK MCDAVID, DENNIS KAISER, | § § § § § § | JURY DEMANDED |
| *Defendants.* | § § | |

## CONSENT MOTION TO STAY CASE MANAGEMENT DEADLINES AND DISCOVERY PENDING RESOLUTION OF CRIMINAL PROSECUTIONS

## I.  INTRODUCTION

Comes now the Plaintiff, through counsel, and with the consent of all Defendants, respectfully moves this Court under Federal Rule of Civil Procedure 16(b)(4) to stay— except as to the Tennessee Department of Correction—all case management deadlines and discovery in this action pending trial-level resolution of the criminal prosecutions arising from the decedent's murder.  As ground for this Motion, the Plaintiff states as follows:

## II.  FACTS

This lawsuit arises from the assertedly wrongful death of Marktavious Twilley, an inmate who was in the custody of Defendant CoreCivic of Tennessee, LLC, at the time of his murder.  The Defendants "admit that Twilley was a prisoner of the State of Tennessee,

- 1 -

that Twilley previously was incarcerated at the Trousdale Turner Correctional Center ('Trousdale'), that CoreCivic, Inc. operates Trousdale, that an inmate or inmates stabbed Twilley on March 28, 2022, and that Twilley died on March 28, 2022." *See* Doc. 12 at ¶ 1. Thus, the fact of the decedent's death and that Mr. Twilley was murdered are undisputed.

On July 12, 2023, after discovery opened, the Plaintiff diligently issued document subpoenas to District Attorney Jason L. Lawson (**Ex 1**.)—who is prosecuting Mr. Twilley's murderers—and to the Tennessee Department of Correction (**Ex. 2**). Both District Attorney Lawson and the Tennessee Department of Correction objected to those subpoenas. *See* **Ex. 3**; **Ex. 4**. Following a discovery conference, District Attorney Lawson produced nine pages of documents related to the open criminal prosecutions against Mr. Twilley's killers, including indictments issued in February 2023. *See* **Ex. 5**. By contrast, to date, the TDOC has produced nothing, including the documents that it agreed to produce.

District Attorney Lawson and the TDOC have respectively objected to the subpoenas on the basis that they require production of documents in an "open prosecutorial file[,]" *see* **Ex. 3** at 1, or are "currently part of an active criminal investigation[,]" *see* **Ex. 4** at 1. While disagreeing that the asserted objections are meritorious, the Plaintiff and her counsel recently had a productive meeting with District Attorney Lawson, and—while needing the responsive documents for this lawsuit—they understand his desire to avoid disclosure of relevant documents in his criminal casefile pending conclusion of his office's active criminal prosecutions. Thus, in an effort to avoid a discovery dispute and to accommodate the objections that the subpoenaed non-parties raised about producing documents related to an open criminal case, the Plaintiff offered to accommodate their asserted concerns. In particular, in exchange for production of the

documents responsive to the Plaintiff's subpoenas after the prosecutions arising from Mr. Twilley's murder have concluded by plea or trial, the Plaintiff offered to temporarily stay further proceedings and discovery in this action.

The Defendants have consented to this proposal. So, too, has District Attorney Lawson. The TDOC has not, though, asserting that: "To the extent that TDOC has asserted the prosecutorial privilege, and that the DA has waived that objection, TDOC has no intention of re-asserting that privilege. **However, TDOC maintains all other previously lodged objections in its July 26, 2023 letter.**" *See* **Ex. 6** (emphasis added).

For reasons that the Plaintiff anticipates detailing in a future motion, the Plaintiff does not consider the TDOC's "other previously lodged objections" to be plausibly meritorious and intends to move to compel compliance. The Plaintiff also wishes to avoid a circumstance where this case is stayed for roughly a year, only to be delayed further by a discovery dispute with the TDOC concerning objections unrelated to the existence of an active criminal case. Thus, the remaining parties and the subpoenaed entity being in agreement about a solution, the Plaintiff now moves under Federal Rule of Civil Procedure 16(b)(4) to stay—except as to the Tennessee Department of Correction—all case management deadlines and discovery in this action pending trial-level resolution of the criminal prosecutions arising from the decedent's murder.

