**STATE OF TENNESSEE**

# Office of the Attorney General



**JONATHAN SKRMETTI**
ATTORNEY GENERAL AND REPORTER

P.O. BOX 20207, NASHVILLE, TN 37202
TELEPHONE (615)741-3491
FACSIMILE (615)741-2009

July 25, 2023

**VIA E-MAIL AND U.S. MAIL**

Daniel Horwitz
Horwitz Law, PLLC
4016 Westlawn Dr.
Nashville, TN 37209

   Re: **Subpoena to District Attorney Lawson**
     *LaKenya McGhee-Twilley v. CoreCivic of Tennessee, LLC*, 3:23-cv-77 (M.D. Tenn.)

Mr. Horwitz,

I represent District Attorney Jason L. Lawson of the 15th Judicial District regarding the subpoena duces tecum you have served in the above-styled case seeking all documents, including the criminal investigative file, related to the murder of Marktavious Twilley. Respectfully, General Lawson must object to production of the criminal investigative file at this time pursuant to Fed. R. Civ. P. 45.

As you are aware, the records at issue are part of an ongoing criminal prosecution. Currently, individuals in those cases have been indicted and are awaiting trial. Pursuant to Tennessee law, documents and other information contained in the open prosecutorial files of the District Attorney are not subject to disclosure. *See The Tennessean v. Metro Gov't of Nashville of Davidson* Cnty, 485 S.W.3d 857 (Tenn. 2016); *see also Sutton v. State*, No. 03C01-9702-CR-00067, 1999 WL 423005, at *6 (Tenn. Crim. App. June 25, 1999). The records lose this designation when the case is closed and the time for collateral attacks has lapsed. Until that time, the provision of these documents is governed by Rule 16 of the Tennessee Rules of Criminal Procedure and is only available to the parties of the criminal case in order to ensure the constitutional right to a fair trial for the defendant. This statute and these Rules may not be subsumed or circumvented through the subpoena process and such records are not subject to production. *See Rucker v. Genovese*, No. 3:19-CV-00240, 2019 WL 6771831, at *4 (M.D. Tenn. Dec. 12, 2019), *aff'd*, 834 Fed. Appx. 126, 2020 WL 8255476 (6th Cir. 2020) ("Records in the possession of the district attorney general are subject to public disclosure once a criminal defendant's judgment of conviction becomes final and once collateral review proceedings are completed and unavailable."); *Crenshaw v. Steward*, No.

1

3:09-0710, 2011 WL 3236611, at *14 (M.D. Tenn. July 28, 2011), *aff'd*, 502 Fed. Appx. 491 (6th Cir. 2012).

In addition, there are other privileges that would also shield disclosure in this case. For instance, the law enforcement privilege and deliberative process privilege shield disclosure of investigation and prosecutorial files when disclosure would run contrary to public interest and a functioning law enforcement. *See, e.g.*, *Est. of Logan v. City of S. Bend*, No. 3:19-CV-495-DRL-MGG, 2020 WL 1284742, at *4 (N.D. Ind. Mar. 17, 2020). And, given that the entire prosecution file was prepared in anticipation of litigation, the entirety of its nonpublic contents would be covered by work product or attorney client communication.

Sincerely,

DAVID WICKENHEISER
Assistant Attorney General
B.P.R. No. 040427
Law Enforcement and
Special Prosecutions Division
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 532-7277
Fax: (615) 532-4892
David.Wickenheiser@ag.tn.gov

cc: Liz Evan
Assistant Attorney General