

**STATE OF TENNESSEE**

**Office of the Attorney General**

**JONATHAN SKRMETTI**
ATTORNEY GENERAL AND REPORTER

P.O. BOX 20207, NASHVILLE, TN 37202
TELEPHONE (615)741-3491
FACSIMILE (615)741-2009

July 26, 2023

**Via Email**
Daniel A. Horwitz
Horwitz Law, PPLC
4016 Westlawn Drive
Nashville, Tennessee 37209
daniel@horwitz.law

Re: *Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.,* No.: 3:23-cv-00077, United States District Court for the Middle District of Tennessee
Non-Party Subpoena to the Tennessee Department of Correction

Dear Mr. Horwitz:

I represent the Tennessee Department of Correction ("TDOC"), who is a nonparty in the above-captioned matter. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, this letter serves as TDOC's responses and objections to the subpoena duces tecum ("Subpoena") you served on it to produce "all records possessed by the TDOC related to the death of inmate Marktavious Twilley (00528772)."

**Preliminary Statement and General Objections**

TDOC is not a party to this action, and as such, it is not subject to boundless and burdensome discovery. Plaintiff has a commensurate duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Specifically, it appears that all the documents the Subpoena seeks would be in the possession of parties to the litigation and could be more easily obtained through party discovery.

Pursuant to Fed. R. Civ. P. 45(d)(2)(B), TDOC objects to the production of any documents sought under the Subpoena because TDOC understands that many of the documents requested are currently part of an active criminal investigation and subject to protection. The United States District Court for the Middle District of Tennessee has recognized the investigative or law enforcement privilege:

1

> [P]rotected information under the investigative privilege includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.
>
> Importantly, an investigation need not be ongoing for the law enforcement privilege to apply as the ability of a law enforcement agency to conduct future investigations may be seriously impaired if certain information is revealed to the public.

*United States v. Se. Eye Specialists, PLLC*, 586 F. Supp. 3d 787, 793 (M.D. Tenn. 2022) (internal citations and quotation marks omitted) (brackets in original).

TDOC further objects to the extent that the requested documents may be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). Such records and materials include, but are not limited to, those that are (a) publicly available, (b) already in your possession, (c) available through other means, including through other parties to the underlying action, or (d) within the possession and/or control of a third party.

TDOC objects to the Subpoena to the extent it seeks information that could be obtained in party discovery. Mr. Twilley's death occurred at Trousdale Turner Correctional Center, a CoreCivic facility. CoreCivic is a party to the present action. Therefore, any files exchanged in discovery in this case could be obtained, if properly discoverable, and the burden should not inure to TDOC as a third party.

Lastly, TDOC objects to providing any information that is protected by the attorney-client privilege, work product privilege, or any other privilege provided for by rule or law.

TDOC reserves the right to amend these responses and objections based on its review of the facts relevant to the above-captioned lawsuit. At this time, TDOC responds based on information recently gathered while preparing these responses for timely service under the Federal Rules.

TDOC incorporates these objections into its responses below.

**REQUEST NO. 1:** All video footage related to Mr. Twilley's death.

**RESPONSE:** TDOC objects to this request to the extent it seeks information available in party discovery and information that is part of an active criminal investigation. Specifically, Defendant Core Civic is in the best position to provide video from its facilities.

**REQUEST NO. 2:** All correspondence and incident reports received from CoreCivic regarding Mr. Twilley's death.

**RESPONSE:** TDOC objects to this request because it seeks information that was generated by CoreCivic and more easily obtained from CoreCivic in party discovery.

**REQUEST NO. 3:** All contract non-compliance reports and documents concerning CoreCivic liquidated damages penalties for March 2019-March 2022.

**RESPONSE:** TDOC objects to this request to the extent that the requested documents are a matter of public record and are available through other means. Without waiving, and subject to the foregoing objection, TDOC is in the process of reviewing its records and will produce any non-privileged and non-protected documents within the timeframe set forth in the Subpoena.

**REQUEST NO. 4:** Trousdale Turner Correctional Center's staffing rosters for March 21–28, 2022.

**RESPONSE:** TDOC objects to this request because it seeks information that was generated by CoreCivic, the operator of Trousdale Turner Correctional Facility, and more easily obtained from CoreCivic in party discovery.

**REQUEST NO. 5:** All recordings or transcripts of testimony by TDOC officials, whether given during a lawsuit or during legislative hearings, concerning contract non-compliance, understaffing, or prison conditions at Trousdale Turner Correctional Center from March 2018 until the present time.

**RESPONSE:** TDOC objects to this request to the extent that the requested documents are a matter of public record and are available through other means. TDOC objects that the request is overly broad and vague, to the extent it seeks unspecified transcripts or testimony, and that it is unduly burdensome in seeking all such vaguely referenced information.

TDOC responds to the Subpoena with the objections listed above. Subject to those objections, where TDOC indicates an intent to produce documents above, TDOC is currently searching its files to ascertain whether responsive, non-privileged, non-protected documents exist. We will update you on the progress of this search on or before August 11, 2023.

TDOC reserves the right, upon review of any responsive information, to seek a protective order if necessary, to maintain the confidentiality of responsive information.

Please feel free to contact me if you have any questions or would like to discuss this further.

Very truly yours,

*Toni-Ann M. Dolan*

Toni-Ann M. Dolan
Assistant Attorney General
(615) 741-6739
toni-ann.dolan@ag.tn.gov

cc: **Via Email**
Terrence M. McKelvey
K&L Gates LLP
Terrence.mckelvey@klgates.com
*Attorneys for CoreCivic*