# Exhibit A

| From: | Daniel A. Horwitz |
| To: | Toni-Ann Dolan |
| Cc: | Melissa Dix; Lindsay Smith; David Wickenheiser; Terrence.mckelvey@klgates.com; wasutter@tndagc.org |
| Subject: | Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al. |
| Date: | Friday, July 28, 2023 5:59:07 PM |
| Attachments: | image001.png |

How is the afternoon of August 7th?

Best,

-Daniel

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



On Fri, Jul 28, 2023 at 5:44 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

> Good Afternoon, Daniel,
>
> Thank you for your response. At this time, we stand by our objections to the issued Subpoena. Our biggest concern is that turning over some of the requested documents infringes upon the investigatory privilege of the DA. Further, some of the categories of items request that the State turn over active investigation files. At this time, our position is that we cannot override the DA's investigative authority. We understand that is unacceptable to you.
>
> However, in the interest of compromise, and in a good faith effort to resolve these issues, we would propose an in-person meet and confer to be held at our office. We would invite the DA's Office and CoreCivic to participate in the meeting as well. Please let me know your availability and we can get something on the calendar.
>
> I look forward to speaking with you soon. Thank you.
>
> Best Regards,

Toni-Ann M. Dolan

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

[toni-ann.dolan@ag.tn.gov](mailto:toni-ann.dolan@ag.tn.gov)

Making the case for Tennessee

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Wednesday, July 26, 2023 5:20 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.


Toni-Ann:


Although I know better, given your office's relentless bad faith and dishonesty, I will respond to this letter under the assumption that you subjectively believed your baseless objections were lodged in good faith.


To begin with your generalized privilege objection, to the extent you are claiming a privilege applies to a document based on your "understand[ing]" of an external investigation, you are expected to provide a privilege log identifying the documents that you contend are privileged and the specific basis for your objection.  I will note that because I have issued essentially the same subpoena half a dozen times in

similar cases, and I am well aware that the documents responsive to it are not actually privileged, and you are the first attorney to contend otherwise. I also suspect that you did not actually review the responsive documents before asserting a privilege based on your professed "understand[ing]." Nonetheless, in keeping with the legal fiction that you are lodging your objections in good faith, you are invited to furnish a privilege log, which Magistrate Judge Holmes expects. *See Louisiana-Pac. Corp. v. James Hardie Bldg. Prod., Inc.*, No. 3:18-0447, 2018 WL 7283275, at *2 (M.D. Tenn. July 13, 2018) ("The Court is of the opinion that a privilege log is contemplated, if not expressly required, by Fed. R. Civ. P. 26(b)(5)."). Please also note that "[c]ourts in the Sixth Circuit have held that '[a] party's failure to timely produce a privilege log can result in privilege waiver,'" *CommonSpirit Health v. HealthTrust Purchasing Grp., L.P.*, No. 3:21-0460, 2022 WL 19403855, at *2 (M.D. Tenn. Oct. 17, 2022) (quoting *McCall v. Procter & Gamble Co.*, No. 1:17-cv-406, 2019 WL 3997375, at *8 (S.D. Ohio Aug. 22, 2019)), and that we intend to assert such waiver in the event that a privilege log is not timely provided.

Further, I note your general objection that the requested documents may be obtained from another source, which is followed by boilerplate, and your objection that the records could be obtained in party discovery. You are presumably aware, of course, that another State entity (the Tennessee Comptroller) has routinely determined during audits that CoreCivic did not maintain legally required documents and spoliated records that it was obligated to maintain. You are also presumably aware that CoreCivic has falsified internal records: https://www.tennessean.com/story/news/crime/2020/08/26/after-tennessee-prisoners-suicide-corecivic-worker-faked-health-records/3404186001/. You may not be aware that—based on near-identical subpoenas issued in other cases, including current cases—it has often become clear that CoreCivic's internal records conflict with its reports to the TDOC. Moreover, what, specifically, CoreCivic told (or didn't tell) and provided (or didn't provide) to the TDOC in accordance with its statutorily mandated reporting obligations is relevant evidence. Accordingly, we are entitled to receive all responsive documents that CoreCivic provided the TDOC.

As to your specific objections: None has plausible merit.

1. The video footage related to Mr. Twilley's death has been provided to the TDOC; it is powerfully relevant evidence; and we are entitled to receive whatever portion of the footage that CoreCivic produced to the TDOC. Accordingly, you are expected to provide it.

2. All correspondence and incident reports received from CoreCivic regarding Mr.

Twilley's death are rather obviously relevant to the Plaintiff's wrongful death claims.  Providing these documents—merely dozens of pages—is not plausibly burdensome.  As noted above, what, specifically, CoreCivic provided or did not provide the TDOC in accordance with its statutorily mandated reporting obligations is also relevant, particularly given CoreCivic's demonstrable history of providing conflicting information in internal reports versus reports that are provided to the TDOC.  Accordingly, the TDOC is expected to provide these documents, as it has always done in the past.

3.  All contract non-compliance reports and documents concerning CoreCivic liquidated damages penalties for March 2019-March 2022 are relevant to this action.  Your objection that they are "a matter of public record and are available through other means" is not a serious objection.  All it demonstrates is that the reports—which the TDOC has always provided in the past—are easily accessible, that the TDOC is obligated to provide them even without a subpoena, and that there is no undue burden associated with producing them.  Accordingly, you are expected to produce them in their entirety.

4.  Trousdale Turner Correctional Center's staffing rosters for March 21–28, 2022—documents spanning, at most, a few pages—are directly relevant to this action. There is no plausible burden associated with providing them, either, and the TDOC has always done so in response to near-identical subpoenas.  Accordingly, you are expected to produce them.

5.  All recordings or transcripts of testimony by TDOC officials, whether given during a lawsuit or during legislative hearings, concerning contract non-compliance, understaffing, or prison conditions at Trousdale Turner Correctional Center from March 2018 until the present time.  Your objection that the "requested documents are a matter of public record and are available through other means" is unserious and serves only to demonstrate that the TDOC is independently obligated to provide the requested documents to any Tennessee citizen who asks for them even without a subpoena.  Your objection that "the request is overly broad and vague, to the extent it seeks unspecified transcripts or testimony, and that it is unduly burdensome in seeking all such vaguely referenced information" is similarly unserious, given that the requested materials are specified.  To the extent you had difficulty comprehending it, though, legislative testimony like that given by the former TDOC Commissioner referenced here is responsive to the request: https://tennesseelookout.com/2022/09/27/lawmaker-raises-specter-of-federal-takeover-of-tennessee-prison-system/.  Testimony given in depositions taken in other Trousdale Turner Correctional Center death cases—by TDOC contract monitors, TDOC employees, and others—is responsive, too.  Accordingly, you are expected to produce all responsive transcripts in their entirety.

If you intend to maintain your objections, please inform me immediately so that we may confer promptly. Should you do so, we intend to move to compel the TDOC's compliance and intend to seek reasonable attorney's fees for having to do so, because your objections have no plausible merit and could not have been maintained honestly. Toward that end, please preserve your communications with CoreCivic regarding your objections as well.

All the best,

-Daniel Horwitz

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law

On Wed, Jul 26, 2023 at 4:11 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

Good Afternoon Mr. Horwitz,

Attached please find TDOC's response and objection to the Subpoena you served on it regarding the *Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.* case.

Should you have any questions or concerns, please do not hesitate to contact me.

Best Regards,

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

Making the case for Tennessee

# Exhibit B

| | |
|---|---|
| **From:** | Daniel A. Horwitz |
| **To:** | Toni-Ann Dolan |
| **Cc:** | Melissa Dix; Lindsay Smith; David Wickenheiser; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan; Polly, Erin Palmer |
| **Subject:** | Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al. |
| **Date:** | Thursday, August 24, 2023 12:51:01 PM |
| **Attachments:** | image001.png |

We have discussed this internally at length. While we do not believe these objections are meritorious, we had a productive meeting with the District Attorney's office earlier this week. Based on that meeting, in lieu of moving to compel immediate compliance with subpoenas seeking inarguably relevant records that we are entitled to receive, we are willing to temporarily stay further proceedings and discovery in this case pending the completion of the District Attorney's prosecutions in this matter. The expectation would be that—once the prosecutions have concluded by plea or trial—the records that are responsive to these subpoenas would then be turned over to us. If everyone is on board with that solution, please let me know, and we will file a consent motion to stay based on that agreement.

Best,

-Daniel

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



On Wed, Aug 9, 2023 at 11:17 AM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

Good Afternoon,

Would everyone be available tomorrow afternoon? If not, we can look at dates next week.

Thanks!

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

Making the case for Tennessee

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Friday, August 4, 2023 10:51 AM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.


Toni-Ann:


At your convenience, I look forward to learning whether or not you intend to have all of us come to meet with you on Monday afternoon.


Best,


-Daniel


--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

[www.Horwitz.Law](http://www.Horwitz.Law)



On Sat, Jul 29, 2023 at 6:52 PM Daniel A. Horwitz <[daniel@horwitz.law](mailto:daniel@horwitz.law)> wrote:

> Yes.  The overwhelming majority of requested documents also have nothing to do with the prosecution, as you know, so I will expect you to produce those.  Please bring your supervisor, too, since that person is responsible for making sure you don't assert flagrantly baseless objections and quite clearly has not done their job here.
>
> Best,
>
> -Daniel
>
> --
>
> Daniel A. Horwitz, Esq.
>
> Horwitz Law, PLLC
>
> [daniel@horwitz.law](mailto:daniel@horwitz.law)
>
> [www.Horwitz.Law](http://www.Horwitz.Law)
>
> On Fri, Jul 28, 2023 at 6:01 PM Toni-Ann Dolan <[Toni-Ann.Dolan@ag.tn.gov](mailto:Toni-Ann.Dolan@ag.tn.gov)> wrote:

I may have an appearance in Knoxville that day. I will have confirmation hopefully by the afternoon on this coming Monday.  I can pencil that in and keep you posted if that works for you.

Get Outlook for iOS

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Friday, July 28, 2023 5:58:32 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com <Terrence.mckelvey@klgates.com>; wasutter@tndagc.org <wasutter@tndagc.org>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

How is the afternoon of August 7th?

Best,

-Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law

On Fri, Jul 28, 2023 at 5:44 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

Good Afternoon, Daniel,

Thank you for your response. At this time, we stand by our objections to the issued Subpoena. Our biggest concern is that turning over some of the requested documents infringes upon the investigatory privilege of the DA. Further, some of the categories of items request that the State turn over active investigation files. At this time, our position is that we cannot override the DA's investigative authority. We understand that is unacceptable to you.

However, in the interest of compromise, and in a good faith effort to resolve these issues, we would propose an in-person meet and confer to be held at our office. We would invite the DA's Office and CoreCivic to participate in the meeting as well. Please let me know your availability and we can get something on the calendar.

I look forward to speaking with you soon. Thank you.

Best Regards,

Toni-Ann M. Dolan

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

Making the case for Tennessee


**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Wednesday, July 26, 2023 5:20 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.


Toni-Ann:


Although I know better, given your office's relentless bad faith and dishonesty, I will respond to this letter under the assumption that you subjectively believed your baseless objections were lodged in good faith.


To begin with your generalized privilege objection, to the extent you are claiming a privilege applies to a document based on your "understand[ing]" of an external investigation, you are expected to provide a privilege log identifying the documents that you contend are privileged and the specific basis for your objection. I will note that because I have issued essentially the same subpoena half a dozen times in similar cases, and I am well aware that the documents responsive to it are not actually privileged, and you are the first attorney to contend otherwise. I also suspect that you did not actually review the responsive documents before asserting a privilege based on your professed "understand[ing]." Nonetheless, in keeping with the legal fiction that you are lodging your objections in good faith, you are invited to furnish a privilege log, which Magistrate Judge Holmes expects. *See Louisiana-Pac. Corp. v. James Hardie Bldg. Prod., Inc.*, No. 3:18-0447, 2018 WL 7283275, at *2 (M.D. Tenn. July 13, 2018) ("The Court is of the opinion that a privilege log is contemplated, if not expressly required, by Fed. R. Civ. P. 26(b)(5)."). Please also note that "[c]ourts in the Sixth Circuit have held that '[a] party's failure to timely produce a privilege log can result in privilege waiver,'" *CommonSpirit Health v. HealthTrust Purchasing Grp., L.P.*, No. 3:21-0460, 2022 WL 19403855, at *2 (M.D. Tenn. Oct. 17, 2022) (quoting *McCall v. Procter & Gamble Co.*, No. 1:17-cv-406, 2019 WL 3997375, at *8 (S.D. Ohio Aug. 22, 2019)), and that we intend to assert such waiver in the event that a privilege log is not timely provided.


