IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

LAKENYA McGHEE-TWILLEY individually )
and as next-of-kin to the deceased, )
Marktavious Twilley )
                                                     )     Case No. 3:23-cv-00077
v. )    Judge Campbell
                                                     )     Magistrate Judge Holmes
CORECIVIC OF TENNESSEE, LLC *et al.* )

# O R D E R

Pending before the Court is non-party Tennessee Department of Corrections' ("TDOC") "Motion for Relief from Order and for Stay of Prior Court Order" (Docket No. 57)[1], which, as detailed below, is **GRANTED IN PART** and is otherwise taken under advisement and shall therefore remain pending.

In its motion, TDOC asks the Court for: (1) permission to file a response to Plaintiff's pending motion for leave to file documents under seal (Docket No. 35); and (2) a stay of certain portions of the Court's February 6, 2024 order (Docket No. 54) that unsealed certain documents that Plaintiff filed in connection with her motion for leave to file documents under seal (Docket No. 35).

The Court understands that its action on the motion to seal (Docket No. 35) prior to expiration of the time for response triggered a series of events that have now resulted in substantial time and resources of the parties and parties-in-interest, not to mention judicial resources. Such

---

[1] The docket entry description for TDOC's motion refers to the motion as one for TDOC to be permitted to file a response, which is, at least, slightly confusing and may implicate an entirely different standard of review than the relief actually sought by TDOC. Nevertheless, the Court will treat the motion as one under Rule 60(b)(1), as requested in the supporting memorandum. And, in that regard, TDOC's counsel is reminded that supporting memoranda of law are to be filed separately from the underlying motion. *See* Local Rule 7.01(a)(2).

action was however entirely within the Court's discretion under Local Rule 7.01(b). The appropriate manner for any party or party-in-interest to proceed would have been to file a motion for reconsideration under Local Rule 7.01(b). Or better yet, for counsel to confer and attempt to resolve the underlying issues without a motion. Because there seems to be a lack of regard for the Court's local rules, including the requirement under Local Rule 7.01(a)(1) for conferences between or among counsel prior to the filing of most all motions, all parties and parties-in-interest and their counsel are put on notice that, going forward, failure to comply with local rules will become increasingly consequential.

As to the instant motion (Docket No. 57), the Court **ORDERS** as follows:

1. TDOC's request for a stay of certain portions of the Court's February 6, 2024 order (Docket No. 54) is **GRANTED** as follows:

    a. Paragraph 3 of the Court's February 6, 2024 order (Docket No. 54) – which unsealed the documents located at Docket Entry Nos. 35-2, 35-3, 35-4, 35-5, and 35-6 – is **STAYED** pending resolution of TDOC's "Motion for Relief from Order and for Stay of Prior Court Order" (Docket No. 57).

    b. The documents located at Docket Entry Nos. 35-2, 35-3, 35-4, 35-5, and 35-6 shall be and remain **SEALED** pending resolution of TDOC's "Motion for Relief from Order and for Stay of Prior Court Order" (Docket No. 57).

    c. The document located at Docket Entry No. 35-1 shall remain **SEALED** pending further briefing, as detailed in the Court's February 6, 2024 order (Docket No. 54).

    d. The Court's February 6, 2024 order (Docket No. 54) otherwise remains in full force and effect.

2. Aside from the relief provided in Paragraph 1 above, TDOC's "Motion for Relief from Order and for Stay of Prior Court Order" (Docket No. 57) remains pending subject to the briefing detailed below.

3. Counsel for TDOC and for Plaintiff must promptly, and by no later than **February 9, 2024**, confer regarding the relief requested in TDOC's "Motion for Relief from Order and for Stay of Prior Court Order." (Docket No. 57.) If the parties reach an agreement regarding the requested relief, Plaintiff must file a notice of no opposition or the parties jointly must file a motion for entry of an order reciting any other agreed-upon resolution by no later than **February 13, 2024**.

4. Otherwise, Plaintiff must, by no later than **February 13, 2024**, file a response to TDOC's "Motion for Relief from Order and for Stay of Prior Court Order" (Docket No. 57). Plaintiff's response must address whether TDOC may be permitted to now respond to Plaintiff's motion for leave to file documents under seal (Docket No. 35). Plaintiff's response shall not exceed 10 pages (inclusive of case caption and signatures, but exclusive of certificate of service). Failure to file a timely response will result in the requested relief being granted.

5. TDOC may, by no later than **February 16, 2024**, file an optional reply, of no more than 3 pages (inclusive of case caption and signatures, but exclusive of certificate of service), to any response by Plaintiff.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

3

Case 3:23-cv-00077    Document 58    Filed 02/07/24    Page 3 of 3 PageID #: 5501