IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| LAKENYA MCGHEE-TWILLEY, individually, and as next-of-kin to the deceased, MARKTAVIOUS TWILLEY, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case 3:23-cv-00077 |
| CORECIVIC OF TENNESSEE, LLC, as owner and operator of TROUSDALE TURNER CORRECTIONAL CENTER, and MARTIN FRINK, LARODERICK MCDAVID, DENNIS KAISER, | § § § § § § § | JURY DEMANDED |
| *Defendants*. | § | |

**PLAINTIFF'S NOTICE REGARDING FEBRUARY 7, 2024 ORDER [Doc. 58] AND PARTIAL OPPOSITION TO TENNESSEE DEPARTMENT OF CORRECTION'S "MOTION FOR RELIEF FROM ORDER AND FOR STAY OF PRIOR COURT ORDER" [Doc. 57]**

## I. INTRODUCTION

Comes now the Plaintiff, through counsel, and respectfully responds to the Court's February 7, 2024 Order and the TDOC's "Motion for Relief from Order and for Stay of Prior Court Order" as instructed. *See* Doc. 58 at 3. The Plaintiff has conferred with the TDOC's counsel as instructed, and for the reasons detailed below, the Plaintiff's position on the TDOC's motion is as follows:

1. The Plaintiff does not oppose the TDOC's motion to the extent it seeks to "respond" beyond the deadline imposed by this Court's local rules. The Plaintiff views whether to permit an untimely response as a matter that is solely entrusted to the Court's discretion under Local Rule 1.01(a). Thus, the Plaintiff defers to the Court to determine

whether such relief is warranted.

2. The Plaintiff does oppose both the entry of a stay and the requested resealing of the documents at issue. Resealing previously unsealed records is not appropriate, given that the law prohibits resealing. *See, e.g., In re Owens*, 843 F. App'x 677, 678 (6th Cir. 2021) ("'[s]ecrecy is a one-way street: [o]nce information is published, it cannot be made secret again.'") (quoting *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008); *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 449 (5th Cir. 2019) ("unsealing a document cannot be undone, for '[s]ecrecy is a one-way street' and '[o]nce information is published, it cannot be made secret again.'") (quoting *In re Copley Press, Inc.*, 518 F.3d at 1025). Thus, the Court's stay should be lifted, and the TDOC's request for resealing should be denied.

## II. PROCEDURAL HISTORY

On December 29, 2023, six documents were filed under seal. *See* Doc. 35- 1–6. The Plaintiff—who filed the documents at issue but was not the sealing proponent—recited in her motion that, "under Local Rule 5.03(b), the burden of meeting the requirements for sealing will fall to the designating parties." *See* Doc. 35 at 2; *see also* Local Rule 5.03(b) ("the party who designated the materials as confidential or otherwise seeks to restrict access to the materials retains the burden of meeting the requirements set out in subsection (a), either in a joint motion to seal or in a response under LR 7.01(a)(3).").

Under Local Rule 7.01(a)(3), a response to the Plaintiff's motion to seal was due "not later than fourteen (14) days after service of the motion." *See id.* District Attorney Lawson met this deadline and responded by the applicable January 12, 2024 deadline to support the continued sealing of Doc. 35-1. *See* Doc. 39. The TDOC did not file a

response, though. Thus, no one timely (or at all) advocated for continued sealing of Docs. 35-2, 35-3, 35-4, 35-5, or 35-6.

On February 6, 2024, this Court—appropriately, in the Plaintiff's view—entered an order holding in pertinent part as follows:

> The documents located at Docket Entry Nos. 35-2, 35-3, 35-4, 35-5, and 35-6 shall be **UNSEALED**. No party or non-party responded to Plaintiff's motion for leave to file documents under seal (Docket No. 35) to argue that these five documents should remain under seal. The only response to the motion was made by non-party Attorney General Jason Lawson with respect to the document located at Docket Entry No. 35-1. Accordingly, there is no basis to seal the documents located at Docket Entry Nos. 35-2, 35-3, 35-4, 35-5, and 35-6. However, the document located at Docket Entry No. 35-1 shall remain under seal pending further briefing, as detailed below.

*See* Doc. 54 at 1–2.

The TDOC then filed a "Motion for Relief from Order and for Stay of Prior Court Order." *See* Doc. 57. The motion states that the TDOC seeks "to be permitted to file a response to Plaintiff's Motion for Leave to File Documents Under Seal[,]" *see* Doc. 57 at 1, and although the documents had already been unsealed by the time the motion was filed, the TDOC asks this Court "to stay operation of the Order to preserve the confidentiality of the documents at issue until decided." *Id.* As justification, the TDOC asserts that its failure to file a timely (or any) response to support continued sealing of the documents at issue constituted "excusable neglect" within the meaning of Rule 60(b). *See* Doc. 57-1 at 3.

The Court then entered another order on February 7, 2024. *See* Doc. 58. As relevant here, the Court's February 7, 2024 order states that: "Paragraph 3 of the Court's February 6, 2024 order (Docket No. 54) – which unsealed the documents located at Docket Entry Nos. 35-2, 35-3, 35-4, 35-5, and 35-6 – is **STAYED** pending resolution of TDOC's 'Motion for Relief from Order and for Stay of Prior Court Order' (Docket No. 57)."

