IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LAKENYA MCGHEE-TWILLEY, Individually and as Next of Kin to the Deceased, MARKTAVIOUS TWILLEY, <br><br> Plaintiff, <br><br> v. <br><br> CORECIVIC OF TENNESSEE, LLC, MARTIN FRINK, DENNIS KAISER, and LARODERICK MCDAVID, <br><br> Defendants. | Civil Action Number 3:23-CV-77 <br> District Judge William L. Campbell, Jr. <br> Magistrate Judge Barbara D. Holmes <br> Jury Demand |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Defendants CoreCivic of Tennessee, LLC ("CoreCivic"), Martin Frink, Dennis Kaiser, and Laroderick McDavid respectfully request that the Court deny Plaintiff LaKenya McGhee-Twilley's Motion for Leave to File a First Amended Complaint and specifically request that the Court deny Plaintiff's attempt to join two new defendants -- Christopher Jones ("Jones") and Delores Stokes ("Stokes") -- almost one year after expiration of the applicable statutes of limitations for the claims against them.[1]  The incident that is at issue in this lawsuit took place on March 28, 2022.  (Docket Entry 67-1 ¶ 1).  Plaintiff knew of the involvement of Jones and Stokes as early as May 23, 2022, when the undersigned counsel produced Incident Statements specifying their involvement pursuant to a request made under the Tennessee Open Records Act.  At the latest, Plaintiff knew of the involvement of Jones and Stokes by January 25, 2023, because she included the Incident Statements that they drafted as an attachment to her original Complaint filed

---

[1] Defendants to not otherwise object to the Motion for Leave to File a First Amended Complaint.

317916790.2

on that date. (Docket Entry 1-2 at 9-11). Plaintiff, however, inexplicably waited until more than ten months after the statutes of limitations against Jones and Stokes expired to attempt to assert claims against them. While Plaintiff relies on inapplicable rules and statutes and even somehow faults Defendants for her delay, the fault lies squarely at Plaintiff's feet. Her claims against Jones and Stokes are untimely by almost one year, and the Court should not permit her to belatedly assert claims against them. The Court should deny Plaintiff's Motion as a result.[2]

## I. LAW AND ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that if a party no longer can amend its pleading as a matter of course under Rule 15(a)(1), it "may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2); *Gunter v. Trousdale County*, 2023 WL 7336406, at *3 (M.D. Tenn. Nov. 7, 2023). While courts should freely give leave to amend when justice so requires, denial may nonetheless be appropriate when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Gunter*, 2023 WL 7336406, at *3 (quoting *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016)); *see Schuchardt v. Tennessee*, 2023 WL 9418663, at *2 (M.D. Tenn. Oct. 20, 2023).

"Delay by itself is not sufficient reason to deny a motion to amend." *In re Aredia and Zometa Products Liability Litigation*, 2010 WL 3782109, at *1 (M.D. Tenn. Sept. 22, 2010) (quoting *Wade v. Knoxville Utilities Board*, 259 F.3d 452, 458 (6th Cir. 2011)). However, "[w]hen

---

[2] Plaintiff contends that the Court previously held that she is permitted to file an Amended Complaint. (Docket Entry 68 at 1) ("Defendants have stated -- without offering an explanation -- that they oppose allowing the Plaintiff to do exactly what she said she would do and what this Court has already ordered that she is permitted to do."). This is inaccurate. The Court enlarged the deadline to file a motion to amend or to add parties. (Docket Entry 47). The Court did not *sua sponte* determine that any such amendment would be proper and permissible. (*Id.*).
2
317916790.2
Case 3:23-cv-00077   Document 74   Filed 02/28/24   Page 2 of 18 PageID #: 5759

amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." (*In Re Aredia*, 2010 WL 3782109, at *1 (quoting *Wade*, 259 F.3d at 458). Likewise, a court "should deny leave to amend on the ground that the proposed amendment would be futile." *Dixon v. Metropolitan Police Department*, 2016 WL 4154256, at *1 (M.D. Tenn. July 8, 2016). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Insurance Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see Riverview Health Institute, LLC v. Middletown Surgical Associates, Inc.*, 601 F.3d 505, 512 (6th Cir. 2010). "[A] district court may deny a motion to amend based on a legal conclusion that a proposed amendment adding a party would be futile; for instance, denial of a motion to amend is appropriate if the court concludes that the claims filed against the party are untimely." *Bass v. 84 Lumber Co.*, 2014 WL 2207928, at *2 (M.D. Tenn. May 28, 2014).

