IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| LAKENYA MCGHEE-TWILLEY, individually, and as next-of-kin to the deceased, MARKTAVIOUS TWILLEY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case 3:23-cv-00077 |
| CORECIVIC OF TENNESSEE, LLC, as owner and operator of TROUSDALE TURNER CORRECTIONAL CENTER, and MARTIN FRINK, LARODERICK MCDAVID, DENNIS KAISER, | § § § § § § | JURY DEMANDED |
| Defendants. | § | |

**PLAINTIFF'S REPLY TO THE DEFENDANTS' RESPONSE [Doc. 74] TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

## I.  INTRODUCTION

The Defendants partially oppose allowing the Plaintiff to file a First Amended Complaint. *See* Doc. 74.  In particular, they ask this Court to "deny Plaintiff's attempt to join two new defendants -- Christopher Jones ('Jones') and Delores Stokes ('Stokes') -- almost one year after expiration of the applicable statutes of limitations for the claims against them." *Id.* at 1. "Defendants [do] not otherwise object to the Motion for Leave to File a First Amended Complaint[,]" though. *Id.* at 1, n.1.  Here, because: (1) the discovery rule tolled the statute of limitations as to Jones and Stokes; (2) the Parties' dispute on the matter is a fact-based jury question inappropriate for resolution here; and (3) the Defendants' Response is otherwise unpersuasive or inaccurate, the Plaintiff's motion for leave to amend should be **GRANTED**.

## II.  ARGUMENT

A. **THE PLAINTIFF'S PROPOSED AMENDED COMPLAINT IS NOT FUTILE, AND THE COURT MAY NOT USURP THE JURY'S ROLE IN DETERMINING WHEN REASONABLE DILIGENCE WOULD HAVE RESULTED IN THE PLAINTIFF'S DISCOVERY OF THE CLAIMS AGAINST DEFENDANTS JONES AND STOKES.**

The Plaintiff has proposed to file a First Amended Complaint. *See* Doc. 67. The Plaintiff's proposed First Amended Complaint pleads, among other things, that: "The Plaintiff could not reasonably have discovered the tortious conduct of Defendants Jones and Stokes—which was concealed from her—until December 2023, and she did not actually discover their tortious conduct until January 2024." *See* Doc. 67-1 at ¶ 123.

The Defendants apparently disagree. *See generally* Doc. 74.  And to be sure, the Defendants are entitled to deny the Plaintiff's allegations and to attempt to rebut them during this litigation.  As pleaded, though, the Plaintiff's proposed Amended Complaint is not even arguably futile.  Under applicable Tennessee law, the question of when the Plaintiff could have reasonably discovered her claims against Defendants Jones and Stokes is also a *fact* question for a *jury*—not

a question to be resolved, prematurely, on a motion for leave to amend. *See Smith v. Hauck*, 469 S.W.3d 564, 572 (Tenn. Ct. App. 2015) ("The question of whether a plaintiff exercised reasonable care and diligence to discover his claims generally is a factual question for the finder of fact.").

In any event, the Defendants misstate both the Plaintiff's allegations and the law that applies to them. The Defendants insist that "Plaintiff knew of the involvement of Jones and Stokes as early as May 23, 2022, when the undersigned counsel produced Incident Statements specifying their involvement pursuant to a request made under the Tennessee Open Records Act." *See* Doc. 74 at 1. But the question is not when the Plaintiff knew of these individuals' metaphysical existence or presence at the scene. Instead, the relevant question is when the Plaintiff knew of the facts establishing Jones' and Stokes' *wrongful conduct*. *See Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 459 (Tenn. 2012) ("Under the current discovery rule, a cause of action accrues and the statute of limitations begins to run not only when the plaintiff has actual knowledge of a claim, but also when the plaintiff has actual knowledge of 'facts sufficient to put a reasonable person on notice that he [or she] has suffered an injury as a result of wrongful conduct.'"); *but see* Doc. 74 at 7 (incorrectly asserting that the relevant date "undeniably is the date on which Twilley's injury occurred and the date on which Twilley's injury was discovered.").

