# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| LAKENYA MCGHEE-TWILLEY,<br>Individually and as Next of Kin to the<br>Deceased, MARKTAVIOUS TWILLEY,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC,<br>MARTIN FRINK, DENNIS KAISER,<br>LARODERICK MCDAVID,<br>DONTAVIOUS HENDRICKS,<br>DASHAWN LYTLE, DONALD<br>PEOPLES, DEMETRIUS RISNER,<br>and KELDRICK TAYLOR,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action Number 3:23-CV-77<br>District Judge William L. Campbell, Jr.<br>Magistrate Judge Barbara D. Holmes<br>Jury Demand |

## ANSWER TO FIRST AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants CoreCivic of Tennessee, LLC ("CoreCivic"), Martin Frink ("Frink"), Dennis Kaiser ("Kaiser"), and Laroderick McDavid ("McDavid") answer the allegations in the First Amended Complaint that was filed by Plaintiff LaKenya McGhee-Twilley, Individually and as Next of Kin to the Deceased, Marktavious Twilley ("Twilley").[1]

---

[1] On March 27, 2024, the Court issued a Memorandum Opinion and Order, in which it denied Plaintiff's request for leave revise her claims to add allegations concerning Christopher Jones ("Jones") allegedly letting inmates from one housing unit into Twilley's housing unit and to add new factual allegations concerning Jones and Delores Stokes. (Docket Entry 79 at 4, 27). Plaintiff nevertheless included such allegations in the First Amended Complaint, despite guidance that failure to limit the First Amended Complaint to the amendments permitted by the Memorandum Opinion and Order may result in adverse consequences. (*Id.* at 27; Docket Entry 84 at ¶¶ 6, 7, 8, 13, 23, 29, 67, 70, 77, 78, 85, 145, 152, and 161). By responding to these allegations in the First Amended Complaint, Defendants do not waive their ability to assert that these claims cannot be asserted at the trial of this matter and that arguments or evidence regarding these claims cannot be introduced at the trial of this matter.

## FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Answer to First Amended Complaint, Docket Entry 84)

As to each allegation in the First Amended Complaint, Defendants respond as follows:

1.      Defendants admit that Twilley was a prisoner of the State of Tennessee, that Twilley previously was incarcerated at the Trousdale Turner Correctional Center ("Trousdale"), that CoreCivic, Inc. operates Trousdale, that an inmate or inmates stabbed Twilley on March 28, 2022, and that Twilley died on March 28, 2022. Defendants deny the remaining allegations in paragraph 1 of the First Amended Complaint and all allegations of wrongdoing.

2.      Defendants deny the allegations in paragraph 2 of the First Amended Complaint and all allegations of wrongdoing.

3.      Defendants deny the allegations in paragraph 3 of the First Amended Complaint and all allegations of wrongdoing.

4.      Paragraph 4 of the First Amended Complaint references log book entries, which speak for themselves. Defendants deny all allegations in paragraph 4 of the First Amended Complaint that are inconsistent with the log book entries and all allegations of wrongdoing.

5.      Defendants deny the allegations in paragraph 5 of the First Amended Complaint and all allegations of wrongdoing.

6.      Defendants admit that an inmate or inmates stabbed Twilley on March 28, 2022. Defendants deny the remaining allegations in paragraph 6 of the First Amended Complaint and all allegations of wrongdoing.

7.      Defendants admit that Dashawn Lytle ("Lytle") was assigned to Unit Bravo Charlie on March 28, 2022. Defendants deny the remaining allegations in paragraph 7 of the First Amended Complaint and all allegations of wrongdoing.

2

8.      Defendants deny the allegations in paragraph 8 of the First Amended Complaint and all allegations of wrongdoing.

9.      Defendants admit that an inmate or inmates stabbed Twilley on March 28, 2022. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 9 of the First Amended Complaint regarding the identity or identities of the inmate or inmates who stabbed Twilley on March 28, 2022. Defendants deny all allegations of wrongdoing.

10.     Defendants admit that an inmate or inmates stabbed Twilley on March 28, 2022. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 10 of the First Amended Complaint regarding the identity or identities of the inmate or inmates who stabbed Twilley on March 28, 2022. Defendants deny all allegations of wrongdoing.

11.     Defendants deny the allegations in paragraph 11 of the First Amended Complaint and all allegations of wrongdoing.

