IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| LAKENYA MCGHEE-TWILLEY, individually, and as next-of-kin to the deceased, MARKTAVIOUS TWILLEY, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case 3:23-cv-00077 |
| CORECIVIC OF TENNESSEE, LLC, as owner and operator of TROUSDALE TURNER CORRECTIONAL CENTER, and MARTIN FRINK, LARODERICK MCDAVID, DENNIS KAISER, | § § § § § § § | |
| *Defendants*. | § | |

### PLAINTIFF'S NOTICE REGARDING UNADJUDICATED MATTERS THAT PRECLUDE FINALITY

Comes now the Plaintiff, through counsel, and respectfully notifies the Court of the following:

On July 2, 2024, this Court entered an order of dismissal that directed the Clerk "to close the file." Doc. 105. Pending at the time of the Court's Order, however, were two unadjudicated sealing and protective order controversies—both involving non-parties—which survive the dismissal of the Plaintiff's underlying claims against the Defendants:

1. The still-unresolved controversies over the December 29, 2023 Motion to Seal (Doc. 35) and the Magistrate Judge's "resealing" of certain temporarily unsealed documents related to that motion (*see* Docs. 58, 64); and

2. The Plaintiff's motion for review of the Magistrate Judge's non-dispositive

June 27, 2024 Order: (1) denying a joint discovery dispute motion between the Plaintiff and the Tennessee Department of Correction related to protective order designations; (2) denying Plaintiff's motion to seal; and (3) striking the filing at Doc. 99. *See* Doc. 102.

It is not clear to the Plaintiff whether the Court's July 2, 2024 Order was intended to be construed as denying the transparency relief the Plaintiff has sought. If so, the Plaintiff intends to seek appellate relief regarding the above matters. Because the above matters have not apparently been adjudicated, though, the Plaintiff does not believe that she is presently permitted to do so. *See Nessel v. Enbridge Energy Ltd. P'ship*, No. 1:21-CV-1057, 2023 WL 2482922, at *1 (W.D. Mich. Feb. 21, 2023) ("Generally, a party may appeal only final orders or judgments.") (citing 28 U.S.C. § 1291); *Rice v. Jones*, No. 23-3373, 2023 WL 5273936, at *1 (6th Cir. June 6, 2023) ("A final order is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

For all of these reasons, the Plaintiff respectfully notifies the Court that the above matters remain unadjudicated, thereby precluding finality and closure of the file.

-2-

Case 3:23-cv-00077   Document 106   Filed 07/17/24   Page 2 of 4 PageID #: 7589

Respectfully submitted,

/s/ Daniel A. Horwitz
Daniel A. Horwitz, BPR #032176
Melissa Dix, BPR #038535
HORWITZ LAW, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
lindsay@horwitz.law
melissa@horwitz.law
(615) 739-2888

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2024, a copy of the foregoing and all exhibits and attachments were sent via CM/ECF, or via email, to:

Joe Welborn
Erin Palmer Polly
Terrence M. McKelvey
222 Second Avenue, South
Suite 1700
Nashville, Tennessee 37201
Joe.Welborn@klgates.com
Erin.Polly@klgates.com
terrence.mckelvey@klgates.com

*Counsel for Defendants*


David Wickenheiser | Assistant Attorney General
Law Enforcement and Special Prosecutions Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
615.532.7277
David.Wickenheiser@ag.tn.gov

*Counsel for District Attorney Lawson*


Toni-Ann M. Dolan | Assistant Attorney General
Office of the Tennessee Attorney General
Law Enforcement and Special Prosecutions Division
P.O. Box 20207
Nashville, TN 37202-0207
p. 615.741.6739
toni-ann.dolan@ag.tn.gov

*Counsel for the Tennessee Department of Correction*


        By: /s/ Daniel A. Horwitz
            Daniel A. Horwitz, BPR #032176

-4-

Case 3:23-cv-00077 Document 106 Filed 07/17/24 Page 4 of 4 PageID #: 7591