## III. ARGUMENT

**A.** **THIS COURT SHOULD TEMPORARILY STAY, EXCEPT AS TO THE TDOC, ALL CASE MANAGEMENT DEADLINES AND DISCOVERY IN THIS ACTION PENDING TRIAL-LEVEL RESOLUTION OF THE CRIMINAL PROSECUTIONS ARISING FROM THE DECEDENT'S MURDER.**

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be

modified only for good cause and with the judge's consent." *See id. See also* Fed. R. Civ. P. 6(b)(1)(A) (allowing a court to extend time to act for good cause). The primary consideration in determining if good cause exists is the moving party's diligence in meeting the deadlines. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (collecting cases). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.*

Here, there has been no delay, bad faith, or dilatory motive by the Plaintiff, and no prejudice exists regarding the Plaintiff's unopposed motion. The Plaintiff diligently began discovery after discovery opened. In response to non-party objections related to the Plaintiff's discovery requests, the Plaintiff has proposed a solution to accommodate them. The Defendants and District Attorney Lawson then reached agreement regarding the matter and now seek this Court's approval of their solution to avoid a discovery dispute. Accordingly, for good cause shown, the Plaintiff's consent motion should be granted.

**B.  THE TDOC SHOULD BE EXEMPT FROM THE STAY.**

The TDOC has raised a host of objections to the Plaintiff's document subpoena. *See* **Ex. 4**. Only one arises from the assertion that "TDOC understands that many of the documents requested are currently part of an active criminal investigation[.]" *See id.* at 1. The remainder are unrelated to that fact, asserting, for instance, that responsive documents are "a matter of public record and are available through other means[,]" are "more easily obtained from CoreCivic in party discovery[,]" or that propounded requests are "overly broad and vague[.]" *Id.* at 2.

The Plaintiff anticipates detailing her reasoning in a future motion to compel, but for present purposes, the Plaintiff asserts that—in her view—the TDOC's objections are not plausibly meritorious and cannot be maintained in good faith. The Plaintiff also

wishes to avoid a scenario where this case is stayed for roughly a year, only to be delayed further by a discovery dispute with the TDOC once the stay is lifted. Accordingly, while the balance of this action should be stayed, the stay should not apply to the TDOC, except for the items that are also contained in General Lawson's prosecution file. That carve-out will avoid undue delay by allowing the Plaintiff's discovery dispute with the TDOC to be timely adjudicated and resolved while a stay is in effect as to the balance of this case.

### IV. CONCLUSION

For the foregoing reasons, this Court should stay—except as to the Tennessee Department of Correction—all case management deadlines and discovery in this action pending trial-level resolution of the criminal prosecutions arising from the decedent's murder.

Respectfully submitted,

By:    /s/ Daniel A. Horwitz
DANIEL A. HORWITZ, BPR #032176
LINDSAY SMITH, BPR #035937
MELISSA K. DIX, BPR #038535
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN 37209
daniel@horwitz.law
lindsay@horwitz.law
melissa@horwitz.law
(615) 739-2888

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2023, a copy of the foregoing and all exhibits and attachments were sent via CM/ECF, or via email, to:

Joe Welborn
Erin Palmer Polly
Terrence M. McKelvey
222 Second Avenue, South
Suite 1700
Nashville, Tennessee 37201
Joe.Welborn@klgates.com
Erin.Polly@klgates.com
terrence.mckelvey@klgates.com

*Counsel for Defendants*

David Wickenheiser | Assistant Attorney General
Law Enforcement and Special Prosecutions Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
615.532.7277
David.Wickenheiser@ag.tn.gov

*Counsel for District Attorney Jason L. Lawson* (non-party)

By:      /s Daniel A. Horwitz