Further, I note your general objection that the requested documents may be obtained from another source, which is followed by boilerplate, and your objection that the records could be obtained in party discovery. You are

presumably aware, of course, that another State entity (the Tennessee Comptroller) has routinely determined during audits that CoreCivic did not maintain legally required documents and spoliated records that it was obligated to maintain. You are also presumably aware that CoreCivic has falsified internal records: https://www.tennessean.com/story/news/crime/2020/08/26/after-tennessee-prisoners-suicide-corecivic-worker-faked-health-records/3404186001/. You may not be aware that—based on near-identical subpoenas issued in other cases, including current cases—it has often become clear that CoreCivic's internal records conflict with its reports to the TDOC. Moreover, what, specifically, CoreCivic told (or didn't tell) and provided (or didn't provide) to the TDOC in accordance with its statutorily mandated reporting obligations is relevant evidence. Accordingly, we are entitled to receive all responsive documents that CoreCivic provided the TDOC.

As to your specific objections: None has plausible merit.

1. The video footage related to Mr. Twilley's death has been provided to the TDOC; it is powerfully relevant evidence; and we are entitled to receive whatever portion of the footage that CoreCivic produced to the TDOC. Accordingly, you are expected to provide it.

2. All correspondence and incident reports received from CoreCivic regarding Mr. Twilley's death are rather obviously relevant to the Plaintiff's wrongful death claims. Providing these documents—merely dozens of pages—is not plausibly burdensome. As noted above, what, specifically, CoreCivic provided or did not provide the TDOC in accordance with its statutorily mandated reporting obligations is also relevant, particularly given CoreCivic's demonstrable history of providing conflicting information in internal reports versus reports that are provided to the TDOC. Accordingly, the TDOC is expected to provide these documents, as it has always done in the past.

3. All contract non-compliance reports and documents concerning CoreCivic liquidated damages penalties for March 2019-March 2022 are relevant to this action. Your objection that they are "a matter of public record and are available through other means" is not a serious objection. All it demonstrates is that the reports—which the TDOC has always provided in the past—are easily accessible, that the TDOC is obligated to provide them even without a subpoena, and that there is no undue burden associated with producing them. Accordingly, you are expected to produce them in their entirety.

4.  Trousdale Turner Correctional Center's staffing rosters for March 21–28, 2022—documents spanning, at most, a few pages—are directly relevant to this action.  There is no plausible burden associated with providing them, either, and the TDOC has always done so in response to near-identical subpoenas.  Accordingly, you are expected to produce them.

5.  All recordings or transcripts of testimony by TDOC officials, whether given during a lawsuit or during legislative hearings, concerning contract non-compliance, understaffing, or prison conditions at Trousdale Turner Correctional Center from March 2018 until the present time.  Your objection that the "requested documents are a matter of public record and are available through other means" is unserious and serves only to demonstrate that the TDOC is independently obligated to provide the requested documents to any Tennessee citizen who asks for them even without a subpoena.  Your objection that "the request is overly broad and vague, to the extent it seeks unspecified transcripts or testimony, and that it is unduly burdensome in seeking all such vaguely referenced information" is similarly unserious, given that the requested materials are specified.  To the extent you had difficulty comprehending it, though, legislative testimony like that given by the former TDOC Commissioner referenced here is responsive to the request: https://tennesseelookout.com/2022/09/27/lawmaker-raises-specter-of-federal-takeover-of-tennessee-prison-system/.  Testimony given in depositions taken in other Trousdale Turner Correctional Center death cases —by TDOC contract monitors, TDOC employees, and others—is responsive, too.  Accordingly, you are expected to produce all responsive transcripts in their entirety.

If you intend to maintain your objections, please inform me immediately so that we may confer promptly.  Should you do so, we intend to move to compel the TDOC's compliance and intend to seek reasonable attorney's fees for having to do so, because your objections have no plausible merit and could not have been maintained honestly.  Toward that end, please preserve your communications with CoreCivic regarding your objections as well.

All the best,

-Daniel Horwitz

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Wed, Jul 26, 2023 at 4:11 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
wrote:

> Good Afternoon Mr. Horwitz,
>
> Attached please find TDOC's response and objection to the Subpoena you served
> on it regarding the *Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.*
> case.
>
> Should you have any questions or concerns, please do not hesitate to contact me.
>
> Best Regards,
>
> **Toni-Ann M. Dolan | Assistant Attorney General**
>
> Office of the Tennessee Attorney General
>
> Law Enforcement and Special Prosecutions Division
>
> P.O. Box 20207
>
> Nashville, TN 37202-0207
>
> p. 615.741.6739



toni-ann.dolan@ag.tn.gov

Making the case for Tennessee

# Exhibit C

| From: | Daniel A. Horwitz |
|---|---|
| To: | Toni-Ann Dolan |
| Cc: | Melissa Dix; Lindsay Smith; David Wickenheiser; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan; Polly, Erin Palmer |
| Subject: | Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al. |
| Date: | Tuesday, August 29, 2023 10:45:41 AM |
| Attachments: | image001.png |

Absolutely not. We are not staying this for a year so you can just reassert baseless objections a year from now—objections that you cannot even plausibly maintain in good faith given the District Attorney's own agreement to this proposal. So please either talk to your client again and get an acceptable answer or tell me when you want to meet and confer before we move to compel the TDOC's compliance in light of its bad-faith behavior and objections. I note the TDOC is several weeks late in producing records that it agreed to produce, by the way.

Best,

-Daniel

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



On Tue, Aug 29, 2023 at 10:30 AM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

Good Morning Daniel,

TDOC is agreeable to staying the proceedings; however, it expressly reserves the right to assert any objections, based on privilege or otherwise, at the appropriate time.

Thank you.

Best Regards,

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov


Making the case for Tennessee


---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Thursday, August 24, 2023 12:51 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan <Liz.Evan@ag.tn.gov>; Polly, Erin Palmer <Erin.Polly@klgates.com>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.


We have discussed this internally at length.  While we do not believe these objections are meritorious, we had a productive meeting with the District Attorney's office earlier this week.  Based on that meeting, in lieu of moving to compel immediate compliance with subpoenas seeking inarguably relevant records that we are entitled to receive, we are willing to temporarily stay further proceedings and discovery in this case pending the completion of the District Attorney's prosecutions in this matter.  The expectation would be that—once the prosecutions have concluded by plea or trial—the records that are responsive to these subpoenas would then be turned over to us.  If everyone is on board with that solution, please let me know, and we will file a consent motion to stay based on that agreement.


Best,


-Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Wed, Aug 9, 2023 at 11:17 AM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

Good Afternoon,

Would everyone be available tomorrow afternoon?  If not, we can look at dates next week.

Thanks!

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

Making the case for Tennessee

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Friday, August 4, 2023 10:51 AM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Toni-Ann:

At your convenience, I look forward to learning whether or not you intend to have all of us come to meet with you on Monday afternoon.

Best,

-Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law

On Sat, Jul 29, 2023 at 6:52 PM Daniel A. Horwitz <daniel@horwitz.law> wrote:

**Yes. The overwhelming majority of requested documents also have nothing to do with the prosecution, as you know, so I will expect you to produce those. Please bring your supervisor, too, since that person is responsible for making sure you don't assert flagrantly baseless objections and quite clearly has not done their job here.**

**Best,**

**-Daniel**

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Fri, Jul 28, 2023 at 6:01 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

I may have an appearance in Knoxville that day. I will have confirmation hopefully by the afternoon on this coming Monday. I can pencil that in and keep you posted if that works for you.

Get Outlook for iOS

**From:** Daniel A. Horwitz <daniel@horwitz.law>

**Sent:** Friday, July 28, 2023 5:58:32 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>;
David Wickenheiser <David.Wickenheiser@ag.tn.gov>;
Terrence.mckelvey@klgates.com <Terrence.mckelvey@klgates.com>;
wasutter@tndagc.org <wasutter@tndagc.org>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

How is the afternoon of August 7th?

Best,

-Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Fri, Jul 28, 2023 at 5:44 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
wrote:

> Good Afternoon, Daniel,
>
> Thank you for your response. At this time, we stand by our objections to the
> issued Subpoena. Our biggest concern is that turning over some of the requested
> documents infringes upon the investigatory privilege of the DA. Further, some of

the categories of items request that the State turn over active investigation files. At this time, our position is that we cannot override the DA's investigative authority. We understand that is unacceptable to you.

However, in the interest of compromise, and in a good faith effort to resolve these issues, we would propose an in-person meet and confer to be held at our office. We would invite the DA's Office and CoreCivic to participate in the meeting as well. Please let me know your availability and we can get something on the calendar.

I look forward to speaking with you soon. Thank you.

Best Regards,

Toni-Ann M. Dolan

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

Making the case for Tennessee

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Wednesday, July 26, 2023 5:20 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>

**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Toni-Ann:

Although I know better, given your office's relentless bad faith and dishonesty, I will respond to this letter under the assumption that you subjectively believed your baseless objections were lodged in good faith.

To begin with your generalized privilege objection, to the extent you are claiming a privilege applies to a document based on your "understand[ing]" of an external investigation, you are expected to provide a privilege log identifying the documents that you contend are privileged and the specific basis for your objection. I will note that because I have issued essentially the same subpoena half a dozen times in similar cases, and I am well aware that the documents responsive to it are not actually privileged, and you are the first attorney to contend otherwise. I also suspect that you did not actually review the responsive documents before asserting a privilege based on your professed "understand[ing]." Nonetheless, in keeping with the legal fiction that you are lodging your objections in good faith, you are invited to furnish a privilege log, which Magistrate Judge Holmes expects. *See Louisiana-Pac. Corp. v. James Hardie Bldg. Prod., Inc.*, No. 3:18-0447, 2018 WL 7283275, at *2 (M.D. Tenn. July 13, 2018) ("The Court is of the opinion that a privilege log is contemplated, if not expressly required, by Fed. R. Civ. P. 26(b)(5)."). Please also note that "[c]ourts in the Sixth Circuit have held that '[a] party's failure to timely produce a privilege log can result in privilege waiver,'" *CommonSpirit Health v. HealthTrust Purchasing Grp., L.P.*, No. 3:21-0460, 2022 WL 19403855, at *2 (M.D. Tenn. Oct. 17, 2022) (quoting *McCall v. Procter & Gamble Co.*, No. 1:17-cv-406, 2019 WL 3997375, at *8 (S.D. Ohio Aug. 22, 2019)), and that we intend to assert such waiver in the event that a privilege log is not timely provided.

Further, I note your general objection that the requested documents may be obtained from another source, which is followed by boilerplate, and your objection that the records could be obtained in party discovery. You are presumably aware, of course, that another State entity (the Tennessee Comptroller) has routinely determined during audits that CoreCivic did not maintain legally required documents and spoliated records that it was obligated to maintain. You are also presumably aware that CoreCivic has falsified internal records: https://www.tennessean.com/story/news/crime/2020/08/26/aft

[er-tennessee-prisoners-suicide-corecivic-worker-faked-health-records/3404186001/](er-tennessee-prisoners-suicide-corecivic-worker-faked-health-records/3404186001/). You may not be aware that—based on near-identical subpoenas issued in other cases, including current cases—it has often become clear that CoreCivic's internal records conflict with its reports to the TDOC. Moreover, what, specifically, CoreCivic told (or didn't tell) and provided (or didn't provide) to the TDOC in accordance with its statutorily mandated reporting obligations is relevant evidence. Accordingly, we are entitled to receive all responsive documents that CoreCivic provided the TDOC.