*See* Doc. 58 at 2. The order further provides that: "The documents located at Docket Entry Nos. 35-2, 35-3, 35-4, 35-5, and 35-6 shall be and remain **SEALED** pending resolution of TDOC's 'Motion for Relief from Order and for Stay of Prior Court Order' (Docket No. 57)." *Id.* The Court additionally ordered that:

> Counsel for TDOC and for Plaintiff must promptly, and by no later than February 9, 2024, confer regarding the relief requested in TDOC's "Motion for Relief from Order and for Stay of Prior Court Order." (Docket No. 57.) If the parties reach an agreement regarding the requested relief, Plaintiff must file a notice of no opposition or the parties jointly must file a motion for entry of an order reciting any other agreed-upon resolution by no later than February 13, 2024.

*Id.*

Afterward, the Plaintiff's counsel and the TDOC's counsel conferred as instructed. For the reasons detailed below, the Plaintiff does not oppose the TDOC's motion to the extent it seeks to "respond." However, the Plaintiff does oppose both the entry of a stay and the resealing of the documents at issue, which the law does not permit.

### III. ARGUMENT

**A. THE PLAINTIFF DEFERS TO THE COURT REGARDING WHETHER TO PERMIT THE TDOC TO FILE AN UNTIMELY RESPONSE.**

The Plaintiff does not oppose the TDOC's motion to the extent it seeks to "respond." Although a response was due by January 12, 2024, *see* Local Rule 7.01(a)(3), and although no extension was sought either before or after that deadline expired, the Plaintiff acknowledges this Court's authority under Local Rule 1.01(a) to "deviate from any provision of any Local Rule of this Court, when appropriate for the needs of the case and the administration of justice." *Id.*

To be sure, the Plaintiff doubts that excusable neglect within the meaning of Rule 60(b) has been demonstrated here. *See, e.g., Yeschick v. Mineta*, 675 F.3d 622, 631 (6th

Cir. 2012) ("Yeschick's failure to respond to the motion for summary judgment does not constitute excusable neglect."); *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 558 (6th Cir. 1996) ("a litigant's carelessness or negligence does not constitute grounds for relief under Rule 60(b)(1), Fed.R.Civ.P."), *Deran Mktg. Corp. v. Fisher Foods, Inc.*, 787 F.2d 589 (6th Cir. 1986) ("A number of courts have held that attorney negligence generally does not constitute excusable neglect under Rule 60(b)(1)[.]") (collecting cases).

The Plaintiff also does not believe that Rule 60(b)—the ostensible source of the TDOC's requested relief—applies here, given that the order at issue does not impose upon the TDOC any obligation from which it needs to be (or can be) "relieve[d]." *See* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . .").

The Plaintiff nonetheless recognizes that Local Rule 1.01(a) "gives this Court discretion" to allow the TDOC to file an out-of-time response. *See Thomas v. Imperial Cleaning Sys., Inc.*, No. 3:18-CV-00772, 2019 WL 3210101, at *3 (M.D. Tenn. June 20, 2019), *report and recommendation adopted*, No. 3:18-CV-00772, 2019 WL 3202999 (M.D. Tenn. July 16, 2019). As a result, the Plaintiff defers to this Court's discretion regarding whether to permit one. The Plaintiff does not oppose allowing the TDOC to file a response, though, in large part because—as detailed below—she considers the dispute moot by operation of law, which prohibits resealing. As a result, the TDOC's response should have no effect on these proceedings or the rights of the parties or the public.

**B.    DOCUMENTS MAY NOT LAWFULLY BE "RESEALED," SO RESEALING IS NOT APPROPRIATE, AND NEITHER IS A STAY.**

"'[S]ecrecy is a one-way street: [o]nce information is published, it cannot be made

secret again.'" *See In re Owens*, 843 F. App'x 677, 678 (6th Cir. 2021) (quoting *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008)); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013) ("once the parties' confidential information is made publicly available, it cannot be made secret again.") (citing *Ameziane v. Obama*, 620 F.3d 1, 5 (D.C.Cir.2010); *In re Copley Press, Inc.*, 518 F.3d at 1025). That is because "[t]he law cannot recall information once it is in the public domain." *Star-Telegram, Inc. v. Walker*, 834 S.W.2d 54, 57 (Tex. 1992). Instead, "[o]nce the information is disclosed, the 'cat is out of the bag' and appellate review is futile." *Al Odah v. United States*, 559 F.3d 539, 544 (D.C. Cir. 2009).

Given this context, once a document has been unsealed, federal law holds that "**unsealing a document cannot be undone[.]**" *See Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 449 (5th Cir. 2019) (emphasis added) ("unsealing a document cannot be undone, for '[s]ecrecy is a one-way street' and '[o]nce information is published, it cannot be made secret again.'") (quoting *In re Copley Press, Inc.*, 518 F.3d at 1025). Undoing this Court's earlier unsealing order is precisely the relief that the TDOC—which bears sole responsibility for the situation presented here—is seeking, though. In particular, after this Court ordered, on February, 6, 2024, that the documents at issue "shall be **UNSEALED**[,]" *see* Doc. 54 at 1—and after those documents were made available on the Court's public docket to anyone who was interested in them for at least a day—the TDOC now apparently wants an opportunity to argue that they should be resealed. *See* Doc. 57-1.