### A. Any Amendment to Name Jones and Stokes as Parties Would Be Futile.

Through her proposed Amended Complaint, Plaintiff seeks to assert two claims against Jones and Stokes -- an Eighth Amendment claim pursuant to 42 U.S.C. § 1983 ("Section 1983") and an ordinary negligence claim. (Docket Entry 67-1 ¶¶ 124-49; 168-74). Both claims are governed by a one-year statute of limitations, and both claims are time-barred because they were not asserted against Jones and Stokes within the applicable limitations period. Indeed, the incident that is at issue in this lawsuit occurred on March 28, 2022, meaning that Plaintiff failed to comply with the applicable statutes of limitations when she did not assert claims against them by March 28, 2023. (*Id.* ¶ 1). If the Court permits Plaintiff to file her Amended Complaint (it should not), the amendment will not become effective until approximately March 2024 -- two years after the incident that is at issue in this lawsuit. Given this, Plaintiff's request to amend her Complaint to name Jones and Stokes as parties to this lawsuit should be denied.

### 1. **<u>Plaintiff's Eighth Amendment Claim Is Time-Barred</u>**.

Plaintiff's request to amend her Complaint to assert an Eighth Amendment claim against Jones and Stokes should be denied because such a claim is time-barred. Section 1983 "itself does not contain a statute of limitations." *York v. Fiddler*, 2023 WL 3168570, at *3 (M.D. Tenn. Apr. 28, 2023). "The statute of limitations applicable to a [Section] 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the [Section] 1983 claim arises." *Id.* (quoting *Eidson v. Tennessee Department of Children's Services*, 510 F.3d 631, 634 (6th Cir. 2007)). The "applicable limitations period in Tennessee is one year, based on Tennessee Code Annotated § 28-3-104(a)." *York*, 2023 WL 3168570, at *3 (citing *Howell v. Farris*, 655 Fed. Appx. 349, 351 (6th Cir. 2016); *Hughes v. Vanderbilt University*, 215 F.3d 543, 547 (6th Cir. 2000)). Accordingly, the statute of limitations for Plaintiff's Section 1983 claim against Jones and Stokes is one year. *See Accord v. Anderson County*, 2022 WL 16825411, at *2 (6th Cir. Nov. 8, 2022); *Porter v. Brown*, 2008 WL 3838227, at *2 (6th Cir. Aug. 19, 2008).

"Federal law determines when claims accrue." *York*, 2023 WL 3168570, at *3 (citing *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)). "Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tort is committed." *York*, 2023 WL 3168570, at *3 (citing *Echols v. Chrysler Corp.*, 633 F.2d 725-26 (6th Cir. 1980)). "In Section 1983 causes, a cause of action accrues, and the statute of limitations commences to run, when the plaintiff knows or has reason to know of the injury which is the basis of [the] complaint." *York*, 2023 WL 3168570, at *3 (citing *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Collyer*, 98 F.3d at 220)). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *York*, 2023 WL 3168570, at *3 (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). To determine when the plaintiff's Section 1983 claim accrued and when the statute of

limitations commenced, courts look to the date when the plaintiff became aware of the claim now raised. *York*, 2023 WL 3168570, at *3 (citing *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007)). A plaintiff has reason to know of the injury when the plaintiff should have discovered the injury through the exercise of reasonable diligence. *York*, 2023 WL 3168570, at *3 (quoting *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). "[T]he [Section] 1983 statute of limitations period begins on the date of the constitutional violation." *York*, 2023 WL 3168570, at *3 (quoting *Commodore v. Williams*, 2014 WL 28833, at *3 (W.D. Tenn. Jan. 2, 2014)). Plaintiff's claims against Jones and Stokes accrued on the date of the incident that is at issue in this lawsuit -- March 28, 2022. *See Lewis v. Hendersonville*, 2009 WL 3839480, at *2 (M.D. Tenn. Nov. 13, 2009).