That date definitely is not when the Plaintiff received "incident reports" completed by Defendants Jones and Stokes, as the Defendants repeatedly suggest. *See, e.g.,* Doc. 74 at 1–2, 14. By way of example, Jones' incident report is at Doc. 1-2 at pages 9–10. His report makes no mention of the fact that he improperly allowed one of Mr. Twilley's murderers—who was housed in a different pod—into Mr. Twilley's pod before the inmate killed him. *Id.* Nor does Jones' incident report state that he repeatedly reported that Mr. Twilley's pod was "ALL SECURE" when, in fact, it was "saturated with contraband knives and had malfunctioning cell doors[,]" which is

- 2 -
Case 3:23-cv-00077    Document 75    Filed 02/28/24    Page 3 of 8 PageID #: 5778

what the Plaintiff's proposed Amended Complaint alleges. *See* Doc. 67-1 at ¶¶ 72–76. Similarly, Ms. Stokes' incident report (Doc. 1-2 at 11) conspicuously withholds mention of the facts that Mr. Twilley was threatened by gang members, that he sought permission to go to a different pod right before he was killed, and that "[a]fter Mr. Twilley spoke with [] Defendant Stokes and told her he did not want to return to his pod, Defendant Stokes returned Mr. Twilley to his pod" without investigating further, which the Plaintiff's Amended Complaint alleges. Doc. 67-1 at ¶¶ 77–80.

In other words: The facts evidencing Jones' and Stokes' *wrongful conduct* were concealed from the Plaintiff, who only discovered them after she began receiving long overdue discovery in late December 2024. The fact that the Defendants claim they "promptly identified the cell / bed assignments for these inmates in a supplement to their Initial Disclosures and promptly produced the documents on February 8, **2024**"—and even then, only *after* the Plaintiff discovered the concealed tortious misconduct through other means—certainly does not absolve them. *See* Doc. 74 at 16 n.4 (emphasis added). Nor does the Defendants' unsupported claim that "Jones and Stokes (and Defendants) concealed nothing[,]" *id.*, which is false as to every single one of them.

Despite their handwaving, the Defendants also offer no explanation as to how or why they believe the Plaintiff should have discovered Mr. Jones' and Ms. Stokes' tortious conduct earlier. Nothing describing their behavior or conduct before Mr. Twilley was murdered appears in any document. Instead, the Plaintiff had to discover that information by reviewing long-withheld staff rosters that showed who had been assigned to the pod, locating the person (who was not mentioned in the Defendants' initial disclosures) who was so assigned, and then discussing the matter with them. Only after Ms. Marsh disclosed—in January 2024—the truth of what happened right before Mr. Twilley was murdered (*see* Doc. 67-2) did the Plaintiff develop any reason to sue Mr. Jones and Ms. Stokes or even to know she had tort claims against them. Thus, the fact that CoreCivic

has its employees sanitize incident reports to omit mention of any tortious misconduct does not protect defendants from later discovery of a tort claim that they all attempted to conceal.

For all of these reasons: This Court should reject the Defendants' invitation to disregard the facts of the Plaintiff's well-pleaded complaint; to usurp the jury's role in determining when reasonable diligence would have resulted in the Plaintiff discovering her available claims against Mr. Jones and Ms. Stokes; and to adjudicate a fact-based dispute as part of a motion for leave to amend.

**B.  AS TO THE EXISTING DEFENDANTS, THE PLAINTIFF'S CLAIMS RELATE BACK.**

The Defendants have devoted lengthy briefing to the assertion that "Plaintiff's Claims Against Jones and Stokes Do Not Relate Back." Doc. 74 at 7–10. That is not what the Plaintiff asserted, though, which review of her memorandum makes clear. Instead, she asserted that: "*As to the existing Defendants*, her claims relate back, since they arise 'out of the conduct, transaction, or occurrence set out' in her original complaint." Doc. 68 at 8 (emphasis added).