12.     Defendants deny the allegations in paragraph 12 of the First Amended Complaint and all allegations of wrongdoing.

13.     Defendants deny the allegations in paragraph 13 of the First Amended Complaint and all allegations of wrongdoing.

14.     Defendants deny the allegations in paragraph 14 of the First Amended Complaint and all allegations of wrongdoing.

15.     Defendants deny the allegations in paragraph 15 of the First Amended Complaint and all allegations of wrongdoing.

16.     Defendants deny the allegations in paragraph 16 of the First Amended Complaint and all allegations of wrongdoing.

17.     Defendants deny the allegations in paragraph 17 of the First Amended Complaint and all allegations of wrongdoing.

18.     Defendants deny the allegations in paragraph 18 of the First Amended Complaint and all allegations of wrongdoing.

19.     Defendants deny the allegations in paragraph 19 of the First Amended Complaint and all allegations of wrongdoing.

20.     Defendants admit that Christopher Jones was present at Trousdale when an inmate or inmates stabbed Twilley on March 28, 2022, following shift change.  Defendants deny the remaining allegations in paragraph 20 of the First Amended Complaint and all allegations of wrongdoing.

21.     Defendants deny the allegations in paragraph 21 of the First Amended Complaint and all allegations of wrongdoing.

22.     Defendants deny the allegations in paragraph 22 of the First Amended Complaint and all allegations of wrongdoing.

23.     Defendants deny the allegations in paragraph 23 of the First Amended Complaint and all allegations of wrongdoing.

24.     Defendants admit that an inmate or inmates stabbed Twilley on March 28, 2022. Defendants deny the remaining allegations in paragraph 24 of the First Amended Complaint and all allegations of wrongdoing.

25.     Defendants deny the allegations in paragraph 25 of the First Amended Complaint and all allegations of wrongdoing.

26.     Defendants admits that CoreCivic employees are trained on the manner in which to address inmate-on-inmate altercations in order to provide for their safety and for the safety of others in the housing unit, the facility, and the general public.  Defendants deny the remaining allegations in paragraph 26 of the First Amended Complaint and all allegations of wrongdoing.

27.    Defendants admit that an emergency code was called on March 28, 2022, that multiple members of the medical and security teams quickly responded to provide assistance, and that Twilley died on March 28, 2022.  Defendants deny the remaining allegations in paragraph 27 of the First Amended Complaint and all allegations of wrongdoing.

28.    Defendants admit that Plaintiff is quoting from the Declaration of Monica Marsh ("Marsh").  Defendants deny this contention by Marsh, the remaining allegations in paragraph 28 of the First Amended Complaint, and all allegations of wrongdoing.

29.    Defendants deny the allegations in paragraph 29 of the First Amended Complaint and all allegations of wrongdoing.

30.    Defendants deny the allegations in paragraph 30 of the First Amended Complaint and all allegations of wrongdoing.

31.    Defendants deny the allegations in paragraph 31 of the First Amended Complaint and all allegations of wrongdoing.

32.    Defendants deny the allegations in paragraph 32 of the First Amended Complaint and all allegations of wrongdoing.

33.    Defendants deny the allegations in paragraph 33 of the First Amended Complaint and all allegations of wrongdoing.

34.    Defendants deny the allegations in paragraph 34 of the First Amended Complaint and all allegations of wrongdoing.

35.    Defendants deny the allegations in paragraph 35 of the First Amended Complaint and all allegations of wrongdoing.

36.     Defendants admit that Twilley was a prisoner of the State of Tennessee and that Twilley previously was incarcerated at Trousdale.  Defendants lack knowledge or information

5

sufficient to admit or deny the remaining allegations in paragraph 36 of the First Amended Complaint. Defendants deny all allegations of wrongdoing.

37. Defendants admit that CoreCivic is a Tennessee limited liability company, that CoreCivic maintains its corporate headquarters and principal place of business at 5501 Virginia Way, Suite 110, Brentwood, Tennessee 37027, that CoreCivic may be served through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919, and that CoreCivic, Inc. operates Trousdale. Defendants deny the remaining allegations in paragraph 37 of the First Amended Complaint and all allegations of wrongdoing.

38. Defendants admit that Frink was a citizen of the State of Tennessee and that Frink served as the Warden at Trousdale during the timeframe that is relevant to this lawsuit. Defendants deny the remaining allegations in paragraph 38 of the First Amended Complaint.