As to your specific objections: None has plausible merit.

1. The video footage related to Mr. Twilley's death has been provided to the TDOC; it is powerfully relevant evidence; and we are entitled to receive whatever portion of the footage that CoreCivic produced to the TDOC. Accordingly, you are expected to provide it.

2. All correspondence and incident reports received from CoreCivic regarding Mr. Twilley's death are rather obviously relevant to the Plaintiff's wrongful death claims. Providing these documents—merely dozens of pages—is not plausibly burdensome. As noted above, what, specifically, CoreCivic provided or did not provide the TDOC in accordance with its statutorily mandated reporting obligations is also relevant, particularly given CoreCivic's demonstrable history of providing conflicting information in internal reports versus reports that are provided to the TDOC. Accordingly, the TDOC is expected to provide these documents, as it has always done in the past.

3. All contract non-compliance reports and documents concerning CoreCivic liquidated damages penalties for March 2019-March 2022 are relevant to this action. Your objection that they are "a matter of public record and are available through other means" is not a serious objection. All it demonstrates is that the reports—which the TDOC has always provided in the past—are easily accessible, that the TDOC is obligated to provide them even without a subpoena, and that there is no undue burden associated with producing them. Accordingly, you are expected to produce them in their entirety.

4. Trousdale Turner Correctional Center's staffing rosters for March 21–

28, 2022—documents spanning, at most, a few pages—are directly relevant to this action. There is no plausible burden associated with providing them, either, and the TDOC has always done so in response to near-identical subpoenas. Accordingly, you are expected to produce them.

5. All recordings or transcripts of testimony by TDOC officials, whether given during a lawsuit or during legislative hearings, concerning contract non-compliance, understaffing, or prison conditions at Trousdale Turner Correctional Center from March 2018 until the present time. Your objection that the "requested documents are a matter of public record and are available through other means" is unserious and serves only to demonstrate that the TDOC is independently obligated to provide the requested documents to any Tennessee citizen who asks for them even without a subpoena. Your objection that "the request is overly broad and vague, to the extent it seeks unspecified transcripts or testimony, and that it is unduly burdensome in seeking all such vaguely referenced information" is similarly unserious, given that the requested materials are specified. To the extent you had difficulty comprehending it, though, legislative testimony like that given by the former TDOC Commissioner referenced here is responsive to the request: https://tennesseelookout.com/2022/09/27/lawmaker-raises-specter-of-federal-takeover-of-tennessee-prison-system/. Testimony given in depositions taken in other Trousdale Turner Correctional Center death cases—by TDOC contract monitors, TDOC employees, and others—is responsive, too. Accordingly, you are expected to produce all responsive transcripts in their entirety.

If you intend to maintain your objections, please inform me immediately so that we may confer promptly. Should you do so, we intend to move to compel the TDOC's compliance and intend to seek reasonable attorney's fees for having to do so, because your objections have no plausible merit and could not have been maintained honestly. Toward that end, please preserve your communications with CoreCivic regarding your objections as well.

All the best,

-Daniel Horwitz

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Wed, Jul 26, 2023 at 4:11 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
wrote:

> Good Afternoon Mr. Horwitz,
>
> Attached please find TDOC's response and objection to the Subpoena you
> served on it regarding the *Lakenya McGhee-Twilley v. CoreCivic of Tennessee,
> LLC, et al.* case.
>
> Should you have any questions or concerns, please do not hesitate to contact me.
>
> Best Regards,
>
> **Toni-Ann M. Dolan | Assistant Attorney General**
>
> Office of the Tennessee Attorney General
>
> Law Enforcement and Special Prosecutions Division
>
> P.O. Box 20207
>
> Nashville, TN 37202-0207
>
> p. 615.741.6739

toni-ann.dolan@ag.tn.gov



Making the case for Tennessee

# EXHIBIT D

| From: | Daniel A. Horwitz |
| --- | --- |
| To: | Toni-Ann Dolan |
| Cc: | Melissa Dix; Lindsay Smith; David Wickenheiser; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan; Polly, Erin Palmer |
| Subject: | Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al. |
| Date: | Tuesday, August 29, 2023 10:45:41 AM |
| Attachments: | image001.png |

Absolutely not. We are not staying this for a year so you can just reassert baseless objections a year from now—objections that you cannot even plausibly maintain in good faith given the District Attorney's own agreement to this proposal. So please either talk to your client again and get an acceptable answer or tell me when you want to meet and confer before we move to compel the TDOC's compliance in light of its bad-faith behavior and objections. I note the TDOC is several weeks late in producing records that it agreed to produce, by the way.

Best,

-Daniel

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



On Tue, Aug 29, 2023 at 10:30 AM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

> Good Morning Daniel,
>
> TDOC is agreeable to staying the proceedings; however, it expressly reserves the right to assert any objections, based on privilege or otherwise, at the appropriate time.
>
> Thank you.
>
> Best Regards,
>
> **Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

Making the case for Tennessee

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Thursday, August 24, 2023 12:51 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan <Liz.Evan@ag.tn.gov>; Polly, Erin Palmer <Erin.Polly@klgates.com>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

We have discussed this internally at length. While we do not believe these objections are meritorious, we had a productive meeting with the District Attorney's office earlier this week. Based on that meeting, in lieu of moving to compel immediate compliance with subpoenas seeking inarguably relevant records that we are entitled to receive, we are willing to temporarily stay further proceedings and discovery in this case pending the completion of the District Attorney's prosecutions in this matter. The expectation would be that—once the prosecutions have concluded by plea or trial—the records that are responsive to these subpoenas would then be turned over to us. If everyone is on board with that solution, please let me know, and we will file a consent motion to stay based on that agreement.

Best,

-Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law

On Wed, Aug 9, 2023 at 11:17 AM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

Good Afternoon,

Would everyone be available tomorrow afternoon?  If not, we can look at dates next week.

Thanks!

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

Making the case for Tennessee

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Friday, August 4, 2023 10:51 AM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Toni-Ann:

At your convenience, I look forward to learning whether or not you intend to have all of us come to meet with you on Monday afternoon.

Best,

-Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law

On Sat, Jul 29, 2023 at 6:52 PM Daniel A. Horwitz <daniel@horwitz.law> wrote:

**Yes. The overwhelming majority of requested documents also have nothing to do with the prosecution, as you know, so I will expect you to produce those. Please bring your supervisor, too, since that person is responsible for making sure you don't assert flagrantly baseless objections and quite clearly has not done their job here.**


**Best,**


**-Daniel**


\-\-

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law





On Fri, Jul 28, 2023 at 6:01 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

I may have an appearance in Knoxville that day. I will have confirmation hopefully by the afternoon on this coming Monday. I can pencil that in and keep you posted if that works for you.


Get Outlook for iOS

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>

**Sent:** Friday, July 28, 2023 5:58:32 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>;
David Wickenheiser <David.Wickenheiser@ag.tn.gov>;
Terrence.mckelvey@klgates.com <Terrence.mckelvey@klgates.com>;
wasutter@tndagc.org <wasutter@tndagc.org>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

How is the afternoon of August 7th?

Best,

-Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Fri, Jul 28, 2023 at 5:44 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
wrote:

> Good Afternoon, Daniel,
>
> Thank you for your response. At this time, we stand by our objections to the
> issued Subpoena. Our biggest concern is that turning over some of the requested
> documents infringes upon the investigatory privilege of the DA. Further, some of

the categories of items request that the State turn over active investigation files. At this time, our position is that we cannot override the DA's investigative authority. We understand that is unacceptable to you.

However, in the interest of compromise, and in a good faith effort to resolve these issues, we would propose an in-person meet and confer to be held at our office. We would invite the DA's Office and CoreCivic to participate in the meeting as well. Please let me know your availability and we can get something on the calendar.

I look forward to speaking with you soon. Thank you.

Best Regards,

Toni-Ann M. Dolan

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

Making the case for Tennessee

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Wednesday, July 26, 2023 5:20 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>

**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Toni-Ann:

Although I know better, given your office's relentless bad faith and dishonesty, I will respond to this letter under the assumption that you subjectively believed your baseless objections were lodged in good faith.

To begin with your generalized privilege objection, to the extent you are claiming a privilege applies to a document based on your "understand[ing]" of an external investigation, you are expected to provide a privilege log identifying the documents that you contend are privileged and the specific basis for your objection. I will note that because I have issued essentially the same subpoena half a dozen times in similar cases, and I am well aware that the documents responsive to it are not actually privileged, and you are the first attorney to contend otherwise. I also suspect that you did not actually review the responsive documents before asserting a privilege based on your professed "understand[ing]." Nonetheless, in keeping with the legal fiction that you are lodging your objections in good faith, you are invited to furnish a privilege log, which Magistrate Judge Holmes expects. *See Louisiana-Pac. Corp. v. James Hardie Bldg. Prod., Inc.*, No. 3:18-0447, 2018 WL 7283275, at *2 (M.D. Tenn. July 13, 2018) ("The Court is of the opinion that a privilege log is contemplated, if not expressly required, by Fed. R. Civ. P. 26(b)(5)."). Please also note that "[c]ourts in the Sixth Circuit have held that '[a] party's failure to timely produce a privilege log can result in privilege waiver,'" *CommonSpirit Health v. HealthTrust Purchasing Grp., L.P.*, No. 3:21-0460, 2022 WL 19403855, at *2 (M.D. Tenn. Oct. 17, 2022) (quoting *McCall v. Procter & Gamble Co.*, No. 1:17-cv-406, 2019 WL 3997375, at *8 (S.D. Ohio Aug. 22, 2019)), and that we intend to assert such waiver in the event that a privilege log is not timely provided.

Further, I note your general objection that the requested documents may be obtained from another source, which is followed by boilerplate, and your objection that the records could be obtained in party discovery. You are presumably aware, of course, that another State entity (the Tennessee Comptroller) has routinely determined during audits that CoreCivic did not maintain legally required documents and spoliated records that it was obligated to maintain. You are also presumably aware that CoreCivic has falsified internal records: https://www.tennessean.com/story/news/crime/2020/08/26/aft

[er-tennessee-prisoners-suicide-corecivic-worker-faked-health-records/3404186001/](er-tennessee-prisoners-suicide-corecivic-worker-faked-health-records/3404186001/).  You may not be aware that—based on near-identical subpoenas issued in other cases, including current cases—it has often become clear that CoreCivic's internal records conflict with its reports to the TDOC.  Moreover, what, specifically, CoreCivic told (or didn't tell) and provided (or didn't provide) to the TDOC in accordance with its statutorily mandated reporting obligations is relevant evidence.  Accordingly, we are entitled to receive all responsive documents that CoreCivic provided the TDOC.

As to your specific objections: None has plausible merit.

1.  The video footage related to Mr. Twilley's death has been provided to the TDOC; it is powerfully relevant evidence; and we are entitled to receive whatever portion of the footage that CoreCivic produced to the TDOC.  Accordingly, you are expected to provide it.

2.  All correspondence and incident reports received from CoreCivic regarding Mr. Twilley's death are rather obviously relevant to the Plaintiff's wrongful death claims.  Providing these documents—merely dozens of pages—is not plausibly burdensome.  As noted above, what, specifically, CoreCivic provided or did not provide the TDOC in accordance with its statutorily mandated reporting obligations is also relevant, particularly given CoreCivic's demonstrable history of providing conflicting information in internal reports versus reports that are provided to the TDOC.  Accordingly, the TDOC is expected to provide these documents, as it has always done in the past.

3.  All contract non-compliance reports and documents concerning CoreCivic liquidated damages penalties for March 2019-March 2022 are relevant to this action.  Your objection that they are "a matter of public record and are available through other means" is not a serious objection.  All it demonstrates is that the reports—which the TDOC has always provided in the past—are easily accessible, that the TDOC is obligated to provide them even without a subpoena, and that there is no undue burden associated with producing them.  Accordingly, you are expected to produce them in their entirety.