This Court cannot order the requested relief. "Unsealing a document cannot be undone[.]" *See Vantage Health Plan, Inc.*, 913 F.3d at 449. That is true not only as a legal matter, but also as a practical one, as all of the observers of the Court's public

docket—which is available to anyone with a PACER account and an internet connection—and users of repositories like DocketBird and PacerMonitor cannot realistically be *identified*, let alone ordered to return the documents that this Court previously ordered unsealed. *Cf. Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 496, 95 S. Ct. 1029, 1047, 43 L. Ed. 2d 328 (1975) ("Once true information is disclosed in public court documents open to public inspection, the press cannot be sanctioned for publishing it."); *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("What transpires in the court room is public property. . . . Those who see and hear what transpired can report it with impunity.").

For all of these reasons, though the Plaintiff has no problem allowing the TDOC to "respond" to the Plaintiff's motion, the Plaintiff objects to any stay of this Court's unsealing order. The Plaintiff certainly objects to any "resealing" of the documents at issue, which is beyond any American court's lawful authority. *See supra* at 5–7.

To the extent the Court is concerned about the TDOC's claim that the documents "could pose a security risk and threat to the public[,]" *see* Doc. 57-1 at 5, the Court can also rest assured that the claim lacks any merit. The documents that were unsealed are substantively identical to those that the TDOC has produced *without any claim of confidentiality whatsoever* in past cases in response to near-identical subpoenas. This Court can find such examples on the docket here, *see* Doc. 21-3, Doc. 21-4, and it can also find them on dockets elsewhere. *See, e.g.,* Tardy v. CoreCivic, MDTN 3:22-cv-00681, Docket No. 44-4. Those examples, of course, do not include the much larger subset of cases in which the same documents were produced but never came to be filed on a public docket, either.

Simply put: The TDOC's professed claim of "a security risk and threat to the public" (Doc. 57-1 at 5) is not credible. Essentially the same documents have repeatedly been

- 7 -
Case 3:23-cv-00077    Document 59    Filed 02/07/24    Page 7 of 9 PageID #: 5508

produced by the TDOC in past cases without even a claim of confidentiality. The only explanation that the Plaintiff can come up with to explain why the same documents are now being treated so much differently here is that—internally, and for reasons that the Plaintiff cannot begin to explain—the TDOC appears to have referred to its treatment of its production obligations in this case as an exercise in "shenanigans"[1] and behaved accordingly.

### IV. CONCLUSION

The Plaintiff defers to the Court as to whether to permit the TDOC to file an untimely response. The TDOC's motion should otherwise be denied, and the stay the Court issued on February 7, 2024 should be lifted.

Respectfully submitted,

/s/ Daniel A. Horwitz
Daniel A. Horwitz, BPR #032176
Lindsay Smith, BPR #035937
Melissa Dix, BPR #038535
HORWITZ LAW, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
lindsay@horwitz.law
melissa@horwitz.law
(615) 739-2888

*Counsel for Plaintiff*

---

[1] The document at issue—a public record of an email sent by TDOC Senior Associate Counsel Laney Heard regarding the Plaintiff's document subpoena that is bates-numbered LAWSON EMAILS_000077—has been marked "CONFIDENTIAL" for some reason, so the Plaintiff has not filed it pending a protective-order-required dispute conference about the designation that is presently underway. *See* Doc. 34 at 5–6. Given the time-sensitive nature of the Court's order, though, *see* Doc. 58, the Plaintiff thought it best to file this response as soon as it was ready.

- 8 -
Case 3:23-cv-00077    Document 59    Filed 02/07/24    Page 8 of 9 PageID #: 5509

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of February, 2024, a copy of the foregoing and all exhibits and attachments were sent via CM/ECF, or via email, to:

Joe Welborn
Erin Palmer Polly
Terrence M. McKelvey
222 Second Avenue, South
Suite 1700
Nashville, Tennessee 37201
Joe.Welborn@klgates.com
Erin.Polly@klgates.com
terrence.mckelvey@klgates.com

*Counsel for Defendants*


David Wickenheiser | Assistant Attorney General
Law Enforcement and Special Prosecutions Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
615.532.7277
David.Wickenheiser@ag.tn.gov

*Counsel for District Attorney Lawson*


Toni-Ann M. Dolan | Assistant Attorney General
Office of the Tennessee Attorney General
Law Enforcement and Special Prosecutions Division
P.O. Box 20207
Nashville, TN 37202-0207
p. 615.741.6739
toni-ann.dolan@ag.tn.gov

*Counsel for the Tennessee Department of Correction*

            By:  /s/ Daniel A. Horwitz
                  Daniel A. Horwitz, BPR #032176

- 9 -
Case 3:23-cv-00077   Document 59   Filed 02/07/24   Page 9 of 9 PageID #: 5510