Through her proposed Amended Complaint, Plaintiff contends that Jones was on shift at the time of the incident that is at issue in this lawsuit, logged that he performed security checks and that everything was secure, and improperly allowed an inmate who assaulted Marktavious Twilley ("Twilley") into the housing unit -- all on March 28, 2022. (Docket Entry 67-1 ¶¶ 8, 13, 20, 29, 72, 73). Plaintiff likewise contends that Stokes was on shift at the time of the incident that is at issue in this lawsuit, did not ask Twilley why he attempted to leave his housing unit, and heard Twilley state that he did not want to return to his housing unit -- all on March 28, 2022. (*Id*. ¶¶ 23, 79-80). Plaintiff further contends that inmates assaulted and killed Twilley on this same date -- March 28, 2022. (*Id*. ¶ 1).

A one-year statute of limitations governs Plaintiff's Section 1983 claim against Jones and Stokes. This statute of limitations undeniably began to run on the date of the injury that is the basis of this lawsuit, on the date when Plaintiff became aware of the claim now raised, when Plaintiff should have discovered the injury, and on the date of the alleged constitutional violation -- all March 28, 2022. Indeed, there is no question that the date of the injury that is the basis of this lawsuit, the date when Plaintiff became aware of the claim now raised, the date when Plaintiff

should have discovered the injury, and the date of the alleged constitutional violation is March 28, 2022. Thus, Plaintiff's one-year statute of limitations commenced on March 28, 2022, and expired on March 28, 2023. Plaintiff, however, did not seek to name Jones and Stokes as defendants in this lawsuit until almost one year after the expiration of the one-year limitations period. As a result, any amendment seeking to join Jones and Stokes to Plaintiff's Section 1983 claim would be futile as it would be time-barred by the applicable one-year statute of limitations that governs claims brought pursuant to Section 1983. *See Dixon*, 2016 WL 4154256, at *1 (denying a motion to amend in a Section 1983 matter because the motion to leave for amend was filed several months after expiration of the one-year statute of limitations); *Jacox v. Memphis*, 2013 WL 5937965, at *3 (W.D. Tenn. Nov. 5, 2013) (dismissing Section 1983 complaint as time barred where defendant's alleged violation occurred on April 26, 2011, and the plaintiff filed the complaint on April 27, 2012). The Court should deny Plaintiff's untimely attempt to assert a Section 1983 claim against Jones and Stokes as a result.

### 2. **Plaintiff's Negligence Claim Is Time-Barred.**

Plaintiff's ordinary negligence claim against Jones and Stokes likewise is time-barred. A negligence action must be commenced within one year of the date on which the plaintiff sustained the injury. TENN. CODE. ANN. § 28-3-104(a)(1)(A); *McCullough v. Vaughn*, 538 S.W.3d 501, 505 (Tenn. Ct. App. 2017); *Sims v. Adesa Corp.*, 294 S.W.3d 581, 585 (Tenn. Ct. App. 2008). Tennessee Code Annotated § 28-3-104(a)(1)(A) provides: "[T]he following actions shall be commenced within one (1) year after the cause of action accrued: actions for libel, injuries to the person, false imprisonment, malicious prosecution, or breach of marriage promise." TENN. CODE ANN. § 28-3-104(a)(1)(A). A cause of action accrues, and the statute of limitations begins to run, when the injury occurs or is discovered or when in the exercise of reasonable care and diligence, it should have been discovered. *Mills v. Booth*, 344 S.W.3d 922, 927 (Tenn. Ct. App. 2010).

The same analysis applies in the context of Plaintiff's ordinary negligence claim as with Plaintiff's Section 1983 claim. Plaintiff's ordinary negligence claim is subject to a one-year statute of limitations, and that statute of limitations began to run on the date that the inmates assaulted Twilley -- March 28, 2022. (Docket Entry 67-1 ¶ 1). This undeniably is the date on which Twilley's injury occurred and the date on which Twilley's injury was discovered. Plaintiff, however, did not seek to name Jones and Stokes as defendants in this lawsuit until almost one year after expiration of the one-year limitations period. As a result, any amendment seeking to join Jones and Stokes to Plaintiff's negligence claim would be futile as it would be time-barred by the applicable one-year statute of limitations that governs ordinary negligence claims. *See Higgins v. CoreCivic, Inc.*, 2023 WL 6973866, at *13 (Tenn. Ct. App. Oct. 23, 2023). As a result, the Court should deny Plaintiff's untimely attempt to assert a negligence claim against Jones and Stokes.