This is true, and the Defendants do not even argue otherwise. The issue also matters, because in addition to adding new defendants, the Plaintiff's new allegations related to Jones and Stokes affect—among other things—the Plaintiff's preexisting but now-materially-bolstered *Monell* claim against CoreCivic (Doc. 67-1 at 20–23) and her preexisting but now-materially-bolstered Negligence claim against CoreCivic (Doc. 67-1 at 23–24). The latter is the more important of the two, because "[u]nder the doctrine of respondeat superior, an employer is held vicariously liable for torts committed by its employees within the course and scope of their employment." *Washington v. 822 Corp.*, 43 S.W.3d 491, 494 (Tenn. Ct. App. 2000). Thus, Defendant CoreCivic—Jones' and Stokes' employer, and a preexisting defendant who was timely sued for negligence based on the conduct, transaction, or occurrence set out in the Plaintiff's

original pleading—may be held liable for Jones' and Stokes' negligent conduct *regardless* of whether they are ultimately made defendants here.

### C. THE DEFENDANTS' CLAIMS OF DELAY ARE MERITLESS.

The Defendants additionally complain that "Allowing the Amendment to Name Jones and Stokes Potentially Would Delay This Matter." *See* Doc. 74 at 16. "As parties, Jones and Stokes will be required to serve initial disclosures, will be permitted to serve written discovery requests, and will be permitted to take depositions[,]" the Defendants complain. *Id.*

The same, of course, is true of the five additional individuals (Keldrick Taylor, DaShawn Lytle, Donald Peoples, Demetrius Risner, and Dontavious Hendrix) the Plaintiff's Amended Complaint names as Defendants. But the Defendants state that they do not object to those five defendants being amended into this proceeding, *see* Doc. 74 at 1, n.1, and the same purported concerns about being "required to serve initial disclosures" and being permitted to serve discovery apply to their addition. The Defendants further acknowledge that they "will represent Stokes if she is named in the lawsuit," *see* Doc. 74 at 16—meaning that this case actually will *not* be affected by her addition—though they claim that "the undersigned counsel do not currently know whether they will represent Jones." *Id.* In reality, of course, CoreCivic will assume and pay for its former employee's defense so it can control it; it always does.

In any event, these claims of prejudice were concerns to raise back when the Plaintiff moved for leave to extend the deadline to amend "*or to add parties*." *See* Doc. 41 (emphasis added). The Defendants did not raise any such concerns then, though; to the contrary, the Plaintiff's motion was unopposed. *Id.* Thus, the concerns are not proper to raise belatedly now.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's motion for leave to amend should be granted.

- 5 -
Case 3:23-cv-00077   Document 75   Filed 02/28/24   Page 6 of 8 PageID #: 5781

Respectfully submitted,

/s/ Daniel A. Horwitz_____
Daniel A. Horwitz, BPR #032176
Lindsay Smith, BPR #035937
Melissa Dix, BPR #038535
HORWITZ LAW, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
lindsay@horwitz.law
melissa@horwitz.law
(615) 739-2888

*Counsel for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2024, a copy of the foregoing and all exhibits and attachments were sent via CM/ECF, or via email, to:

Joe Welborn
Erin Palmer Polly
Terrence M. McKelvey
222 Second Avenue, South
Suite 1700
Nashville, Tennessee 37201
Joe.Welborn@klgates.com
Erin.Polly@klgates.com
terrence.mckelvey@klgates.com

*Counsel for Defendants*


David Wickenheiser | Assistant Attorney General
Law Enforcement and Special Prosecutions Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
615.532.7277
David.Wickenheiser@ag.tn.gov

*Counsel for District Attorney Lawson*


Toni-Ann M. Dolan | Assistant Attorney General
Office of the Tennessee Attorney General
Law Enforcement and Special Prosecutions Division
P.O. Box 20207
Nashville, TN 37202-0207
p. 615.741.6739
toni-ann.dolan@ag.tn.gov

*Counsel for the Tennessee Department of Correction*


              By: /s/ Daniel A. Horwitz
                Daniel A. Horwitz, BPR #032176

- 7 -
Case 3:23-cv-00077   Document 75   Filed 02/28/24   Page 8 of 8 PageID #: 5783