39. Defendants admit that McDavid is a citizen of the State of Tennessee and that McDavid served as an Assistant Shift Supervisor at Trousdale during the timeframe that is relevant to this lawsuit.

40. Defendants admit that Kaiser is a citizen of the State of Tennessee and that Kaiser served as a Shift Supervisor at Trousdale during the timeframe that is relevant to this lawsuit.

41. The allegations in paragraph 41 of the First Amended Complaint are not directed at Defendants, and no response is required.

42. The allegations in paragraph 42 of the First Amended Complaint are not directed at Defendants, and no response is required.

43. The allegations in paragraph 43 of the First Amended Complaint are not directed at Defendants, and no response is required.

44. The allegations in paragraph 44 of the First Amended Complaint are not directed at Defendants, and no response is required.

6

45.     The allegations in paragraph 45 of the First Amended Complaint are not directed at Defendants, and no response is required.

46.     Defendants admit that the Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331.

47.     Defendants admit that the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

48.     Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

49.     Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).  Defendants deny the remaining allegations in paragraph 49 of the First Amended Complaint and all allegations of wrongdoing.

50.     Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 50 of the First Amended Complaint regarding the relationship between Plaintiff and Twilley.  The remaining allegations in paragraph 50 of the First Amended Complaint contain legal conclusions to which no response is required.

51.     Defendants admit that Twilley was a prisoner of the State of Tennessee, that Twilley previously was incarcerated at Trousdale, and that CoreCivic, Inc. operates Trousdale. Defendants deny the remaining allegations in paragraph 51 of the First Amended Complaint and all allegations of wrongdoing.

52.     Defendants deny the allegations in paragraph 52 of the First Amended Complaint and all allegations of wrongdoing.

53.     Defendants deny the allegations in paragraph 53 of the First Amended Complaint and all allegations of wrongdoing.

7

54.     Defendants deny the allegations in paragraph 54 of the First Amended Complaint and all allegations of wrongdoing.

55.     Paragraph 55 of the First Amended Complaint references a pleading, which speaks for itself.  Defendants deny all allegations in paragraph 55 of the First Amended Complaint that are inconsistent with this pleading, all allegations of wrongdoing, and the remaining allegations in paragraph 55 of the First Amended Complaint.

56.     Paragraph 56 of the First Amended Complaint references a memorandum that is dated March 8, 2021, which speaks for itself.  Defendants deny all allegations in paragraph 56 of the First Amended Complaint that are inconsistent with this memorandum, all allegations of wrongdoing, and the remaining allegations in paragraph 56 of the First Amended Complaint.

57.     Defendants deny the allegations in paragraph 57 of the First Amended Complaint and all allegations of wrongdoing.

58.     Defendants deny the allegations in paragraph 58 of the First Amended Complaint and all allegations of wrongdoing.

59.     Defendants deny the allegations in paragraph 59 of the First Amended Complaint and all allegations of wrongdoing.

60.     Defendants deny the allegations in paragraph 60 of the First Amended Complaint and all allegations of wrongdoing.

61.     Defendants deny the allegations in paragraph 61 of the First Amended Complaint and all allegations of wrongdoing.

62.     Defendants deny the allegations in paragraph 62 of the First Amended Complaint and all allegations of wrongdoing.

63.     Defendants deny the allegations in paragraph 63 of the First Amended Complaint and all allegations of wrongdoing.

64.     Defendants admit that Plaintiff is quoting from the Declaration of Joshua Mathews ("Mathews").   Defendants deny this contention by Mathews, the remaining allegations in paragraph 64 of the First Amended Complaint, and all allegations of wrongdoing.

65.     Defendants deny the allegations in paragraph 65 of the First Amended Complaint and all allegations of wrongdoing.

66.     Defendants deny the allegations in paragraph 66 of the First Amended Complaint and all allegations of wrongdoing.

67.     Defendants deny the allegations in paragraph 67 of the First Amended Complaint and all allegations of wrongdoing.

68.     Defendants deny the allegations in paragraph 68 of the First Amended Complaint and all allegations of wrongdoing.

69.     Defendants deny the allegations in paragraph 69 of the First Amended Complaint and all allegations of wrongdoing.