4.  Trousdale Turner Correctional Center's staffing rosters for March 21–

28, 2022—documents spanning, at most, a few pages—are directly relevant to this action. There is no plausible burden associated with providing them, either, and the TDOC has always done so in response to near-identical subpoenas. Accordingly, you are expected to produce them.

5. All recordings or transcripts of testimony by TDOC officials, whether given during a lawsuit or during legislative hearings, concerning contract non-compliance, understaffing, or prison conditions at Trousdale Turner Correctional Center from March 2018 until the present time. Your objection that the "requested documents are a matter of public record and are available through other means" is unserious and serves only to demonstrate that the TDOC is independently obligated to provide the requested documents to any Tennessee citizen who asks for them even without a subpoena. Your objection that "the request is overly broad and vague, to the extent it seeks unspecified transcripts or testimony, and that it is unduly burdensome in seeking all such vaguely referenced information" is similarly unserious, given that the requested materials are specified. To the extent you had difficulty comprehending it, though, legislative testimony like that given by the former TDOC Commissioner referenced here is responsive to the request: https://tennesseelookout.com/2022/09/27/lawmaker-raises-specter-of-federal-takeover-of-tennessee-prison-system/. Testimony given in depositions taken in other Trousdale Turner Correctional Center death cases—by TDOC contract monitors, TDOC employees, and others—is responsive, too. Accordingly, you are expected to produce all responsive transcripts in their entirety.

If you intend to maintain your objections, please inform me immediately so that we may confer promptly. Should you do so, we intend to move to compel the TDOC's compliance and intend to seek reasonable attorney's fees for having to do so, because your objections have no plausible merit and could not have been maintained honestly. Toward that end, please preserve your communications with CoreCivic regarding your objections as well.

All the best,

-Daniel Horwitz

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

[daniel@horwitz.law](mailto:daniel@horwitz.law)

[www.Horwitz.Law](http://www.Horwitz.Law)



On Wed, Jul 26, 2023 at 4:11 PM Toni-Ann Dolan <[Toni-Ann.Dolan@ag.tn.gov](mailto:Toni-Ann.Dolan@ag.tn.gov)>
wrote:

> Good Afternoon Mr. Horwitz,
>
> Attached please find TDOC's response and objection to the Subpoena you
> served on it regarding the *Lakenya McGhee-Twilley v. CoreCivic of Tennessee,
> LLC, et al.* case.
>
> Should you have any questions or concerns, please do not hesitate to contact me.
>
> Best Regards,
>
> **Toni-Ann M. Dolan | Assistant Attorney General**
>
> Office of the Tennessee Attorney General
>
> Law Enforcement and Special Prosecutions Division
>
> P.O. Box 20207
>
> Nashville, TN 37202-0207
>
> p. 615.741.6739



toni-ann.dolan@ag.tn.gov

Making the case for Tennessee

# EXHIBIT E

| From: | Daniel A. Horwitz |
|---|---|
| To: | Toni-Ann Dolan |
| Cc: | Melissa Dix; Lindsay Smith; David Wickenheiser; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan; Polly, Erin Palmer; Donna Green |
| Subject: | Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al. |
| Date: | Tuesday, August 29, 2023 4:15:38 PM |
| Attachments: | image001.png |

As for everyone else: Since we are otherwise in agreement, we will be moving to stay all discovery and litigation deadlines, except as to the TDOC, pending conclusion of the criminal proceedings in the trial court. I will send a draft to you all under a separate email thread without the TDOC included before we file.

Best,

-Daniel

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



On Tue, Aug 29, 2023 at 4:13 PM Daniel A. Horwitz <daniel@horwitz.law> wrote:

> **Please provide your privilege log. We will expect to receive it by 8/31.**
>
> Best,
>
> -Daniel
>
> --
> Daniel A. Horwitz, Esq.
> Horwitz Law, PLLC
> daniel@horwitz.law
> www.Horwitz.Law
>
> 
>
> On Tue, Aug 29, 2023 at 4:08 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:
>
>> Daniel,
>>
>> To the extent that TDOC has asserted the prosecutorial privilege, and that the DA has waived that objection, TDOC has no intention of re-asserting that privilege. However, TDOC

maintains all other previously lodged objections in its July 26, 2023 letter.

Thank you.

Best Regards,

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

Making the case for Tennessee


---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Tuesday, August 29, 2023 10:45 AM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan <Liz.Evan@ag.tn.gov>; Polly, Erin Palmer <Erin.Polly@klgates.com>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Absolutely not.  We are not staying this for a year so you can just reassert baseless objections a year from now—objections that you cannot even plausibly maintain in good faith given the District Attorney's own agreement to this proposal.  So please either talk to your client again and get an acceptable answer or tell me when you want to meet and confer before we move to compel the TDOC's compliance in light of its bad-faith behavior and objections.  I note the TDOC is several weeks late in producing records that it agreed to produce, by the way.

Best,

-Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Tue, Aug 29, 2023 at 10:30 AM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

> Good Morning Daniel,
>
> TDOC is agreeable to staying the proceedings; however, it expressly reserves the right to assert any objections, based on privilege or otherwise, at the appropriate time.
>
> Thank you.
>
> Best Regards,
>
> **Toni-Ann M. Dolan | Assistant Attorney General**
>
> Office of the Tennessee Attorney General
>
> Law Enforcement and Special Prosecutions Division
>
> P.O. Box 20207
>
> Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

Making the case for Tennessee

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Thursday, August 24, 2023 12:51 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan <Liz.Evan@ag.tn.gov>; Polly, Erin Palmer <Erin.Polly@klgates.com>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

We have discussed this internally at length.  While we do not believe these objections are meritorious, we had a productive meeting with the District Attorney's office earlier this week.  Based on that meeting, in lieu of moving to compel immediate compliance with subpoenas seeking inarguably relevant records that we are entitled to receive, we are willing to temporarily stay further proceedings and discovery in this case pending the completion of the District Attorney's prosecutions in this matter.  The expectation would be that—once the prosecutions have concluded by plea or trial—the records that are responsive to these subpoenas would then be turned over to us.  If everyone is on board with that solution, please let me know, and we will file a consent motion to stay based on that agreement.

Best,

-Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Wed, Aug 9, 2023 at 11:17 AM Toni-Ann Dolan <<u>Toni-Ann.Dolan@ag.tn.gov</u>> wrote:

Good Afternoon,

Would everyone be available tomorrow afternoon? If not, we can look at dates next week.

Thanks!

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

<u>toni-ann.dolan@ag.tn.gov</u>

<u>Making the case for Tennessee</u>


---

**From:** Daniel A. Horwitz <<u>daniel@horwitz.law</u>>
**Sent:** Friday, August 4, 2023 10:51 AM
**To:** Toni-Ann Dolan <<u>Toni-Ann.Dolan@ag.tn.gov</u>>
**Cc:** Melissa Dix <<u>melissa@horwitz.law</u>>; Lindsay Smith <<u>lindsay@horwitz.law</u>>; David Wickenheiser <<u>David.Wickenheiser@ag.tn.gov</u>>; <u>Terrence.mckelvey@klgates.com</u>; <u>wasutter@tndagc.org</u>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Toni-Ann:

At your convenience, I look forward to learning whether or not you intend to have all of us come to meet with you on Monday afternoon.

Best,

-Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Sat, Jul 29, 2023 at 6:52 PM Daniel A. Horwitz <daniel@horwitz.law> wrote:

> Yes. The overwhelming majority of requested documents also have nothing to do with the prosecution, as you know, so I will expect you to produce those. Please bring your supervisor, too, since that person is responsible for making sure you don't assert flagrantly baseless objections and quite clearly has not done their job here.

> Best,

> -Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Fri, Jul 28, 2023 at 6:01 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

> I may have an appearance in Knoxville that day. I will have confirmation hopefully by
> the afternoon on this coming Monday.  I can pencil that in and keep you posted if that
> works for you.
>
>
> Get Outlook for iOS
>
> ――――――――――――――――――――――――
>
> **From:** Daniel A. Horwitz <daniel@horwitz.law>
> **Sent:** Friday, July 28, 2023 5:58:32 PM
> **To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
> **Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>;
> David Wickenheiser <David.Wickenheiser@ag.tn.gov>;
> Terrence.mckelvey@klgates.com <Terrence.mckelvey@klgates.com>;
> wasutter@tndagc.org <wasutter@tndagc.org>
> **Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.
>
>
> How is the afternoon of August 7th?
>
>
> Best,
>
>
> -Daniel
>
>
> --

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Fri, Jul 28, 2023 at 5:44 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
wrote:

> Good Afternoon, Daniel,
>
>
> Thank you for your response.  At this time, we stand by our objections to the issued
> Subpoena.  Our biggest concern is that turning over some of the requested
> documents infringes upon the investigatory privilege of the DA.  Further, some of
> the categories of items request that the State turn over active investigation files.  At
> this time, our position is that we cannot override the DA's investigative authority.
>  We understand that is unacceptable to you.
>
>
> However, in the interest of compromise, and in a good faith effort to resolve these
> issues, we would propose an in-person meet and confer to be held at our office.  We
> would invite the DA's Office and CoreCivic to participate in the meeting as well.
> Please let me know your availability and we can get something on the calendar.
>
>
> I look forward to speaking with you soon.  Thank you.
>
>
> Best Regards,
>
>
> Toni-Ann M. Dolan
>
>
> **Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

Making the case for Tennessee


---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Wednesday, July 26, 2023 5:20 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Toni-Ann:

Although I know better, given your office's relentless bad faith and dishonesty, I will respond to this letter under the assumption that you subjectively believed your baseless objections were lodged in good faith.

To begin with your generalized privilege objection, to the extent you are claiming a privilege applies to a document based on your "understand[ing]" of an external investigation, you are expected to provide a privilege log identifying the documents that you contend are privileged and the specific basis for your objection. I will note that because I have issued essentially the same subpoena half a dozen times in similar cases, and I am well aware that the documents responsive to it are not actually privileged, and you are the first attorney to contend otherwise. I also suspect that you did not actually review the responsive documents before asserting a privilege based on your professed "understand[ing]." Nonetheless, in keeping with the legal fiction that you are lodging your objections in good faith, you are invited to furnish a privilege log, which Magistrate Judge Holmes expects. *See Louisiana-Pac. Corp. v. James Hardie Bldg. Prod., Inc.*, No. 3:18-0447, 2018 WL 7283275, at *2 (M.D. Tenn. July 13, 2018) ("The Court is of the opinion that a privilege log is contemplated, if not expressly required, by Fed. R. Civ. P. 26(b)(5).").

Please also note that "[c]ourts in the Sixth Circuit have held that '[a] party's failure to timely produce a privilege log can result in privilege waiver,'" *CommonSpirit Health v. HealthTrust Purchasing Grp., L.P.*, No. 3:21-0460, 2022 WL 19403855, at *2 (M.D. Tenn. Oct. 17, 2022) (quoting *McCall v. Procter & Gamble Co.*, No. 1:17-cv-406, 2019 WL 3997375, at *8 (S.D. Ohio Aug. 22, 2019)), and that we intend to assert such waiver in the event that a privilege log is not timely provided.

Further, I note your general objection that the requested documents may be obtained from another source, which is followed by boilerplate, and your objection that the records could be obtained in party discovery. You are presumably aware, of course, that another State entity (the Tennessee Comptroller) has routinely determined during audits that CoreCivic did not maintain legally required documents and spoliated records that it was obligated to maintain. You are also presumably aware that CoreCivic has falsified internal records: https://www.tennessean.com/story/news/crime/2020/08/26/after-tennessee-prisoners-suicide-corecivic-worker-faked-health-records/3404186001/. You may not be aware that—based on near-identical subpoenas issued in other cases, including current cases—it has often become clear that CoreCivic's internal records conflict with its reports to the TDOC. Moreover, what, specifically, CoreCivic told (or didn't tell) and provided (or didn't provide) to the TDOC in accordance with its statutorily mandated reporting obligations is relevant evidence. Accordingly, we are entitled to receive all responsive documents that CoreCivic provided the TDOC.