### 3. **Plaintiff's Claims Against Jones and Stokes Do Not Relate Back**.

Realizing the issue that she has created for herself due to her untimely attempt to add new defendants, Plaintiff contends that her newly-asserted claims against Jones and Stokes relate back to the date on which she first filed her Complaint -- January 25, 2023. (Docket Entry 1; Docket Entry 68 at 8). Beyond making this argument (in a single sentence), Plaintiff does not provide any support for her contention and thus falls far short of the burden that is placed upon her to establish that relation back is warranted and to avoid application of the one-year statutes of limitations.

Federal Rule of Civil Procedure 15(c)(1)(C) governs the relation back of an amendment seeking to change a party or the naming of a party after the statute of limitations has run. Under this rule, such a change is permissible if (1) the claim against the party to be brought in arises out of the same transaction or occurrence as those asserted in the original complaint; (2) the party received notice of the action within ninety days of the filing of the original complaint, such that the party will not be prejudiced; and (3) the party knew or should have known that the action would

7

have been brought against it, but for a mistake concerning the proper party's identity. FED. R. CIV. P. 15(c)(1)(C). The notice required under Rule 15(c) can be actual or constructive. *See Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir. 1986). In assessing whether a proposed defendant had constructive notice of a lawsuit, the Sixth Circuit has noted that the relevant factors "include the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both original and new defendants, and whether the new defendants are officials of the original defendant." *Ham v. Sterling*, 575 Fed. Appx. 610, 618 (6th Cir. 2014) (quoting *Force v. City of Memphis*, 101 F.3d 702 (6th Cir. 1996)).

As an initial matter, Plaintiff makes no attempt to describe how Jones and Stokes had notice of this action. Jones left his employment in February 2023. Despite multiple efforts, the undersigned counsel have not been able to locate or to speak with him, so there is no reasonable way that Jones could have received notice of this lawsuit within ninety days of filing of the original Complaint or that Jones knew or should have known that the action would have been brought against him, but for a mistake concerning his identity. While Stokes still does work for CoreCivic at Trousdale, Plaintiff has not put forth any evidence to establish that she received notice of this lawsuit within ninety days of filing of the original Complaint or that Stokes knew or should have known that the action would have been brought against her, but for a mistake concerning her identity. This is Plaintiff's burden, and she has done nothing to carry it. (Docket Entry 68 at 8); *see Fritz v. Sullivan County, Tennessee*, 2023 WL 6064356, at *2 (E.D. Tenn. July 5, 2023) (noting that plaintiff bears the burden of establishing the elements that are required to establish that relation back of an amendment is warranted); *Ivory v. U.S.*, 2023 WL 1973198, at *10 (M.D. Tenn. Feb. 13, 2023); *Messner v. Hickman County*, 2013 WL 2567176, at *6 (M.D. Tenn. June 11, 2013).

Even if Jones and Stokes had sufficient notice of Plaintiff's action (they did not), they would have had no reason to know that this lawsuit would have been brought against them "but

8

317916790.2

Case 3:23-cv-00077   Document 74   Filed 02/28/24   Page 8 of 18 PageID #: 5765

for a mistake" concerning their respective identities. This is because Plaintiff did not make a "mistake" within the meaning Rule 15(c)(1)(C). Plaintiff knew who Jones and Stokes were from the outset (Docket Entry 1-2 at 9-11) and yet affirmatively chose not to name them as defendants in this lawsuit. Plaintiff was not confused. Plaintiff was not mistaken. Federal Rule of Civil Procedure 15(c) "allows the correction of misnomers, but not the addition or substitution of new parties after the statute of limitations has expired." *Force v. City of Memphis*, 1996 WL 665609, at *4 (6th Cir. Nov. 14, 1996) (citing *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1450 (6th Cir. 1991); *Ringrose v. Engelberg Huller Co., Inc.*, 692 F.2d 403, 405 (6th Cir. 1982); and *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)); *Driver v. Fabish*, 2017 WL 2438400, at *2 (M.D. Tenn. June 5, 2017); *but see Ham*, 575 Fed. Appx. at 616 n.5 (noting in dicta that Rule 15(c) "applies to more than merely correcting misnomers"). Here, Plaintiff is not merely correcting parties who were misnamed in the Complaint; instead, she is seeking to add two entirely new parties while maintaining her claims against the existing defendants. Well-settled law interpreting Federal Rule of Civil Procedure 15(c) does not allow her to do so.