70.     Defendants admit that Jones worked in Unit Bravo Alpha on March 28, 2022. Defendants deny the remaining allegations in paragraph 70 of the First Amended Complaint and all allegations of wrongdoing.

71.     Paragraph 71 of the First Amended Complaint references log book entries, which speak for themselves.  Defendants deny all allegations in paragraph 71 of the First Amended Complaint that are inconsistent with the log book entries and all allegations of wrongdoing.

72.     Defendants deny the allegations in paragraph 72 of the First Amended Complaint and all allegations of wrongdoing.

73.     Defendants deny the allegations in paragraph 73 of the First Amended Complaint and all allegations of wrongdoing.

74.     Defendants deny the allegations in paragraph 74 of the First Amended Complaint and all allegations of wrongdoing.

75.     Defendants deny the allegations in paragraph 75 of the First Amended Complaint and all allegations of wrongdoing.

76.     Defendants deny the allegations in paragraph 76 of the First Amended Complaint and all allegations of wrongdoing.

77.     Defendants deny the allegations in paragraph 77 of the First Amended Complaint and all allegations of wrongdoing.

78.     Defendants deny the allegations in paragraph 78 of the First Amended Complaint and all allegations of wrongdoing.

79.     Paragraph 79 of the First Amended Complaint references the Incidents Section of the Tennessee Offender Management Information System ("TOMIS"), which speaks for itself. Defendants deny all allegations in paragraph 79 of the First Amended Complaint that are inconsistent with the Incidents Section of TOMIS and all allegations of wrongdoing.

80.     Defendants admit that an inmate or inmates stabbed Twilley on March 28, 2022. Defendants deny the remaining allegations in paragraph 80 of the First Amended Complaint and all allegations of wrongdoing.

81.     Defendants deny the allegations in paragraph 81 of the First Amended Complaint and all allegations of wrongdoing.

82.     Defendants deny the allegations in paragraph 82 of the First Amended Complaint and all allegations of wrongdoing.

83.     Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 83 of the First Amended Complaint.

84.     Defendants deny the allegations in paragraph 84 of the First Amended Complaint and all allegations of wrongdoing.

85.     Defendants admit that Lytle was assigned to Unit Bravo Charlie on March 28, 2022. Defendants deny the remaining allegations in paragraph 85 of the First Amended Complaint and all allegations of wrongdoing.

86.     Defendants deny the allegations in paragraph 86 of the First Amended Complaint and all allegations of wrongdoing.

87.     Defendants deny the allegations in paragraph 87 of the First Amended Complaint and all allegations of wrongdoing.

88.     Paragraph 88 of the First Amended Complaint quotes the Incidents Section of TOMIS and McDavid's Incident Statement, which speak for themselves. Defendants deny all allegations in paragraph 88 of the First Amended Complaint that are inconsistent with the Incidents Section of TOMIS and McDavid's Incident Statement and all allegations of wrongdoing.

89.     Defendants admit that medical personnel provided medical treatment to Twilley on March 28, 2022. Defendants deny the remaining allegations in paragraph 89 of the First Amended Complaint and all allegations of wrongdoing.

90.     Paragraph 90 of the First Amended Complaint quotes Chelsey Carter, L.P.N.'s ("Nurse Carter") Incident Statement, which speaks for itself. Defendants deny all allegations in paragraph 90 of the First Amended Complaint that are inconsistent with this Incident Statement and all allegations of wrongdoing.

91.     Paragraph 91 of the First Amended Complaint quotes Julieta Alvarado, L.P.N.'s ("Nurse Alvarado") Incident Statement, which speaks for itself. Defendants deny all allegations in paragraph 91 of the First Amended Complaint that are inconsistent with this Incident Statement and all allegations of wrongdoing.

11

92.     Paragraph 92 of the First Amended Complaint quotes Nurse Carter's Incident Statement, which speaks for itself.  Defendants deny all allegations in paragraph 92 of the First Amended Complaint that are inconsistent with this Incident Statement and all allegations of wrongdoing.

93.     Paragraph 93 of the First Amended Complaint quotes Nurse Alvarado's Incident Statement and Nurse Carter's Incident Statement, which speak for themselves.  Defendants deny all allegations in paragraph 93 of the First Amended Complaint that are inconsistent with these Incident Statements and all allegations of wrongdoing.