As to your specific objections: None has plausible merit.

1. The video footage related to Mr. Twilley's death has been provided to the TDOC; it is powerfully relevant evidence; and we are entitled to receive whatever portion of the footage that CoreCivic produced to the TDOC. Accordingly, you are expected to provide it.

2. All correspondence and incident reports received from CoreCivic regarding Mr. Twilley's death are rather obviously relevant to the Plaintiff's wrongful death claims. Providing these documents—merely dozens of pages—is not plausibly burdensome. As noted above, what, specifically, CoreCivic provided or did not provide the TDOC in accordance with its statutorily mandated reporting obligations is also relevant, particularly given CoreCivic's demonstrable history of providing conflicting information in internal reports versus reports that are provided to the TDOC. Accordingly, the TDOC is expected to provide these documents, as it has always done in the past.

3.  All contract non-compliance reports and documents concerning CoreCivic liquidated damages penalties for March 2019-March 2022 are relevant to this action.  Your objection that they are "a matter of public record and are available through other means" is not a serious objection.  All it demonstrates is that the reports—which the TDOC has always provided in the past—are easily accessible, that the TDOC is obligated to provide them even without a subpoena, and that there is no undue burden associated with producing them.  Accordingly, you are expected to produce them in their entirety.

4.  Trousdale Turner Correctional Center's staffing rosters for March 21–28, 2022—documents spanning, at most, a few pages—are directly relevant to this action.  There is no plausible burden associated with providing them, either, and the TDOC has always done so in response to near-identical subpoenas.  Accordingly, you are expected to produce them.

5.  All recordings or transcripts of testimony by TDOC officials, whether given during a lawsuit or during legislative hearings, concerning contract non-compliance, understaffing, or prison conditions at Trousdale Turner Correctional Center from March 2018 until the present time.  Your objection that the "requested documents are a matter of public record and are available through other means" is unserious and serves only to demonstrate that the TDOC is independently obligated to provide the requested documents to any Tennessee citizen who asks for them even without a subpoena.  Your objection that "the request is overly broad and vague, to the extent it seeks unspecified transcripts or testimony, and that it is unduly burdensome in seeking all such vaguely referenced information" is similarly unserious, given that the requested materials are specified.  To the extent you had difficulty comprehending it, though, legislative testimony like that given by the former TDOC Commissioner referenced here is responsive to the request: https://tennesseelookout.com/2022/09/27/lawmaker-raises-specter-of-federal-takeover-of-tennessee-prison-system/.  Testimony given in depositions taken in other Trousdale Turner Correctional Center death cases—by TDOC contract monitors, TDOC employees, and others—is responsive, too.  Accordingly, you are expected to produce all responsive transcripts in their entirety.

If you intend to maintain your objections, please inform me immediately so that we may confer promptly.  Should you do so, we intend to move to compel the TDOC's compliance and intend to seek reasonable attorney's fees for having to do so, because your objections have no plausible merit and could not have been maintained honestly.  Toward that end, please preserve

your communications with CoreCivic regarding your objections as well.

All the best,

-Daniel Horwitz

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Wed, Jul 26, 2023 at 4:11 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

Good Afternoon Mr. Horwitz,

Attached please find TDOC's response and objection to the Subpoena you served on it regarding the *Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.* case.

Should you have any questions or concerns, please do not hesitate to contact me.

Best Regards,

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

Making the case for Tennessee

# EXHIBIT F

The documents are not "sensitive"; indeed, as your own objection letter states, they are "public record[s]." The TDOC has also previously produced identical documents without a protective order in several of our pending and previous cases. So no.

Best,

-Daniel

--
Daniel A. Horwitz
daniel.a.horwitz@gmail.com
www.danielhorwitz.com


On Sep 1, 2023, at 12:57 PM, Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:


Good Afternoon Daniel,

We are prepared to produce all documents with respect to your Requests 3 and 4 in the Subpoena. Will you agree to a protective order since the documents contain sensitive information?

If you are in agreement, I will send you over a draft of the protective order today.

Thank you in advance.

Toni-Ann

**Toni-Ann M. Dolan | Assistant Attorney General**
Office of the Tennessee Attorney General
Law Enforcement and Special Prosecutions Division
P.O. Box 20207
Nashville, TN 37202-0207
p. 615.741.6739
toni-ann.dolan@ag.tn.gov

<image001.png>

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Tuesday, August 29, 2023 4:13 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan <Liz.Evan@ag.tn.gov>; Polly, Erin Palmer <Erin.Polly@klgates.com>; Donna Green <Donna.Green@ag.tn.gov>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

**Please provide your privilege log.  We will expect to receive it by 8/31.**

Best,

-Daniel

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



On Tue, Aug 29, 2023 at 4:08 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

> Daniel,
>
> To the extent that TDOC has asserted the prosecutorial privilege, and that the DA has waived that objection, TDOC has no intention of re-asserting that privilege.  However, TDOC maintains all other previously lodged objections in its July 26, 2023 letter.
>
> Thank you.
>
> Best Regards,
>
> **Toni-Ann M. Dolan | Assistant Attorney General**
> Office of the Tennessee Attorney General
> Law Enforcement and Special Prosecutions Division
> P.O. Box 20207
> Nashville, TN 37202-0207
> p. 615.741.6739
> toni-ann.dolan@ag.tn.gov
>
> <image001.png>
>
> ---
>
> **From:** Daniel A. Horwitz <daniel@horwitz.law>
> **Sent:** Tuesday, August 29, 2023 10:45 AM
> **To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
> **Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan <Liz.Evan@ag.tn.gov>; Polly, Erin Palmer <Erin.Polly@klgates.com>
> **Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.
>
> Absolutely not.  We are not staying this for a year so you can just reassert baseless objections a year from now—objections that you cannot even plausibly maintain in good faith given the District Attorney's own agreement to this proposal.  So please either talk to your client again and get an acceptable answer or tell me when you want to meet and confer before we move to compel the TDOC's compliance in light of its

bad-faith behavior and objections. I note the TDOC is several weeks late in producing records that it agreed to produce, by the way.

Best,

-Daniel

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



On Tue, Aug 29, 2023 at 10:30 AM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

> Good Morning Daniel,
>
> TDOC is agreeable to staying the proceedings; however, it expressly reserves the right to assert any objections, based on privilege or otherwise, at the appropriate time.
>
> Thank you.
>
> Best Regards,
>
> **Toni-Ann M. Dolan | Assistant Attorney General**
> Office of the Tennessee Attorney General
> Law Enforcement and Special Prosecutions Division
> P.O. Box 20207
> Nashville, TN 37202-0207
> p. 615.741.6739
> toni-ann.dolan@ag.tn.gov
>
> <image001.png>
>
> ---
> **From:** Daniel A. Horwitz <daniel@horwitz.law>
> **Sent:** Thursday, August 24, 2023 12:51 PM
> **To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
> **Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan <Liz.Evan@ag.tn.gov>; Polly, Erin Palmer <Erin.Polly@klgates.com>
> **Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.
>
> We have discussed this internally at length. While we do not believe these objections are meritorious, we had a productive meeting with the District Attorney's office earlier this week. Based on that meeting, in lieu of moving to compel immediate compliance with subpoenas seeking inarguably relevant records that we are entitled to receive, we are willing to temporarily stay further proceedings and discovery in this case pending the completion of the District Attorney's prosecutions in this matter. The expectation would be that—once the prosecutions have

concluded by plea or trial—the records that are responsive to these subpoenas would then be turned over to us.  If everyone is on board with that solution, please let me know, and we will file a consent motion to stay based on that agreement.

Best,

-Daniel

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



On Wed, Aug 9, 2023 at 11:17 AM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

Good Afternoon,

Would everyone be available tomorrow afternoon?  If not, we can look at dates next week.

Thanks!

**Toni-Ann M. Dolan | Assistant Attorney General**
Office of the Tennessee Attorney General
Law Enforcement and Special Prosecutions Division
P.O. Box 20207
Nashville, TN 37202-0207
p. 615.741.6739
toni-ann.dolan@ag.tn.gov

<image001.png>

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Friday, August 4, 2023 10:51 AM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Toni-Ann:

At your convenience, I look forward to learning whether or not you intend to have all of us come to meet with you on Monday afternoon.

Best,

-Daniel

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



On Sat, Jul 29, 2023 at 6:52 PM Daniel A. Horwitz <daniel@horwitz.law> wrote:

> Yes.  The overwhelming majority of requested documents also have nothing to do with the prosecution, as you know, so I will expect you to produce those.  Please bring your supervisor, too, since that person is responsible for making sure you don't assert flagrantly baseless objections and quite clearly has not done their job here.
>
> Best,
>
> -Daniel
>
> --
> Daniel A. Horwitz, Esq.
> Horwitz Law, PLLC
> daniel@horwitz.law
> www.Horwitz.Law



On Fri, Jul 28, 2023 at 6:01 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

> I may have an appearance in Knoxville that day. I will have confirmation hopefully by the afternoon on this coming Monday.  I can pencil that in and keep you posted if that works for you.
>
> Get Outlook for iOS
>
> ---
>
> **From:** Daniel A. Horwitz <daniel@horwitz.law>
> **Sent:** Friday, July 28, 2023 5:58:32 PM
> **To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
> **Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com <Terrence.mckelvey@klgates.com>; wasutter@tndagc.org <wasutter@tndagc.org>
> **Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.
>
> How is the afternoon of August 7th?
>
> Best,
>
> -Daniel

\-\-
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



On Fri, Jul 28, 2023 at 5:44 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

Good Afternoon, Daniel,

Thank you for your response. At this time, we stand by our objections to the issued Subpoena. Our biggest concern is that turning over some of the requested documents infringes upon the investigatory privilege of the DA. Further, some of the categories of items request that the State turn over active investigation files. At this time, our position is that we cannot override the DA's investigative authority. We understand that is unacceptable to you.

However, in the interest of compromise, and in a good faith effort to resolve these issues, we would propose an in-person meet and confer to be held at our office. We would invite the DA's Office and CoreCivic to participate in the meeting as well. Please let me know your availability and we can get something on the calendar.

I look forward to speaking with you soon. Thank you.

Best Regards,

Toni-Ann M. Dolan

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

[toni-ann.dolan@ag.tn.gov](mailto:toni-ann.dolan@ag.tn.gov)

<image001.png>

---

**From:** Daniel A. Horwitz <[daniel@horwitz.law](mailto:daniel@horwitz.law)>
**Sent:** Wednesday, July 26, 2023 5:20 PM
**To:** Toni-Ann Dolan <[Toni-Ann.Dolan@ag.tn.gov](mailto:Toni-Ann.Dolan@ag.tn.gov)>
**Cc:** Melissa Dix <[melissa@horwitz.law](mailto:melissa@horwitz.law)>; Lindsay Smith <[lindsay@horwitz.law](mailto:lindsay@horwitz.law)>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Toni-Ann:

Although I know better, given your office's relentless bad faith and dishonesty, I will respond to this letter under the assumption that you subjectively believed your baseless objections were lodged in good faith.