It also is well-settled that a plaintiff's ignorance or lack of knowledge regarding the proper defendant and failure to discover who the proper defendant is within the limitations period is not a "mistake" for purposes of Rule 15(c). *Rayfield v. City of Grand Rapids, Michigan*, 768 Fed. Appx. 495, 502 (6th Cir. 2019) (holding plaintiff's "ignorance of" the proposed defendant's involvement in his detention was "not the type of mistake encompassed by Rule 15") (citing *Smith v. City of Akron*, 476 Fed. Appx. 67, 69 (6th Cir. 2012) (concluding that plaintiff was not "mistaken" about the proper defendant to name when "he simply did not know whom to sue or opted not to find out within the limitations period")). Plaintiff's ignorance concerning her alleged claims against Jones and Stokes thus offers her no reprieve from her failure to assert claims against them before the applicable statutes of limitations expired.

9
317916790.2
Case 3:23-cv-00077    Document 74    Filed 02/28/24    Page 9 of 18 PageID #: 5766

In sum, relation back is inapplicable here. There is not any evidence before the Court to establish that Jones and Stokes received notice of this lawsuit within ninety days of filing of the original Complaint or that Jones and Stokes knew or should have known that the action would have been brought against them but for a mistake concerning their identity. Instead, there is a one-sentence statement by Plaintiff that relation back somehow salvages her untimely claims against Jones and Stokes. It does not. Plaintiff's claims against Jones and Stokes are time-barred by the applicable one-year statutes of limitations, and the Court should deny Plaintiff's Motion as futile.

### 4. The Two-Year Statute of Limitations in T.C.A. § 28-3-104(a)(2)(A) Does Not Apply to Jones or Stokes.

While not entirely clear, Plaintiff potentially contends that the two-year statute of limitations that is provided for in Tennessee Code Annotated § 28-3-104(a)(2)(A) applies to Jones and Stokes. It does not. Section 28-3-104(a)(2)(A) provides in pertinent part:

> (2) A cause of action listed in subdivision (a)(1) shall be commenced within two (2) years after the cause of action accrued, if:
>
> (A) Criminal charges are brought against any person alleged to have caused or contributed to the injury;
>
> (B) The conduct, transaction, or occurrence that gives rise to the cause of action for civil damages is the subject of a criminal prosecution commenced within one (1) year by:
>
> (i) A law enforcement officer;
>
> (ii) A district attorney general; or
>
> (iii) A grand jury; and
>
> (C) The cause of action is brought by the person injured by the criminal conduct against the party prosecuted for such conduct.

TENN. CODE ANN. § 28-3-104(a)(2)(A). The statute provides that the referenced subsection "shall be strictly construed." *Id*. § 28-3-104(a)(3). Performing this strict construction, the two-year statute of limitations does not apply to Plaintiff's claims against Jones and Stokes. Criminal

charges have not been filed against them, and criminal prosecution has not been initiated against them. Plaintiff merely seeks to include them as co-defendants with individuals who are subject to criminal charges and criminal prosecution for the conduct that is at issue in this lawsuit. This reality falls far short of placing Plaintiff's claims against them within the parameters of Section 28-3-104(a)(2)(A). *See Brock v. Hamblen County*, 2020 WL 3272799, at *3 (E.D. Tenn. June 17, 2020) (citing *Cox v. Jordan*, 2019 Tenn. Cir. LEXIS 409, at *2 (Tenn. Cir. Ct. May 10, 2019) ("A strict reading of this statute does not allow for a two-year limit against a co-defendant merely because another defendant received a criminal charge."). Given this, Plaintiff's claims against Jones and Stokes remain time-barred by the applicable one-year statutes of limitations. The Court, therefore, should deny Plaintiff's Motion for Leave to File a First Amended Complaint as futile.