94.     Paragraph 94 of the First Amended Complaint quotes Nurse Alvarado's Incident Statement, which speaks for itself.  Defendants deny all allegations in paragraph 94 of the First Amended Complaint that are inconsistent with this Incident Statement and all allegations of wrongdoing.

95.     Defendants lack knowledge or information sufficient to admit or deny the precise time at which medical personnel began to administer cardiopulmonary resuscitation ("CPR") to Twilley on March 28, 2022.  Defendants, however, admit that Nurse Alvarado's Incident Statement and Nurse Carter's Incident Statement state that they initiated CPR at approximately 7:19 p.m. on March 28, 2022.  Defendants deny all allegations of wrongdoing.

96.     Defendants lack knowledge or information sufficient to admit or deny the precise time at which emergency medical services ("EMS") arrived at Trousdale and assumed Twilley's medical treatment on March 28, 2022.  Defendants, however, admit that Nurse Alvarado's Incident Statement and Nurse Carter's Incident Statement state that EMS arrived at Trousdale and assumed Twilley's medical treatment at approximately 7:20 p.m. on March 28, 2022.  Defendants deny all allegations of wrongdoing.

12

97.     Defendants lack knowledge or information sufficient to admit or deny the precise time at which EMS transported Twilley from Trousdale on March 28, 2022.  Defendants, however, admit that the Incident Report states that EMS transported Twilley from Trousdale at approximately 7:40 p.m. on March 28, 2022.  Defendants deny all allegations of wrongdoing.

98.     Defendants lack knowledge or information sufficient to admit or deny the precise time at which Twilley was pronounced deceased.  Defendants, however, admit that the Incident Report states that Twilley was pronounced deceased at approximately 8:03 p.m. on March 28, 2022.  Defendants deny all allegations of wrongdoing.

99.     Paragraph 99 of the First Amended Complaint quotes an Incident Report, which speaks for itself.  Defendants deny all allegations in paragraph 99 of the First Amended Complaint that are inconsistent with the Incident Report and all allegations of wrongdoing.

100.     Defendants deny the allegations in paragraph 100 of the First Amended Complaint and all allegations of wrongdoing.

101.     Defendants deny the allegations in paragraph 101 of the First Amended Complaint and all allegations of wrongdoing.

102.     Defendants deny the allegations in paragraph 102 of the First Amended Complaint and all allegations of wrongdoing.

103.     Defendants admit that they conducted searches of the cells in Unit Bravo Alpha, both before and after March 28, 2022.  Defendants deny all allegations of wrongdoing.

104.     Defendants admit that security personnel searched the cell of Demetrius Risner on March 28, 2022, and found two homemade knives and the cell of Keldrick Taylor on March 28, 2022, and found one homemade knife.  Defendants deny all allegations of wrongdoing.

105.     Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 105 of the First Amended Complaint regarding what law enforcement

personnel purportedly suspect. Defendants deny the remaining allegations in paragraph 105 of the First Amended Complaint and all allegations of wrongdoing.

106. Paragraph 106 of the First Amended Complaint references log book entries, which speak for themselves. Defendants deny all allegations in paragraph 106 of the First Amended Complaint that are inconsistent with the log book entries, the remaining allegations in paragraph 106 of the Complaint, and all allegations of wrongdoing.

107. Defendants admit that Twilley's death was deemed a homicide.

108. Defendants deny the allegations in paragraph 108 of the First Amended Complaint and all allegations of wrongdoing.

109. Defendants deny the allegations in paragraph 109 of the First Amended Complaint and all allegations of wrongdoing.

110. Defendants deny the allegations in paragraph 110 of the First Amended Complaint and all allegations of wrongdoing.

111. Paragraph 111 of the First Amended Complaint references communications and attachments from the Tennessee Department of Correction ("TDOC"), which speak for themselves. Defendants deny all allegations in paragraph 11 of the First Amended Complaint that are inconsistent with the TDOC communications and attachments, the remaining allegations in paragraph 111 of the Complaint, and all allegations of wrongdoing.

112. Paragraph 112 of the First Amended Complaint addresses staffing obligations that Plaintiff contends are contained in a contract. To the extent that Plaintiff is referencing the language in a contract, any such contract speaks for itself, and Defendants deny all allegations in paragraph 112 of the First Amended Complaint that are inconsistent with any such contract and all allegations of wrongdoing.