To begin with your generalized privilege objection, to the extent you are claiming a privilege applies to a document based on your "understand[ing]" of an external investigation, you are expected to provide a privilege log identifying the documents that you contend are privileged and the specific basis for your objection. I will note that because I have issued essentially the same subpoena half a dozen times in similar cases, and I am well aware that the documents responsive to it are not actually privileged, and you are the first attorney to contend otherwise. I also suspect that you did not actually review the responsive documents before asserting a privilege based on your professed "understand[ing]." Nonetheless, in keeping with the legal fiction that you are lodging your objections in good faith, you are invited to furnish a privilege log, which Magistrate Judge Holmes expects. *See Louisiana-Pac. Corp. v. James Hardie Bldg. Prod., Inc.*, No. 3:18-0447, 2018 WL 7283275, at \*2 (M.D. Tenn. July 13, 2018) ("The Court is of the opinion that a privilege log is contemplated, if not expressly required, by Fed. R. Civ. P. 26(b)(5)."). Please also note that "[c]ourts in the Sixth Circuit have held that '[a] party's failure to timely produce a privilege log can result in privilege waiver,'" *CommonSpirit Health v. HealthTrust Purchasing Grp., L.P.*, No. 3:21-0460, 2022 WL 19403855, at \*2 (M.D. Tenn. Oct. 17, 2022) (quoting *McCall v. Procter & Gamble Co.*, No. 1:17-cv-406, 2019 WL 3997375, at \*8 (S.D. Ohio Aug. 22, 2019)), and that we intend to assert such waiver in the event that a privilege log is not timely provided.

Further, I note your general objection that the requested documents may be obtained from another source, which is followed by boilerplate, and your objection that the records could be obtained in party discovery. You are presumably aware, of course, that another State entity (the Tennessee Comptroller) has routinely determined during audits that CoreCivic did not maintain legally required documents and spoliated records that it was obligated to maintain. You are also presumably aware that CoreCivic has falsified internal records: https://www.tennessean.com/story/news/crime/2020/08/26/after-tennessee-prisoners-suicide-corecivic-worker-faked-health-records/3404186001/. You may not be aware that—based on near-identical subpoenas issued in other cases, including current cases—it has often become clear that CoreCivic's internal records conflict with its reports to the TDOC. Moreover, what, specifically, CoreCivic told (or didn't tell) and provided (or didn't provide) to the TDOC in accordance with its statutorily mandated reporting obligations is relevant evidence. Accordingly, we are entitled to receive all responsive documents that CoreCivic provided the TDOC.

As to your specific objections: None has plausible merit.

1. The video footage related to Mr. Twilley's death has been provided to the TDOC; it is powerfully relevant evidence; and we are entitled to receive whatever portion of the footage that CoreCivic produced to the TDOC. Accordingly, you are expected to provide it.

2. All correspondence and incident reports received from CoreCivic regarding Mr. Twilley's death are rather obviously relevant to the Plaintiff's wrongful death claims. Providing these documents—merely dozens of pages—is not plausibly burdensome. As noted above, what, specifically, CoreCivic provided or did not provide the TDOC in accordance with its statutorily mandated reporting obligations is also relevant, particularly given CoreCivic's demonstrable history of providing conflicting information in internal reports versus reports that are provided to the TDOC. Accordingly, the TDOC is expected to provide these documents, as it has always done in the past.

3. All contract non-compliance reports and documents concerning CoreCivic liquidated damages penalties for March 2019-March 2022 are relevant to this action. Your objection that they are "a matter of public record and are available through other means" is not a serious objection. All it demonstrates is that the reports—which the TDOC has always provided in the past—are easily accessible, that the TDOC is obligated to provide them even without a subpoena, and that there is

no undue burden associated with producing them. Accordingly, you are expected to produce them in their entirety.

4. Trousdale Turner Correctional Center's staffing rosters for March 21–28, 2022—documents spanning, at most, a few pages—are directly relevant to this action. There is no plausible burden associated with providing them, either, and the TDOC has always done so in response to near-identical subpoenas. Accordingly, you are expected to produce them.

5. All recordings or transcripts of testimony by TDOC officials, whether given during a lawsuit or during legislative hearings, concerning contract non-compliance, understaffing, or prison conditions at Trousdale Turner Correctional Center from March 2018 until the present time. Your objection that the "requested documents are a matter of public record and are available through other means" is unserious and serves only to demonstrate that the TDOC is independently obligated to provide the requested documents to any Tennessee citizen who asks for them even without a subpoena. Your objection that "the request is overly broad and vague, to the extent it seeks unspecified transcripts or testimony, and that it is unduly burdensome in seeking all such vaguely referenced information" is similarly unserious, given that the requested materials are specified. To the extent you had difficulty comprehending it, though, legislative testimony like that given by the former TDOC Commissioner referenced here is responsive to the request: https://tennesseelookout.com/2022/09/27/lawmaker-raises-specter-of-federal-takeover-of-tennessee-prison-system/. Testimony given in depositions taken in other Trousdale Turner Correctional Center death cases—by TDOC contract monitors, TDOC employees, and others—is responsive, too. Accordingly, you are expected to produce all responsive transcripts in their entirety.

If you intend to maintain your objections, please inform me immediately so that we may confer promptly. Should you do so, we intend to move to compel the TDOC's compliance and intend to seek reasonable attorney's fees for having to do so, because your objections have no plausible merit and could not have been maintained honestly. Toward that end, please preserve your communications with CoreCivic regarding your objections as well.

All the best,

-Daniel Horwitz

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Wed, Jul 26, 2023 at 4:11 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

Good Afternoon Mr. Horwitz,

Attached please find TDOC's response and objection to the Subpoena you served on it regarding the *Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.* case.

Should you have any questions or concerns, please do not hesitate to contact me.

Best Regards,

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov



# EXHIBIT G

| From: | Daniel Horwitz |
|---|---|
| To: | Toni-Ann Dolan |
| Cc: | Melissa Dix; Lindsay Smith; Donna Green; Scott C. Sutherland |
| Subject: | Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al. |
| Date: | Wednesday, November 8, 2023 12:32:17 AM |

Toni-Ann,

I am still waiting for a host of non-confidential records from you that you indicated would be furnished more than two months ago per your email below this one.  Please send them immediately, meaning today, 11/8.

Best,

-Daniel

--
Daniel A. Horwitz
daniel.a.horwitz@gmail.com
www.danielhorwitz.com

> On Sep 1, 2023, at 2:00 PM, Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

> Daniel,

> I received some information in error.  We will be providing you with the liquidated damages documents as well as the staffing rosters.  The liquidated damages documents are voluminous, and I am in the process of downloading everything to our system.  We will have everything to you next week.  If we are able to get everything to you today, I will do so.

> Thank you for your cooperation and I hope you enjoy the long weekend.

> Toni-Ann

> **Toni-Ann M. Dolan | Assistant Attorney General**
> Office of the Tennessee Attorney General
> Law Enforcement and Special Prosecutions Division
> P.O. Box 20207
> Nashville, TN 37202-0207
> p. 615.741.6739
> toni-ann.dolan@ag.tn.gov

> <image001.png>

> **From:** Daniel Horwitz <daniel.a.horwitz@gmail.com>
> **Sent:** Friday, September 1, 2023 1:08 PM
> **To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
> **Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; Donna Green <Donna.Green@ag.tn.gov>; Scott C. Sutherland <Scott.Sutherland@ag.tn.gov>
> **Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

> The documents are not "sensitive"; indeed, as your own objection letter states, they are "public record[s]."  The TDOC has also previously produced identical documents without a protective order in several of our pending and previous cases.  So no.

Best,

-Daniel

--
Daniel A. Horwitz
daniel.a.horwitz@gmail.com
www.danielhorwitz.com


On Sep 1, 2023, at 12:57 PM, Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:


Good Afternoon Daniel,

We are prepared to produce all documents with respect to your Requests 3 and 4 in the Subpoena.  Will you agree to a protective order since the documents contain sensitive information?

If you are in agreement, I will send you over a draft of the protective order today.

Thank you in advance.

Toni-Ann

**Toni-Ann M. Dolan | Assistant Attorney General**
Office of the Tennessee Attorney General
Law Enforcement and Special Prosecutions Division
P.O. Box 20207
Nashville, TN 37202-0207
p. 615.741.6739
toni-ann.dolan@ag.tn.gov

<image001.png>

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Tuesday, August 29, 2023 4:13 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan <Liz.Evan@ag.tn.gov>; Polly, Erin Palmer <Erin.Polly@klgates.com>; Donna Green <Donna.Green@ag.tn.gov>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Please provide your privilege log.  We will expect to receive it by 8/31.

Best,

-Daniel

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



On Tue, Aug 29, 2023 at 4:08 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

Daniel,

To the extent that TDOC has asserted the prosecutorial privilege, and that the DA has waived that objection, TDOC has no intention of re-asserting that privilege. However, TDOC maintains all other previously lodged objections in its July 26, 2023 letter.

Thank you.

Best Regards,

**Toni-Ann M. Dolan | Assistant Attorney General**
Office of the Tennessee Attorney General
Law Enforcement and Special Prosecutions Division
P.O. Box 20207
Nashville, TN 37202-0207
p. 615.741.6739
toni-ann.dolan@ag.tn.gov

<image001.png>

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Tuesday, August 29, 2023 10:45 AM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan <Liz.Evan@ag.tn.gov>; Polly, Erin Palmer <Erin.Polly@klgates.com>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Absolutely not.  We are not staying this for a year so you can just reassert baseless objections a year from now—objections that you cannot even plausibly maintain in good faith given the District Attorney's own agreement to this proposal.  So please either talk to your client again and get an acceptable answer or tell me when you want to meet and confer before we move to compel the TDOC's compliance in light of its bad-faith behavior and objections.  I note the TDOC is several weeks late in producing records that it agreed to produce, by the way.

Best,

-Daniel

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



On Tue, Aug 29, 2023 at 10:30 AM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

Good Morning Daniel,

TDOC is agreeable to staying the proceedings; however, it expressly reserves the right to assert any objections, based on privilege or otherwise, at the appropriate time.

Thank you.

Best Regards,

**Toni-Ann M. Dolan | Assistant Attorney General**
Office of the Tennessee Attorney General
Law Enforcement and Special Prosecutions Division
P.O. Box 20207
Nashville, TN 37202-0207
p. 615.741.6739
toni-ann.dolan@ag.tn.gov

<image001.png>

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Thursday, August 24, 2023 12:51 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan <Liz.Evan@ag.tn.gov>; Polly, Erin Palmer <Erin.Polly@klgates.com>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

We have discussed this internally at length.  While we do not believe these objections are meritorious, we had a productive meeting with the District Attorney's office earlier this week.  Based on that meeting, in lieu of moving to compel immediate compliance with subpoenas seeking inarguably relevant records that we are entitled to receive, we are willing to temporarily stay further proceedings and discovery in this case pending the completion of the District Attorney's prosecutions in this matter.  The expectation would be that —once the prosecutions have concluded by plea or trial—the records that are responsive to these subpoenas would then be turned over to us.  If everyone is on board with that solution, please let me know, and we will file a consent motion to stay based on that agreement.

Best,

-Daniel

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



On Wed, Aug 9, 2023 at 11:17 AM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
wrote:

> Good Afternoon,
>
> Would everyone be available tomorrow afternoon?  If not, we can look at
> dates next week.
>
> Thanks!
>
> **Toni-Ann M. Dolan | Assistant Attorney General**
> Office of the Tennessee Attorney General
> Law Enforcement and Special Prosecutions Division
> P.O. Box 20207
> Nashville, TN 37202-0207
> p. 615.741.6739
> toni-ann.dolan@ag.tn.gov
>
> <image001.png>
>
> ---
>
> **From:** Daniel A. Horwitz <daniel@horwitz.law>
> **Sent:** Friday, August 4, 2023 10:51 AM
> **To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
> **Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>;
> David Wickenheiser <David.Wickenheiser@ag.tn.gov>;
> Terrence.mckelvey@klgates.com; wasutter@tndagc.org
> **Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.
>
> Toni-Ann:
>
> At your convenience, I look forward to learning whether or not you intend to
> have all of us come to meet with you on Monday afternoon.
>
> Best,
>
> -Daniel
>
> --
> Daniel A. Horwitz, Esq.
> Horwitz Law, PLLC
> daniel@horwitz.law
> www.Horwitz.Law



On Sat, Jul 29, 2023 at 6:52 PM Daniel A. Horwitz <daniel@horwitz.law> wrote:

> Yes.  The overwhelming majority of requested documents also have
> nothing to do with the prosecution, as you know, so I will expect you to
> produce those.  Please bring your supervisor, too, since that person is
> responsible for making sure you don't assert flagrantly baseless
> objections and quite clearly has not done their job here.
>
> Best,
>
> -Daniel

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



On Fri, Jul 28, 2023 at 6:01 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
wrote:

> I may have an appearance in Knoxville that day. I will have confirmation
> hopefully by the afternoon on this coming Monday. I can pencil that in and
> keep you posted if that works for you.
>
> Get Outlook for iOS
> ─────────────────────────────
> **From:** Daniel A. Horwitz <daniel@horwitz.law>
> **Sent:** Friday, July 28, 2023 5:58:32 PM
> **To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
> **Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>;
> David Wickenheiser <David.Wickenheiser@ag.tn.gov>;
> Terrence.mckelvey@klgates.com <Terrence.mckelvey@klgates.com>;
> wasutter@tndagc.org <wasutter@tndagc.org>
> **Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.
>
> **How is the afternoon of August 7th?**
>
> **Best,**
>
> **-Daniel**
>
> --
> Daniel A. Horwitz, Esq.
> Horwitz Law, PLLC
> daniel@horwitz.law
> www.Horwitz.Law



On Fri, Jul 28, 2023 at 5:44 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
wrote:

>> Good Afternoon, Daniel,
>>
>>
>> Thank you for your response. At this time, we stand by our objections
>> to the issued Subpoena. Our biggest concern is that turning over some
>> of the requested documents infringes upon the investigatory privilege of
>> the DA. Further, some of the categories of items request that the State

turn over active investigation files. At this time, our position is that we cannot override the DA's investigative authority. We understand that is unacceptable to you.