### 5. Jones and Stokes Did Not Engage in Fraudulent Concealment.

While Plaintiff attempts to justify her failure to comply with the applicable statutes of limitation by vaguely contending that Defendants "concealed material information," she notably does not allege fraudulent concealment on the part of Jones or Stokes. Rather, she contends that Defendants, for some unknown and unstated reason, engaged in conduct to conceal the identities of Jones and Stokes or their involvement in this matter. Factually, she is wrong. Legally, she misses the mark in even alleging fraudulent concealment and certainly does not come close to establishing that Jones and Stokes fraudulently concealed anything.

Courts considering claims brought under Section 1983 and claims of ordinary negligence look to state law to determine whether tolling of the statute of limitations is warranted. *Clark v. Clawson*, 2021 WL 37675, at *5 (M.D. Tenn. Jan. 5, 2021); *see Harris v. U.S.*, 422 F.3d 322, 331 (6th Cir. 2005). "Under the fraudulent concealment doctrine, the statute of limitations is tolled when 'the defendant has taken steps to prevent the plaintiff from discovering he [or she] was injured.'" *Clark*, 2021 WL 37675, at *6 (quoting *Redwing v. Catholic Bishop Diocese of Memphis*,

11

363 S.W.3d 436, 460 (Tenn. 2012); *Fahrner v. Southwest Manufacturing, Inc.*, 48 S.W.3d 141, 146 (Tenn. 2001)). The doctrine of fraudulent concealment requires proof of four elements:

> (1) that the defendant affirmatively concealed the plaintiff's injury or the identity of the wrongdoer or failed to disclose material facts regarding the injury or the wrongdoer despite a duty to do so; (2) that the plaintiff could not have discovered the injury or the identity of the wrongdoer despite reasonable care and diligence; (3) that the defendant knew that the plaintiff had been injured and the identity of the wrongdoer; and (4) that the defendant concealed material information from the plaintiff by withholding information or making use of some device to mislead the plaintiff in order to exclude suspicion or prevent inquiry.

*Redwing*, 363 S.W.3d at 462-63; *see Olmstead v. Fentress County*, 2017 WL 4176256, at *6 (M.D. Tenn. Sept. 21, 2017). "Under Tennessee law, plaintiff has the burden to establish the exception to the statute of limitations and prove fraudulent concealment." *Miller v. Shults*, 2021 WL 2168952, at *1 (E.D. Tenn. May 27, 2021) (citing *Robinson v. Baptist Memorial Hospital*, 464 S.W.3d 599, 611 (Tenn. Ct. App. 2014)). "The heightened pleading standard of [Federal Rule of Civil Procedure] 9(b) applies to fraudulent concealment, just as it applies to the fraud itself. That means the plaintiff must state with particularity the facts showing he [or she] satisfies the exception, including his [or her] own diligence." *Miller*, 2021 WL 2168952, at *5 (quoting *Chunn v. Southeast Logistics, Inc.*, 794 Fed. Appx. 475, 477 (6th Cir. 2019)).

*Miller v. Shults*, 2021 WL 2168952, at *1 (E.D. Tenn. May 27, 2021), is instructive in this context. There, the plaintiff claimed that equitable tolling of the one-year Section 1983 statute of limitations was warranted because the defendants did not produce video footage to plaintiff. *Id*. at *5. The Court rejected the plaintiff's contention. *Id*. at *8. The Court found that the defendants produced an affidavit of complaint and an incident report that identified both of them and that the plaintiff never sent any information requests to the defendants, thereby never triggering their obligation to provide additional information. *Id*. The Court found it difficult to decipher how fraudulent concealment could occur in the absence of a duty to provide documents and information

or a request to provide documents and information. *Id*.; *see Bohler v. City of Fairview*, 2018 WL 5786234, at *8 (M.D. Tenn. Nov. 5, 2018) (holding that tolling the statute of limitations on fraudulent concealment grounds was unwarranted because plaintiff did not prove that defendants concealed his injuries, were responsible for his injuries, or withheld a material fact that they had a duty to disclose and that defendants simply concealed the nature and extent of their involvement in a tangential matter); *Olmstead*, 2017 WL 4176256, at *6 (holding that tolling the statute of limitations on fraudulent concealment grounds was unwarranted because defendants did not have a duty to provide discovery and timely provided discovery, once they received discovery requests).