14

113.    Defendants deny the allegations in paragraph 113 of the First Amended Complaint and all allegations of wrongdoing.

114.    Defendants deny the allegations in paragraph 114 of the First Amended Complaint and all allegations of wrongdoing.

115.    Defendants deny the allegations in paragraph 115 of the First Amended Complaint and all allegations of wrongdoing.

116.    Defendants deny the allegations in paragraph 116 of the First Amended Complaint and all allegations of wrongdoing.

117.    Defendants deny the allegations in paragraph 117 of the First Amended Complaint and all allegations of wrongdoing.

118.    Defendants deny the allegations in paragraph 118 of the First Amended Complaint and all allegations of wrongdoing.

119.    Defendants deny the allegations in paragraph 119 of the First Amended Complaint and all allegations of wrongdoing.

120.    Defendants deny the allegations in paragraph 120 of the First Amended Complaint and all allegations of wrongdoing.

121.    No response is required to the allegations in paragraph 121 of the First Amended Complaint.

122.    The allegations in paragraph 122 of the First Amended Complaint contain legal conclusions to which no response is required.  Nevertheless, Defendants deny all allegations of wrongdoing.

123.    The allegations in paragraph 123 of the First Amended Complaint contain legal conclusions to which no response is required.  Nevertheless, Defendants deny all allegations of wrongdoing.

124.    The allegations in paragraph 124 of the First Amended Complaint contain legal conclusions to which no response is required.  Nevertheless, Defendants deny all allegations of wrongdoing.

125.    The allegations in paragraph 125 of the First Amended Complaint contain legal conclusions to which no response is required.  Nevertheless, Defendants deny all allegations of wrongdoing.

126.    Defendants deny the allegations in paragraph 126 of the First Amended Complaint and all allegations of wrongdoing.

127.    Defendants deny the allegations in paragraph 127 of the First Amended Complaint and all allegations of wrongdoing.

128.    Defendants deny the allegations in paragraph 128 of the First Amended Complaint and all allegations of wrongdoing.

129.    Defendants deny the allegations in paragraph 129 of the First Amended Complaint and all allegations of wrongdoing.

130.    Defendants deny the allegations in paragraph 130 of the First Amended Complaint and all allegations of wrongdoing.

131.    Defendants deny the allegations in paragraph 131 of the First Amended Complaint and all allegations of wrongdoing.

132.    Defendants deny the allegations in paragraph 132 of the First Amended Complaint and all allegations of wrongdoing.

133.    Defendants deny the allegations in paragraph 133 of the First Amended Complaint and all allegations of wrongdoing.

134.    Defendants deny the allegations in paragraph 134 of the First Amended Complaint and all allegations of wrongdoing.

135.    Defendants deny the allegations in paragraph 135 of the First Amended Complaint and all allegations of wrongdoing.

136.    Defendants deny the allegations in paragraph 136 of the First Amended Complaint and all allegations of wrongdoing.

137.    Defendants deny the allegations in paragraph 137 of the First Amended Complaint and all allegations of wrongdoing.

138.    Defendants deny the allegations in paragraph 138 of the First Amended Complaint and all allegations of wrongdoing.

139.    Defendants deny the allegations in paragraph 139 of the First Amended Complaint and all allegations of wrongdoing.

140.    Defendants deny the allegations in paragraph 140 of the First Amended Complaint and all allegations of wrongdoing.

141.    No response is required to the allegations in paragraph 141 of the First Amended Complaint.

142.    Defendants deny the allegations in paragraph 142 of the First Amended Complaint and all allegations of wrongdoing.

143.    Defendants deny the allegations in paragraph 143 of the First Amended Complaint and all allegations of wrongdoing.

144.    Defendants deny the allegations in paragraph 144 of the First Amended Complaint and all allegations of wrongdoing.

145.    Defendants deny the allegations in paragraph 145 of the First Amended Complaint and all allegations of wrongdoing.

146.    Defendants deny the allegations in paragraph 146 of the First Amended Complaint and all allegations of wrongdoing.

147.     Defendants deny the allegations in paragraph 147 of the First Amended Complaint and all allegations of wrongdoing.

148.     Defendants deny the allegations in paragraph 148 of the First Amended Complaint and all allegations of wrongdoing.

149.     Defendants deny the allegations in paragraph 149 of the First Amended Complaint and all allegations of wrongdoing.