However, in the interest of compromise, and in a good faith effort to resolve these issues, we would propose an in-person meet and confer to be held at our office. We would invite the DA's Office and CoreCivic to participate in the meeting as well. Please let me know your availability and we can get something on the calendar.

I look forward to speaking with you soon. Thank you.

Best Regards,

Toni-Ann M. Dolan

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

<image001.png>

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Wednesday, July 26, 2023 5:20 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Toni-Ann:

Although I know better, given your office's relentless bad faith and dishonesty, I will respond to this letter under the assumption that you subjectively believed your baseless objections were lodged in good faith.

To begin with your generalized privilege objection, to the extent you are claiming a privilege applies to a document based on your "understand[ing]" of an external investigation, you are expected to provide a privilege log identifying the documents that you contend are privileged and the specific basis for your objection. I will note that because I have issued essentially the same subpoena half a dozen times in similar cases, and I am well aware that the documents responsive to it are not actually privileged, and you are the first attorney to contend otherwise. I also suspect that you did not actually review the responsive documents before asserting a privilege based on your professed "understand[ing]." Nonetheless, in keeping with the legal fiction that you are lodging your objections in good faith, you are invited to furnish a privilege log, which Magistrate Judge Holmes expects. *See Louisiana-Pac. Corp. v. James Hardie Bldg. Prod., Inc.*, No. 3:18-0447, 2018 WL 7283275, at *2 (M.D. Tenn. July 13, 2018) ("The Court is of the opinion that a privilege log is contemplated, if not expressly required, by Fed. R. Civ. P. 26(b)(5)."). Please also note that "[c]ourts in the Sixth Circuit have held that '[a] party's failure to timely produce a privilege log can result in privilege waiver,'" *CommonSpirit Health v. HealthTrust Purchasing Grp., L.P.*, No. 3:21-0460, 2022 WL 19403855, at *2 (M.D. Tenn. Oct. 17, 2022) (quoting *McCall v. Procter & Gamble Co.*, No. 1:17-cv-406, 2019 WL 3997375, at *8 (S.D. Ohio Aug. 22, 2019)), and that we intend to assert such waiver in the event that a privilege log is not timely provided.

Further, I note your general objection that the requested documents may be obtained from another source, which is followed by boilerplate, and your objection that the records could be obtained in party discovery. You are presumably aware, of course, that another State entity (the Tennessee Comptroller) has routinely determined during audits that CoreCivic did not maintain legally required documents and spoliated records that it was obligated to maintain. You are also presumably aware that CoreCivic has falsified internal records: https://www.tennessean.com/story/news/crime/2020/08/26/after-tennessee-prisoners-suicide-corecivic-worker-faked-health-records/3404186001/. You may not be aware that—based on near-identical subpoenas issued in other cases, including current cases—it has often become clear that CoreCivic's internal records conflict with its reports to the TDOC. Moreover, what, specifically, CoreCivic told (or didn't tell) and provided (or didn't provide) to the TDOC in accordance with its statutorily mandated reporting obligations is relevant evidence. Accordingly, we are entitled to receive all responsive documents that CoreCivic provided the TDOC.

As to your specific objections: None has plausible merit.

1. The video footage related to Mr. Twilley's death has been provided to the TDOC; it is powerfully relevant evidence; and we are entitled to receive whatever portion of the footage that CoreCivic produced to the TDOC. Accordingly, you are expected to provide it.

2. All correspondence and incident reports received from CoreCivic regarding Mr. Twilley's death are rather obviously relevant to the Plaintiff's wrongful death claims. Providing these documents—merely dozens of pages—is not plausibly burdensome. As noted above, what, specifically, CoreCivic provided or did not provide the TDOC in accordance with its statutorily mandated reporting obligations is also relevant, particularly given CoreCivic's demonstrable history of providing conflicting information in internal reports versus reports that are provided to the TDOC. Accordingly, the TDOC is expected to provide these documents, as it has always done in the past.

3. All contract non-compliance reports and documents concerning CoreCivic liquidated damages penalties for March 2019-March 2022 are relevant to this action. Your objection that they are "a matter of public record and are available through other means" is not a serious objection. All it demonstrates is that the reports—which the TDOC has always provided in the past—are easily accessible, that the TDOC is obligated to provide them even without a subpoena, and that there is no undue burden associated with producing them. Accordingly, you are expected to produce them in their entirety.

4. Trousdale Turner Correctional Center's staffing rosters for March 21–28, 2022—documents spanning, at most, a few pages—are directly relevant to this action. There is no plausible burden associated with providing them, either, and the TDOC has always done so in response to near-identical subpoenas. Accordingly, you are expected to produce them.

5. All recordings or transcripts of testimony by TDOC officials, whether given during a lawsuit or during legislative hearings, concerning contract non-compliance, understaffing, or prison conditions at Trousdale Turner Correctional Center from March 2018 until the present time. Your objection that the "requested documents are a matter of public record and are available through other means" is unserious and serves only to

demonstrate that the TDOC is independently obligated to provide the requested documents to any Tennessee citizen who asks for them even without a subpoena. Your objection that "the request is overly broad and vague, to the extent it seeks unspecified transcripts or testimony, and that it is unduly burdensome in seeking all such vaguely referenced information" is similarly unserious, given that the requested materials are specified. To the extent you had difficulty comprehending it, though, legislative testimony like that given by the former TDOC Commissioner referenced here is responsive to the request: https://tennesseelookout.com/2022/09/27/lawmaker-raises-specter-of-federal-takeover-of-tennessee-prison-system/. Testimony given in depositions taken in other Trousdale Turner Correctional Center death cases—by TDOC contract monitors, TDOC employees, and others—is responsive, too. Accordingly, you are expected to produce all responsive transcripts in their entirety.

If you intend to maintain your objections, please inform me immediately so that we may confer promptly. Should you do so, we intend to move to compel the TDOC's compliance and intend to seek reasonable attorney's fees for having to do so, because your objections have no plausible merit and could not have been maintained honestly. Toward that end, please preserve your communications with CoreCivic regarding your objections as well.

All the best,

-Daniel Horwitz

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law

On Wed, Jul 26, 2023 at 4:11 PM Toni-Ann Dolan <[Toni-Ann.Dolan@ag.tn.gov](mailto:Toni-Ann.Dolan@ag.tn.gov)> wrote:

Good Afternoon Mr. Horwitz,

Attached please find TDOC's response and objection to the Subpoena you served on it regarding the *Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.* case.

Should you have any questions or concerns, please do not hesitate to contact me.

Best Regards,

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

[toni-ann.dolan@ag.tn.gov](mailto:toni-ann.dolan@ag.tn.gov)

# EXHIBIT H

| From: | Daniel Horwitz |
|---|---|
| To: | Toni-Ann Dolan |
| Cc: | Melissa Dix; Lindsay Smith; Donna Green; Scott C. Sutherland |
| Subject: | Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al. |
| Date: | Wednesday, November 8, 2023 2:55:55 PM |
| Attachments: | image001.png |

The attachments to these documents have never previously been sent subject to any kind of protection, and they are public records. Is there some reason why they are not being treated that way?

Best,

-Daniel

--
Daniel A. Horwitz
daniel.a.horwitz@gmail.com
www.danielhorwitz.com
www.horwitz.law

On Wed, Nov 8, 2023 at 2:32 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

> Good Afternoon,
>
> Please see attached the Part II of the requested documents.
>
> Best Regards,
>
> **Toni-Ann M. Dolan | Assistant Attorney General**
>
> Office of the Tennessee Attorney General
>
> Law Enforcement and Special Prosecutions Division
>
> P.O. Box 20207
>
> Nashville, TN 37202-0207
>
> p. 615.741.6739
>
> toni-ann.dolan@ag.tn.gov

Making the case for Tennessee

---

**From:** Toni-Ann Dolan
**Sent:** Wednesday, November 8, 2023 12:01 PM
**To:** Daniel Horwitz <daniel.a.horwitz@gmail.com>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; Donna Green <Donna.Green@AG.TN.GOV>; Scott C. Sutherland <Scott.Sutherland@ag.tn.gov>
**Subject:** RE: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Good Afternoon, Daniel,

Please see attached records in response to your Request No. 3. This is Part 1 of 2. The second batch will be sent in the next couple of hours as we are bates-stamping them now. The attachments, if any, to each of these liquidated damages letters will be sent under the protective order. We will also give you the full copy, unredacted, of the staffing rosters, in response to your Request No. 4 as soon as the protective order is in place.

Please do not hesitate to contact me with any questions.

Best Regards,

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov



Making the case for Tennessee

**From:** Daniel Horwitz <daniel.a.horwitz@gmail.com>
**Sent:** Wednesday, November 8, 2023 12:32 AM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; Donna Green <Donna.Green@ag.tn.gov>; Scott C. Sutherland <Scott.Sutherland@ag.tn.gov>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Toni-Ann,

I am still waiting for a host of non-confidential records from you that you indicated would be furnished more than two months ago per your email below this one. Please send them immediately, meaning today, 11/8.

Best,

-Daniel

--

Daniel A. Horwitz

daniel.a.horwitz@gmail.com

www.danielhorwitz.com

> On Sep 1, 2023, at 2:00 PM, Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:
>
> Daniel,
>
> I received some information in error. We will be providing you with the liquidated damages documents as well as the staffing rosters. The liquidated

damages documents are voluminous, and I am in the process of downloading everything to our system. We will have everything to you next week. If we are able to get everything to you today, I will do so.

Thank you for your cooperation and I hope you enjoy the long weekend.

Toni-Ann

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

<image001.png>

---

**From:** Daniel Horwitz <daniel.a.horwitz@gmail.com>
**Sent:** Friday, September 1, 2023 1:08 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; Donna Green <Donna.Green@ag.tn.gov>; Scott C. Sutherland <Scott.Sutherland@ag.tn.gov>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

The documents are not "sensitive"; indeed, as your own objection letter states, they are "public record[s]." The TDOC has also previously produced identical documents without a protective order in several of our pending and previous cases. So no.

Best,

-Daniel

--

Daniel A. Horwitz

daniel.a.horwitz@gmail.com

www.danielhorwitz.com


On Sep 1, 2023, at 12:57 PM, Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:


Good Afternoon Daniel,


We are prepared to produce all documents with respect to your Requests 3 and 4 in the Subpoena. Will you agree to a protective order since the documents contain sensitive information?


If you are in agreement, I will send you over a draft of the protective order today.


Thank you in advance.