Plaintiff does not contend that Jones and Stokes engaged in fraudulent concealment. Rather, she asserts fraudulent concealment on the part of *Defendants*, against whom she already had asserted claims. Plaintiff, however, does not present legal authority to support her contention that an existing party's alleged fraudulent concealment means that *a completely separate non-party* loses the protection of the statute of limitations. Relevant legal authority establishes otherwise, specifically that the party against whom the statute of limitations is tolled must be the one who engaged in fraudulent concealment. Indeed, in *Dowdy v. Prison Health Services*, 21 Fed. Appx. 433 (6th Cir. 2021), the Sixth Circuit denied the plaintiff's request to amend her complaint to add Prison Health Services as a defendant in her lawsuit against four deputy sheriffs and the Davidson County Metropolitan Government. *Id*. at 435. The Court denied the request in part because "Dowdy has not shown that *Prison Health Services* concealed its conduct, or that [Dowdy] exercised due diligence in trying to find out about any potential cause of action." *Id*. (emphasis added); *see also Greenfield v. Kanwit*, 87 F.R.D. 129, 131-32 (S.D.N.Y. 1980) (rejecting the fraudulent concealment argument by plaintiff who sought to add two defendants to her lawsuit because "Greenfield [the plaintiff] claims only that Kanwit [the original defendant] concealed the information, and not that Beltrani and Savetsky [the defendants sought to be added] participated

in any concealment," and noting that Greenfield "alleges no wrongdoing by Beltrani or Savetsky" and that they were "entitled to assert [a statute of limitations] defense").

This issue aside, Defendants did not engage in fraudulent concealment. Plaintiff submitted a request to Defendants pursuant to the Tennessee Open Records Act, and Defendants produced responsive documents to Plaintiff on May 23, 2022, including the Incident Statements authored by Jones and Stokes. This reality best is exemplified by the fact that **<u>Plaintiff attached the Incident Statements from Jones and Stokes to her Complaint -- a Complaint that she filed on January 25, 2023</u>**, over two months before the expiration of the one-year statutes of limitations.[3] (Docket Entry 1-2 at 9-11). Through their Incident Statements, Jones and Stokes explain their involvement in the events of March 28, 2022. (*Id.*). Given this, it is unclear how Plaintiff seriously now can contend that she was completely unaware of Jones and Stokes or of their involvement in the events of March 28, 2022, or how she now can contend that she "could not have discovered [their identities] despite reasonable care and diligence." *Redwing*, 363 S.W.3d at 462-63.

Moreover, from May 23, 2022 through March 28, 2023 (the date on which the statute of limitations expired), Defendants did not have any obligation to provide documents or information to Plaintiff. Defendants were not required to submit their Initial Disclosures until June 23, 2023, per the Initial Case Management Order. (Docket Entry 15 at 3). Plaintiff suggests that Rule 26(a)(1)(A)(i) mandates that Defendants identify in their initial disclosures all individuals with

---

[3] Documents that could be considered upon an eventual motion to dismiss still can be considered for purposes of evaluating futility. *See Owners Insurance Company v. George Hutsell*, 2014 WL 12639110, at *1 (E.D. Tenn. Mar. 21, 2014) (explaining that a court is not precluded from considering on a motion to amend documents that could be considered for purposes of a motion to dismiss, such as "exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein."); *see also Austin v. Camping World RV Sales, LLC*, 2022 WL 4283104, at *5 (W.D. Tenn. Aug. 3, 2022), *report and recommendation adopted sub nom. Austin v. Camping World of Memphis*, 2022 WL 19763449 (W.D. Tenn. Sept. 27, 2022).

14

knowledge of the underlying facts in this lawsuit. It does not. Rather, Rule 26(a)(1)(A)(i) simply mandates that Defendants identify "the name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i). Defendants have identified such individuals through their Initial Disclosures and appropriately have supplemented their Initial Disclosures when new allegations or facts required supplementation. FED. R. CIV. P. 26(e) ("A party who had made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure.").

Between the filing of the Complaint and the expiration of the statutes of limitations, Defendants did not refuse to respond to written discovery requests from Plaintiff because Plaintiff did not serve discovery requests until July 14, 2023. Even in responding to the discovery requests, Defendants were not required to identify individuals with knowledge as Plaintiff did not make this inquiry of them and merely served requests for production. Defendants likewise did not refuse to present a witness for deposition because Plaintiff did not request any depositions during this timeframe. Defendants fully complied with their obligations and did not conceal anything from Plaintiff -- certainly not the identities or involvement of Jones and Stokes.