150.     Defendants deny the allegations in paragraph 150 of the First Amended Complaint and all allegations of wrongdoing.

151.     Defendants deny the allegations in paragraph 151 of the First Amended Complaint and all allegations of wrongdoing.

152.     Defendants deny the allegations in paragraph 152 of the First Amended Complaint and all allegations of wrongdoing.

153.     Defendants deny the allegations in paragraph 153 of the First Amended Complaint and all allegations of wrongdoing.

154.     Defendants deny the allegations in paragraph 154 of the First Amended Complaint and all allegations of wrongdoing.

155.     Defendants deny the allegations in paragraph 155 of the First Amended Complaint and all allegations of wrongdoing.

156.     Defendants deny the allegations in paragraph 156 of the First Amended Complaint and all allegations of wrongdoing.

157.     Defendants deny the allegations in paragraph 157 of the First Amended Complaint and all allegations of wrongdoing.

158.     Defendants deny the allegations in paragraph 158 of the First Amended Complaint and all allegations of wrongdoing.

159.     No response is required to the allegations in paragraph 159 of the First Amended Complaint.

160.     The allegations in paragraph 160 of the First Amended Complaint contain legal conclusions to which no response is required.  Nevertheless, Defendants deny all allegations of wrongdoing.

161.     Defendants deny the allegations in paragraph 161 of the First Amended Complaint and all allegations of wrongdoing.

162.     Defendants deny the allegations in paragraph 162 of the First Amended Complaint and all allegations of wrongdoing.

163.     Defendants deny the allegations in paragraph 163 of the First Amended Complaint and all allegations of wrongdoing.

164.     Defendants deny the allegations in paragraph 164 of the First Amended Complaint and all allegations of wrongdoing.

165.     Defendants deny the allegations in paragraph 165 of the First Amended Complaint and all allegations of wrongdoing.

166.     No response is required to the allegations in paragraph 166 of the First Amended Complaint.

167.     The allegations in paragraph 167 of the First Amended Complaint contain legal conclusions to which no response is required.  Nevertheless, Defendants deny all allegations of wrongdoing.

168.     Defendants deny the allegations in paragraph 168 of the First Amended Complaint and all allegations of wrongdoing.

169.     Defendants deny the allegations in paragraph 169 of the First Amended Complaint and all allegations of wrongdoing.

170. No response is required to the allegations in paragraph 170 of the First Amended Complaint.

171. The allegations in paragraph 171 are not directed at Defendants, and no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

172. The allegations in paragraph 172 are not directed at Defendants, and no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

173. The allegations in paragraph 173 are not directed at Defendants, and no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

Defendants deny that Plaintiff is entitled to the relief that she seeks in the First Amended Complaint.

All allegations not previously admitted hereby are denied.

## THIRD DEFENSE

Plaintiff's claims against Defendants fail to state a claim upon which relief can be granted because Plaintiff cannot hold Defendants liable for the alleged violations of others on a *respondeat-superior* theory of liability.

## FOURTH DEFENSE

To the extent that Plaintiff complains regarding the actions, conduct, or response of medical personnel, those claims fall under the Tennessee Healthcare Liability Act, and Plaintiff did not properly comply with the requirements of T.C.A. § 29-26-121 and/or T.C.A. § 29-26-122.

## FIFTH DEFENSE

Plaintiff's negligence claim is barred in whole or in part by the doctrine of comparative fault, including the fault of the inmate or inmates who assaulted Twilley.

## SIXTH DEFENSE

The actions of the inmate or inmates who assaulted Twilley constitute the intervening and superseding cause of any and all injuries to Twilley.

## SEVENTH DEFENSE

Defendants' liability for punitive damages, if any, is limited by the Due Process Clause of the United States Constitution.

Defendants request that the Court dismiss the First Amended Complaint with prejudice and tax costs to Plaintiff.

Defendants demand a jury to try this cause.

Respectfully submitted,

/s/ Erin Palmer Polly
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Defendants CoreCivic of Tennessee, LLC, Martin Frink, Dennis Kaiser, and Laroderick McDavid*

21

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this April 11, 2024, on the following:

Daniel A. Horwitz
Lindsay Smith
Melissa K. Dix
Horwitz Law, PLLC
4016 Westlawn Drive
Nashville, Tennessee 37209

/s/ Erin Palmer Polly