Toni-Ann


**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

<image001.png>

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Tuesday, August 29, 2023 4:13 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan <Liz.Evan@ag.tn.gov>; Polly, Erin Palmer <Erin.Polly@klgates.com>; Donna Green <Donna.Green@ag.tn.gov>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Please provide your privilege log. We will expect to receive it by 8/31.

Best,

-Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Tue, Aug 29, 2023 at 4:08 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

Daniel,

To the extent that TDOC has asserted the prosecutorial privilege, and that the DA has waived that objection, TDOC has no intention of re-asserting that privilege. However, TDOC maintains all other previously lodged objections in its July 26, 2023 letter.

Thank you.

Best Regards,

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Tuesday, August 29, 2023 10:45 AM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz Evan <Liz.Evan@ag.tn.gov>; Polly, Erin Palmer <Erin.Polly@klgates.com>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Absolutely not.  We are not staying this for a year so you can just reassert baseless objections a year from now—objections that you cannot even plausibly maintain in good faith given the District Attorney's own agreement to this proposal.  So please either talk to your client again and get an acceptable answer or tell me when you want to meet and confer before we move to compel the TDOC's compliance in light of its bad-faith behavior and objections.  I note the TDOC is several weeks late in producing records that it agreed to produce, by the way.

Best,

-Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law

On Tue, Aug 29, 2023 at 10:30 AM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

Good Morning Daniel,

TDOC is agreeable to staying the proceedings; however, it expressly reserves the right to assert any objections, based on privilege or otherwise, at the appropriate time.

Thank you.

Best Regards,

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

<image001.png>

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Thursday, August 24, 2023 12:51 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org; Liz

Evan <Liz.Evan@ag.tn.gov>; Polly, Erin Palmer
<Erin.Polly@klgates.com>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of
Tennessee, LLC, et al.

We have discussed this internally at length. While we do
not believe these objections are meritorious, we had a
productive meeting with the District Attorney's office
earlier this week. Based on that meeting, in lieu of
moving to compel immediate compliance with subpoenas
seeking inarguably relevant records that we are
entitled to receive, we are willing to temporarily stay
further proceedings and discovery in this case pending
the completion of the District Attorney's prosecutions in
this matter. The expectation would be that—once the
prosecutions have concluded by plea or trial—the records
that are responsive to these subpoenas would then be
turned over to us. If everyone is on board with that
solution, please let me know, and we will file a consent
motion to stay based on that agreement.

Best,

-Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law

On Wed, Aug 9, 2023 at 11:17 AM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

Good Afternoon,

Would everyone be available tomorrow afternoon?  If not, we can look at dates next week.

Thanks!

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

<image001.png>

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Friday, August 4, 2023 10:51 AM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com; wasutter@tndagc.org
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Toni-Ann:

At your convenience, I look forward to learning whether or not you intend to have all of us come to meet with you on Monday afternoon.


Best,


-Daniel


--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law





On Sat, Jul 29, 2023 at 6:52 PM Daniel A. Horwitz <daniel@horwitz.law> wrote:

> Yes. The overwhelming majority of requested documents also have nothing to do with the prosecution, as you know, so I will expect you to produce those. Please bring your supervisor, too, since that person is responsible for making sure you don't assert flagrantly baseless objections and quite clearly has not done their job here.
>
>
> Best,

-Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Fri, Jul 28, 2023 at 6:01 PM Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov> wrote:

> I may have an appearance in Knoxville that day. I will have confirmation hopefully by the afternoon on this coming Monday. I can pencil that in and keep you posted if that works for you.
>
> Get Outlook for iOS
>
> ---
>
> **From:** Daniel A. Horwitz <daniel@horwitz.law>
> **Sent:** Friday, July 28, 2023 5:58:32 PM
> **To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
> **Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>; David Wickenheiser <David.Wickenheiser@ag.tn.gov>; Terrence.mckelvey@klgates.com <Terrence.mckelvey@klgates.com>; wasutter@tndagc.org <wasutter@tndagc.org>
> **Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

How is the afternoon of August 7th?

Best,

-Daniel

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Fri, Jul 28, 2023 at 5:44 PM Toni-Ann Dolan
<Toni-Ann.Dolan@ag.tn.gov> wrote:

> Good Afternoon, Daniel,
>
> Thank you for your response.  At this time, we stand
> by our objections to the issued Subpoena.  Our
> biggest concern is that turning over some of the
> requested documents infringes upon the investigatory
> privilege of the DA.  Further, some of the categories
> of items request that the State turn over active
> investigation files.  At this time, our position is that
> we cannot override the DA's investigative authority.
>  We understand that is unacceptable to you.
>
> However, in the interest of compromise, and in a

good faith effort to resolve these issues, we would propose an in-person meet and confer to be held at our office. We would invite the DA's Office and CoreCivic to participate in the meeting as well. Please let me know your availability and we can get something on the calendar.

I look forward to speaking with you soon. Thank you.

Best Regards,

Toni-Ann M. Dolan

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov

<image001.png>

---

**From:** Daniel A. Horwitz <daniel@horwitz.law>
**Sent:** Wednesday, July 26, 2023 5:20 PM
**To:** Toni-Ann Dolan <Toni-Ann.Dolan@ag.tn.gov>
**Cc:** Melissa Dix <melissa@horwitz.law>; Lindsay Smith <lindsay@horwitz.law>
**Subject:** Re: Lakenya McGhee-Twilley v. CoreCivic of Tennessee, LLC, et al.

Toni-Ann:

Although I know better, given your office's relentless bad faith and dishonesty, I will respond to this letter under the assumption that you subjectively believed your baseless objections were lodged in good faith.

To begin with your generalized privilege objection, to the extent you are claiming a privilege applies to a document based on your "understand[ing]" of an external investigation, you are expected to provide a privilege log identifying the documents that you contend are privileged and the specific basis for your objection. I will note that because I have issued essentially the same subpoena half a dozen times in similar cases, and I am well aware that the documents responsive to it are not actually privileged, and you are the first attorney to contend otherwise. I also suspect that you did not actually review the responsive documents before asserting a privilege based on your professed "understand[ing]." Nonetheless, in keeping with the legal fiction that you are lodging your objections in good faith, you are invited to furnish a privilege log, which Magistrate Judge Holmes expects. *See Louisiana-Pac. Corp. v. James Hardie Bldg. Prod., Inc.*, No. 3:18-0447, 2018 WL 7283275, at *2 (M.D. Tenn. July 13, 2018) ("The Court is of the opinion that a privilege log is contemplated, if not expressly required, by Fed. R. Civ. P. 26(b)(5)."). Please also note that "[c]ourts in the Sixth Circuit have held that '[a] party's failure to timely produce a privilege log can result in privilege waiver,'" *CommonSpirit Health v. HealthTrust Purchasing Grp., L.P.*, No. 3:21-0460, 2022 WL 19403855, at *2 (M.D. Tenn. Oct. 17, 2022) (quoting *McCall v. Procter & Gamble Co.*, No. 1:17-cv-406, 2019 WL 3997375, at *8 (S.D. Ohio Aug. 22, 2019)), and that we intend to assert such waiver in the event that a privilege log is not timely provided.

Further, I note your general objection that the requested documents may be obtained from another source, which is followed by boilerplate, and your objection that the records could be obtained in party discovery. You are presumably aware, of course, that another State entity (the Tennessee Comptroller) has routinely determined during audits that CoreCivic did not maintain legally required documents and spoliated records that it was obligated to maintain. You are also presumably aware that CoreCivic has falsified internal records: https://www.tennessean.com/story/news/crime/2020/08/26/after-tennessee-prisoners-suicide-corecivic-worker-faked-health-records/3404186001/. You may not be aware that—based on near-identical subpoenas issued in other cases, including current cases—it has often become clear that CoreCivic's internal records conflict with its reports to the TDOC. Moreover, what, specifically, CoreCivic told (or didn't tell) and provided (or didn't provide) to the TDOC in accordance with its statutorily mandated reporting obligations is relevant evidence. Accordingly, we are entitled to receive all responsive documents that CoreCivic provided the TDOC.

As to your specific objections: None has plausible merit.

1. The video footage related to Mr. Twilley's death has been provided to the TDOC; it is powerfully relevant evidence; and we are entitled to receive whatever portion of the footage that CoreCivic produced to the TDOC. Accordingly, you are expected to provide it.

2. All correspondence and incident reports

received from CoreCivic regarding Mr. Twilley's death are rather obviously relevant to the Plaintiff's wrongful death claims. Providing these documents—merely dozens of pages—is not plausibly burdensome. As noted above, what, specifically, CoreCivic provided or did not provide the TDOC in accordance with its statutorily mandated reporting obligations is also relevant, particularly given CoreCivic's demonstrable history of providing conflicting information in internal reports versus reports that are provided to the TDOC. Accordingly, the TDOC is expected to provide these documents, as it has always done in the past.

3. All contract non-compliance reports and documents concerning CoreCivic liquidated damages penalties for March 2019-March 2022 are relevant to this action. Your objection that they are "a matter of public record and are available through other means" is not a serious objection. All it demonstrates is that the reports —which the TDOC has always provided in the past—are easily accessible, that the TDOC is obligated to provide them even without a subpoena, and that there is no undue burden associated with producing them. Accordingly, you are expected to produce them in their entirety.

4. Trousdale Turner Correctional Center's staffing rosters for March 21–28, 2022— documents spanning, at most, a few pages—are directly relevant to this action. There is no plausible burden associated with providing them, either, and the TDOC has always done so in response to near-identical subpoenas. Accordingly, you are expected to produce them.

5. All recordings or transcripts of testimony by TDOC officials, whether given during a lawsuit or during legislative hearings, concerning

contract non-compliance, understaffing, or prison conditions at Trousdale Turner Correctional Center from March 2018 until the present time. Your objection that the "requested documents are a matter of public record and are available through other means" is unserious and serves only to demonstrate that the TDOC is independently obligated to provide the requested documents to any Tennessee citizen who asks for them even without a subpoena. Your objection that "the request is overly broad and vague, to the extent it seeks unspecified transcripts or testimony, and that it is unduly burdensome in seeking all such vaguely referenced information" is similarly unserious, given that the requested materials are specified. To the extent you had difficulty comprehending it, though, legislative testimony like that given by the former TDOC Commissioner referenced here is responsive to the request: [https://tennesseelookout.com/2022/09/27/lawmaker-raises-specter-of-federal-takeover-of-tennessee-prison-system/](https://tennesseelookout.com/2022/09/27/lawmaker-raises-specter-of-federal-takeover-of-tennessee-prison-system/). Testimony given in depositions taken in other Trousdale Turner Correctional Center death cases—by TDOC contract monitors, TDOC employees, and others—is responsive, too. Accordingly, you are expected to produce all responsive transcripts in their entirety.

If you intend to maintain your objections, please inform me immediately so that we may confer promptly. Should you do so, we intend to move to compel the TDOC's compliance and intend to seek reasonable attorney's fees for having to do so, because your objections have no plausible merit and could not have been maintained honestly. Toward that end, please preserve your communications with CoreCivic regarding your objections as well.

All the best,

**-Daniel Horwitz**

--

Daniel A. Horwitz, Esq.

Horwitz Law, PLLC

daniel@horwitz.law

www.Horwitz.Law



On Wed, Jul 26, 2023 at 4:11 PM Toni-Ann Dolan
<Toni-Ann.Dolan@ag.tn.gov> wrote:

Good Afternoon Mr. Horwitz,

Attached please find TDOC's response and
objection to the Subpoena you served on it
regarding the *Lakenya McGhee-Twilley v.
CoreCivic of Tennessee, LLC, et al.* case.

Should you have any questions or concerns, please
do not hesitate to contact me.

Best Regards,

**Toni-Ann M. Dolan | Assistant Attorney General**

Office of the Tennessee Attorney General

Law Enforcement and Special Prosecutions Division

P.O. Box 20207

Nashville, TN 37202-0207

p. 615.741.6739

toni-ann.dolan@ag.tn.gov