From March 28, 2022 forward, Plaintiff was entitled to conduct her own investigation in order to assert the appropriate claims against the appropriate entities and individuals by March 28, 2023. The fault for any failure to conduct this investigation falls squarely on Plaintiff's shoulders and certainly not on the shoulders of Jones or Stokes -- or on the shoulders of Defendants. Indeed, Plaintiff cannot possibly contend that she "reasonably could not be expected to discover that [she] had a right of action" against Jones or Stokes during this timeframe. *Estate of Morris v. Morris*, 329 S.W.3d 779, 783 (Tenn. Ct. App. 2009). And, Plaintiff certainly has not proven that Jones and Stokes (or Defendants) affirmatively concealed Twilley's injury, their identities, or material

facts; that Plaintiff could not have discovered the injury or the identity of the alleged wrongdoers despite reasonable care and diligence; or that Jones and Stokes (or Defendants) concealed material information by withholding information or making use of some device to mislead Plaintiff. *Redwing*, 363 S.W.3d at 462-63. Jones and Stokes did not engage in fraudulent concealment, nor did Defendants. The doctrine of fraudulent concealment does not operate to extend the one-year statutes of limitations in this instance. Plaintiff's claims against Jones and Stokes are time-barred, and the Court should deny Plaintiff's Motion for Leave to File a First Amended Complaint.[4]

### B. Allowing the Amendment to Name Jones and Stokes Potentially Would Delay This Matter.

Plaintiff seeks to add two entirely new parties less than two months before expiration of the fact discovery deadline. (Docket Entry 27). As parties, Jones and Stokes will be required to serve initial disclosures, will be permitted to serve written discovery requests, and will be permitted to take depositions. While the undersigned counsel will represent Stokes if she is named in the lawsuit, the undersigned counsel do not currently know whether they will represent Jones given that they have not been able to talk with him. Given this, the fact discovery deadline may

---

[4] Plaintiff points to two additional pieces of information in her Memorandum of Law, but those two additional pieces of information change nothing. First, Plaintiff references Monica Marsh ("Marsh"), a former CoreCivic employee. Defendants did not identify Marsh in their Initial Disclosures because the undersigned counsel have been unable to make contact with Marsh despite repeated attempts. Defendants still have not identified Marsh in any supplements to their Initial Disclosures because they have not talked with her and thus do not know if they will rely on Marsh to support their defenses. (Docket Entry 68-3). Second, Plaintiff references cell / bed assignments for the inmates who allegedly assaulted Twilley. Marsh stated in her declaration, dated January 22, 2024, that the inmates who assaulted Twilley were not in their assigned housing units. (Docket Entry 67-2). In response, Defendants promptly identified the cell / bed assignments for these inmates in a supplement to their Initial Disclosures and promptly produced the documents on February 8, 2024. (Docket Entry 68-3). Defendants' responsiveness aside, these pieces of information change nothing. The reality is that Plaintiff knew about Jones and Stokes and about their involvement as early as May 23, 2022, when she received the Incident Statements that Jones and Stokes authored. Plaintiff acknowledged this reality when she attached the Incident Statements to her Complaint on January 25, 2023. (Docket Entry 1-2 at 9-11). Jones and Stokes (and Defendants) concealed nothing.

16
317916790.2
Case 3:23-cv-00077    Document 74    Filed 02/28/24    Page 16 of 18 PageID #: 5773

need to be extended, thereby necessitating the extension of all of the other deadlines in this matter, including the trial date. This delay is unwarranted, and the Court should deny Plaintiff's Motion.

## II. CONCLUSION

For these reasons, the Court should deny Plaintiff's Motion for Leave to File a First Amended Complaint.

Respectfully submitted,

/s/ Erin Palmer Polly
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Defendants CoreCivic of Tennessee, LLC, Martin Frink, Dennis Kaiser, and Laroderick McDavid*

**CERTIFICATE OF SERVICE**

      I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this February 28, 2024, on the following:

Daniel A. Horwitz
Lindsay Smith
Melissa K. Dix
Horwitz Law, PLLC
4016 Westlawn Drive
Nashville, Tennessee 37209

                                        /s/ Erin Palmer Polly